# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SPACE EXPLORATION
TECHNOLOGIES CORP.,

                                                    Plaintiffs - Appellants

    v.

NATIONAL LABOR RELATIONS
BOARD, a federal administrative agency,
JENNIFER ABRUZZO, in her official
capacity as the General Counsel of the
National Labor Relations Board, LAUREN
M. McFERRAN, in her official capacity as
the Chairman of the National Labor
Relations Board, MARVIN E. KAPLAN,
GWYNNE A. WILCOX, and DAVID M.
PROUTY, in their official capacities as
Board Members of the National Labor
Relations Board, and JOHN DOE in his
official capacity as an Administrative Law
Judge of the National Labor Relations
Board.

                                                    Defendants - Appellants

**MOTION TO DISMISS APPEAL FOR LACK OF JURISIDICTION
AND FOR EXPEDITED DISPOSITION PRIOR TO CONSIDERATION OF
MOTION FOR INJUNCTION PENDING APPEAL**

Appellees National Labor Relations Board et al. ("NLRB"), pursuant to Rule 27 of the Federal Rules of Appellate Procedure and the Fifth Circuit Rules, hereby move to dismiss this appeal.

1. The case below seeks to enjoin a pending administrative unfair-labor-practice proceeding ("ULP Proceeding") now before an administrative law judge ("ALJ"), in which the principal (though not sole) issue regards the firing of eight employees of Appellant Space Exploration Technologies Corp. ("SpaceX").

2. The hearing in the ULP Proceeding opened via Zoom videoconference on March 5, 2024, but has been adjourned indefinitely since then due to document-production disputes. [Administrative Law Judges Order ("Order Postponing Hearing Dates"), Apr. 16, 2024, https://www.nlrb.gov/case/31-CA-307446.] Any further in-person hearing dates in the ULP Proceeding would occur in Los Angeles, as it relates to events occurring overwhelmingly in that area.

3. On February 15, 2024 (all dates are in 2024), the district court below ordered this case transferred to the Central District of California under 28 U.S.C. § 1406(a) because no substantial part of the events giving rise to the action occurred in the Southern District of Texas. [Case No. 24-cv-0001 (S.D. Tex.), Dkt. 82.]

4. SpaceX sought to have a panel of this Court, and then the en banc Court, reverse that transfer decision via an extraordinary writ of mandamus. The panel denied SpaceX's petition for writ of mandamus on March 5, and this Court

declined to rehear the case en banc on April 17. [Case No. 24-40103 (5th Cir.), Dkt. 111-1.] In the course of that proceeding, however, the case was retransferred to the Southern District of Texas at this Court's request. [*See* Case No. 24-40103 (5th Cir.), Dkt. 46-1.]. SpaceX now seeks another bite of the appellate apple.

5. After this Court denied rehearing on SpaceX's mandamus petition, instead of accepting this Court's decision and promptly litigating the merits of its case before the proper court, SpaceX moved for reconsideration of the district court's transfer decision, or alternatively, a ruling on its pending motion for preliminary injunction prior to transfer. SpaceX did not request expedited briefing of its requests. [Case No. 24-cv-0001 (S.D. Tex.), Dkt. 112.] *Compare In re Fort Worth Chamber of Com.*, 98 F.4th 265, 271 (5th Cir. 2024) (party arguing effective denial of preliminary injunction requested expedited briefing). And it is unclear from SpaceX's filings whether it contacted the district court's case manager, as is required for "matters requiring immediate attention." [See Judge Rolando Olvera's Civil Procedures/Local Rules ¶ 2(b), https://www.txs.uscourts.gov/sites/txs/files/Judge%20Olvera%20Local%20Rules%20%28Civil%29%203-8-23.pdf].

6. In a reply in support of its motion for reconsideration to the district court, SpaceX added a new demand, asking the district court to rule on its request for preliminary relief "no later than **May 2, 2024**" (emphasis in original), pointing to a teleconference before a different ALJ—sitting as a special master—to discuss the

3

status of document production disputes set for that day. SpaceX presented no evidence it would be required to produce evidence or undertake any action beyond participating via counsel by telephone, nor did it present evidence that such participation would be impossible, impracticable, or ruinous for the company. It simply asserted, *ipse dixit*, that any administrative action of any kind whatsoever would inherently impose "irreparable constitutional injuries." [Case No. 24-cv-0001 (S.D. Tex.), Dkt. 117.]

7. Notably, SpaceX has previously participated in two such teleconferences with the ALJ acting as a special master, and it points to no injury, much less an irreparable one, arising from them. "Appeal cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction. There must be a legitimate basis for the urgency." *Fort Worth Chamber*, 98 F.4th at 272 (citations and internal quotation marks omitted).

8. No legitimate basis for SpaceX's request exists here. To have the "practical effect" of denying an injunction, SpaceX must show that the district court's decision to consider this matter in due course had a "direct impact on the merits of the controversy." *Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir. 1985); *see June Med. Servs., LLC v. Phillips*, No. 22-30425, 2022 WL 4360593, at *1-2 (5th Cir. Sept. 28, 2022) (no appellate jurisdiction to review denial of expedited consideration of motion to dissolve injunction). But here, the district court can

grant the relief SpaceX seeks in its lawsuit—including preliminarily enjoining the ULP Proceeding before it resumes in earnest for the presentation of evidence and witness testimony—so there can be no argument that the district court has somehow caused a "direct impact on the merits of the controversy." *Shanks*, 752 F.2d at 1095.

9. And here, participation in a teleconference as part of an administrative proceeding, as a matter of law and fact, is not irreparable harm. *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *accord FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980); *see also Meta Platforms, Inc. v. FTC*, No. 1:23-cv-03562-RDM, 2024 WL 1121424, at *9 (D.D.C. Mar. 15, 2024) (rejecting similar challenge to ongoing agency proceeding and explaining that "not every such 'here-and-now injury' rises to the level of gravity required to satisfy the irreparable injury prong of the preliminary injunction standard"). This is a long-recognized principle. *Bradley Lumber Co. of Ark. v. NLRB*, 84 F.2d 97, 100 (5th Cir. 1936) (participation in allegedly unconstitutional NLRB proceeding was "not irreparable damage which equity will interfere to prevent").

10. Irreparable harm is a *sine qua non* of a preliminary injunction. *See White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) ("Without question, the irreparable

harm element must be satisfied by independent proof, or no injunction may issue."). There was therefore no legitimate basis for SpaceX to impose a May 2 deadline on the district court.

11. Furthermore, the lack of irreparable harm arising from the May 2 teleconference fatally undermines SpaceX's argument that the district court effectively denied its preliminary injunction motion. As this Court noted in *Fort Worth Chamber*, "plaintiffs cannot simply say they need an expedited ruling and then appeal by claiming effective denial when they don't get it on their preferred timeline. . . . There must be a legitimate basis for the urgency." 98 F.4th at 272. In *Fort Worth Chamber*, the asserted harm consisted of "compliance costs, which the Chamber says are substantial," *id.*, including costs associated with printing and distributing disclosure materials to customers by a date certain, *id.* at 271. Here, by contrast, the harm SpaceX cited to the district court was a commonplace teleconference at which an ALJ and a court reporter will be present.

12. In any event, even on Appellant's own terms, its notice of appeal is unripe because it was filed two days before the deadline Appellant created. [Case No. 24-cv-0001 (S.D. Tex.), Dkt. 119.] But SpaceX did not seek further expedition or a temporary restraining order from the district court based on concerns its arbitrary May 2 deadline was not soon enough. It should not be permitted to obtain relief from this Court it could have sought, but failed to seek, below. Parties must "press

and not merely intimate the argument during the proceedings before the district court[.]" *FDIC v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994); *cf.* Fed. R. App. P. 8(a)(2).

13. Because the district court may well decide the question in SpaceX's favor before SpaceX suffers irreparable harm (indeed, SpaceX has presented no cognizable evidence of any irreparable harm whatsoever), this Court lacks appellate jurisdiction over the matters appealed. *In re Fort Worth Chamber of Com.*, 98 F.4th at 272; *see also Morgan v. Quarterman*, 324 F. App'x 432 (5th Cir. 2009) (dismissing unripe appeal for lack of jurisdiction).

14. Significantly, the delays SpaceX cites in relation to consideration of its preliminary injunction motion [Case No. 24-cv-0001 (S.D. Tex.), Dkt. 119, pp. 2-4] are also largely of its own making. This matter was properly ordered transferred over two months ago. Rather than accepting that decision, SpaceX chose to engage in multiple justice-delaying procedural maneuvers.

15. SpaceX thus asks for this Court to stand in the shoes of the district court and devote its limited resources to decide matters that would have been ruled upon but for its gambits.

16. Worse still, because a notice of appeal generally divests the district court of jurisdiction to decide the matters before it, *e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), this appeal will inject significant additional

7

delays, contrary to SpaceX's theory of appellate jurisdiction and its stated reasons for seeking appellate relief.

17. SpaceX has sought emergency relief from this Court. [Dkt. 10-1.] Because this Court must first satisfy itself of its own jurisdiction prior to adjudicating matters before it, *see, e.g., Arunachalam v. Uber Techs., Inc.*, No. 19-40601, 2019 WL 8301808, at *1 (5th Cir. Dec. 18, 2019) (dismissing appeal for want of jurisdiction), Appellees request that this Court dispose of this motion, on an expedited briefing schedule if necessary, **prior to entertaining SpaceX's premature request for extraordinary injunctive relief pending appeal**.

18. Because there is no jurisdiction, this appeal should be dismissed before entertaining SpaceX's request for extraordinary injunctive relief pending appeal.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance and
 Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

GRACE L. PEZZELLA
*Trial Attorney*

s/ David P. Boehm
DAVID P. BOEHM
*Trial Attorney*
David.Boehm@NLRB.gov
T: (202) 273-4202
F: (202) 273-4244
National Labor Relations Board
Contempt, Compliance, and
    Special Litigation Branch
1015 Half Street, S.E., Fourth Floor
Washington, D.C. 20003


Dated at Washington, DC.
this 1st day of May, 2024

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2024, I electronically filed the foregoing Motion to Dismiss Appeal for Lack of Jurisdiction and for Expedited Disposition Prior to Consideration of Motion for Injunction Pending Appeal with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

                                              Respectfully submitted,

                                              s/ David P. Boehm
                                              David P. Boehm
                                                Attorney
                                                (202) 273-4202
                                                David.Boehm@nlrb.gov

Dated at Washington, DC.
this 1st day of May, 2024

# CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,542 words. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Times New Roman.

                                                     s/ David P. Boehm
                                                     David P. Boehm
                                                      Attorney
                                                      (202) 273-4202
                                                      David.Boehm@nlrb.gov

Dated at Washington, DC.
this 1st day of May, 2024