# No. 24-40315

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency;
JENNIFER ABRUZZO, in her official capacity as the General Counsel of the
National Labor Relations Board; LAUREN M. MCFERRAN, in her official
capacity as the Chairman of the National Labor Relations Board;
MARVIN E. KAPLAN, in his official capacity as a Board Member of the
National Labor Relations Board; GWYNNE A. WILCOX, in her official ca-
pacity as a Board Member of the National Labor Relations Board; DA-
VID M. PROUTY, in his official capacity as a Board Member of the Na-
tional Labor Relations Board; JOHN DOE, in his official capacity as an
Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas,
No. 1:24-cv-00001, Judge Rolando Olvera

## OPPOSITION TO MOTION TO DISMISS APPEAL FOR
## LACK OF JURISDICTION

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

MICHAEL E. KENNEALLY
AMANDA L. SALZ
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration
Technologies Corp.*

# CERTIFICATE OF INTERESTED PERSONS

### *No. 24-40315, Space Exploration Tech v. NLRB*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.  Space Exploration Technologies Corp. ("SpaceX"), Plaintiff and Petitioner. SpaceX has no parent corporation and no publicly held corporation owns 10% or more of its stock.

2.  National Labor Relations Board, a federal administrative agency, Defendant and Respondent

3.  Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board, Defendant and Respondent

4.  Lauren M. McFerran, in her official capacity as Chairman of the National Labor Relations Board, Defendant and Respondent

5.  Marvin E. Kaplan, in his official capacity as Board Member of the National Labor Relations Board, Defendant and Respondent

6.     Gwynne A. Wilcox, in her official capacity as Board Member of the National Labor Relations Board, Defendant and Respondent

7.     David M. Prouty, in his official capacity as Board member of the National Labor Relations Board, Defendant and Respondent

8.     Tom Moline, *Amicus Curiae* in the underlying proceedings

9.     Deborah Lawrence, *Amicus Curiae* in the underlying proceedings

10.     Scott Beck, *Amicus Curiae* in the underlying proceedings

11.     Paige Holland-Thielen, *Amicus Curiae* in the underlying proceedings

12.     Pacific Legal Foundation, *Amicus Curiae* in the underlying proceedings

13.     Rolando Olvera, in his official capacity as United States District Judge of United States District Court for the Southern District of Texas, Brownsville Division

14.     John Doe, in his official capacity as an Administrative Law Judge of the National Labor Relations Board, Defendant[1]

---

[1] Judge Sharon L. Steckler was recently named as the ALJ in the underlying matter but has not been officially substituted by the time of

15.    United States of America, appropriates funds for and assumes debts of Defendants and Respondents

The undersigned counsel for SpaceX, separately lists the following persons as attorneys of record:

16.    Harry I. Johnson, III, Attorney for SpaceX

17.    Michael E. Kenneally, Attorney for SpaceX

18.    Catherine L. Eschbach, Attorney for SpaceX

19.    Amanda L. Salz, Attorney for SpaceX

20.    David G. Oliveira, Attorney for SpaceX

21.    Alamdar S. Hamdani, Attorney for Defendants

22.    Daniel David Hu, Attorney for Defendants

23.    Benjamin S. Lyles, Attorney for Defendants

24.    Kevin P. Flanagan, Attorney for Defendants

25.    David P. Boehm, Attorney for Defendants

26.    Paul A. Thomas, Attorney for Defendants

27.    Daniel Brasil Becker, Attorney for Defendants

28.    Grace L. Pezzella, Attorney for Defendants

---

the ruling giving rise to this motion. Judge Mara-Louis Anzalone, a second ALJ, was also named to act as Special Master.

29.    Matheus Teixeira, Attorney for Defendants

30.    Dalford Dean Owens, Jr, Attorney for Defendants

31.    Laurie Burgess, Attorney for *Amicus Curiae*

32.    Anne Shaver, Attorney for *Amicus Curiae*

33.    Nimish Desai, Attorney for *Amicus Curiae*

34.    Joshua M. Robbins, Attorney for *Amicus Curiae*

35.    Oliver J. Dunford, Attorney for *Amicus Curiae*


Dated:  May 2, 2024                    s/ Michael E. Kenneally
                                       MICHAEL E. KENNEALLY

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ..........................................i

TABLE OF AUTHORITIES ..................................................... vi

ARGUMENT .......................................................................1

I.   SpaceX is experiencing here-and-now constitutional injuries
that will increase during today's hearing. .......................................2

II.  The district court effectively denied SpaceX's motion for a
preliminary injunction. ....................................................7

    A.   SpaceX and this Court have repeatedly stressed the
importance of a prompt ruling on SpaceX's injunction
motion. ...................................................................8

    B.   SpaceX could not reasonably wait any longer for relief
from the district court. ..........................................15

CONCLUSION ...................................................................19

CERTIFICATE OF SERVICE....................................................20

CERTIFICATE OF COMPLIANCE.............................................21

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Axon Enter., Inc. v. FTC,*
 598 U.S. 175 (2023) ................................................................. *passim*

*Bradley Lumber Co. of Ark. v. NLRB,*
 84 F.2d 97 (5th Cir. 1936) ................................................................. 5

*In re Clarke,*
 94 F.4th 502 (5th Cir. 2024) ........................................................... 17

*In re Fort Worth Chamber of Com.,*
 98 F.4th 265 (5th Cir. 2024) ................................................... 2, 7, 17

*Jarkesy v. SEC,*
 34 F.4th 446 (5th Cir. 2022) ................................................. 1, 4, 5, 18

*NAACP v. Tindell,*
 90 F.4th 419 (5th Cir. 2024) ........................................................... 16

# ARGUMENT

Without this Court's intervention, Space Exploration Technologies Corp. ("SpaceX") will suffer a new and irreparable violation of its constitutional rights in just a few hours. Yet the National Labor Relations Board ("NLRB") and its officers (collectively, "Defendants") try to thwart this Court's ability to prevent this injury by arguing that SpaceX's participation in today's discovery conference before an Administrative Law Judge ("ALJ") is not important enough to warrant immediate judicial relief and this appeal. In so arguing, they defy Supreme Court and Fifth Circuit precedent, which their Motion to Dismiss never addresses.

The Supreme Court's decision in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175, 191 (2023), makes clear that "'having to appear in proceedings' before an unconstitutionally insulated ALJ" is a "here-and-now" injury that cannot be remedied after the fact and necessitates adjudication before it is "too late to be meaningful." And this Court's decision in *Jarkesy v. SEC*, 34 F.4th 446, 464 (5th Cir. 2022), holds that ALJs' "power over administrative case records" is part of what makes their removal protections unconstitutional. SpaceX's participation in today's hearing before an ALJ at 12 p.m. Pacific Time (2 p.m. Central Time) constitutes a "here-

1

and-now" injury that will be irreparable once it happens.

Given the urgency and the unique history of this four-month-old case, this Court has jurisdiction to review the district court's effective denial of SpaceX's motion for a preliminary injunction. *See In re Fort Worth Chamber of Com.*, 98 F.4th 265, 270 (5th Cir. 2024). The Court should deny Defendants' Motion to Dismiss. And it should exercise its jurisdiction to halt the administrative proceedings before the hearing scheduled for this afternoon.

## I. SpaceX is experiencing here-and-now constitutional injuries that will increase during today's hearing.

Defendants' Motion rests on the premise that SpaceX's participation in proceedings before the Board's ALJs constitutes "no injury, much less an irreparable one." Defs. Mot. 4. Yet Defendants never mention the Supreme Court's recent ruling to the contrary in *Axon*.

In *Axon*, the Supreme Court held that "being subjected to unconstitutional agency authority"—specifically including having to appear in "a proceeding by an unaccountable ALJ"—is a "here-and-now injury" that is "impossible to remedy once the proceeding is over." 598 U.S. at 191 (citations omitted). Although a circuit court can "of course vacate the [agency]'s order" after the proceeding, a "separation-of-powers claim"

challenging unconstitutional removal protections "is not about that order." *Id.* It is "about subjection to an illegitimate proceeding, led by an illegitimate decisionmaker." *Id.* Once the proceeding happens, a court cannot remedy this harm: "A proceeding that has already happened cannot be undone," and "[j]udicial review . . . would come too late to be meaningful." *Id.* at 191-92. It was for this very reason that the Supreme Court held that federal courts have jurisdiction over this type of structural constitutional claim *before* the agency proceeding happens. *See id.* at 192-96.

Unable to distinguish *Axon*, Defendants ignore it. They say nothing about the constitutional injuries SpaceX has repeatedly identified before both the district court and this Court. *See, e.g.*, D. Ct. Dkt. 37 at 17-21; D. Ct. Dkt. 117 at 2; No. 24-40103 Dkt. 2-2 at 13. Instead, they try to place an impossible burden on SpaceX that would require "evidence [SpaceX] would be required to produce evidence or undertake an[] action beyond participating via counsel by telephone" or evidence "that such participation would be impossible, impracticable, or ruinous for the company." Defs. Mot. 4. Even setting aside the strangeness of this critique— faulting *SpaceX* for not knowing what actions *Defendants'* ALJ would take today—this argument fails for three reasons.

First, SpaceX does not need to show it will be harmed by the ALJ's specific actions. That is the lesson of *Axon*. 598 U.S. at 191 ("Axon's separation-of-powers claim is not about [the agency's] order[.]"). SpaceX need only show that the ALJ will exercise authority in the illegitimate administrative proceeding (here, holding a hearing on discovery disputes). *See id.* And in any case, SpaceX has shown that the ALJ will likely make *some* significant rulings on the parties' pending discovery disputes, based in part on the ALJ's arrangement for a court reporter. *See* D. Ct. Dkt. 117. The ALJ's soon-to-be-exercised "power over [the] administrative case record[]" is part of what makes the ALJ's removal protections unconstitutional. *Jarkesy*, 34 F.4th at 464. Under *Axon* and *Jarkesy*, SpaceX does not need to know, much less prove, more than it already has. Without this Court's intervention, SpaceX will experience the irreparable harm of proceeding before an illegitimate adjudicator.[2]

---

[2] While Defendants have corrected their Motion's misstatement that SpaceX has already appeared in teleconferences before the new ALJ tasked with resolving discovery disputes, they still argue that "SpaceX previously participated in two such teleconferences with the presiding ALJ, and it points to no injury, much less an irreparable one, arising from them." Defs. May 1 Letter 2. This assertion is equally incorrect: SpaceX has continuously maintained that *all* ALJ actions it has undergone have been unconstitutional and inflicted irreparable harm.

Second, and in any event, SpaceX's emergency motion for an injunction identifies specific and irreparable economic harms that the company has already experienced while being subjected to the NLRB administrative proceedings. *See* SpaceX Mot. 24-25 (citing D. Ct. Dkt. 37-1 ¶¶ 13-17, 20) (explaining that "[p]articipation in and preparation for the NLRB proceedings is imposing significant burdens on employee time and company resources" while "SpaceX is preparing for numerous challenging missions"). Like every other step in the unconstitutionally structured administrative proceedings, today's ALJ hearing will further drain SpaceX's resources in ways that cannot be undone. And contrary to Defendants' contention (at 5), this concrete harm is not mere litigation expense, but litigation expense incurred solely because of their violation of SpaceX's constitutional rights.[3]

Third, regardless of what might occur at *today's* ALJ hearing, it is undisputed that the parties have significant, live discovery disputes that

---

[3] Defendants' reliance on *Bradley Lumber Co. of Ark. v. NLRB*, 84 F.2d 97, 100 (5th Cir. 1936), is misplaced. There, the employer was challenging the Board's jurisdiction, and the Court held that the employer could not raise that challenge in a preenforcement action. *Id.* The applicable precedents here are *Axon* and *Jarkesy*, which together show that SpaceX's request for district court relief in response to the Board proceedings' unconstitutional structure is appropriate.

would soon need resolution. D. Ct. Dkt. 117 at 4-5; D. Ct. Dkt. 119 at 4. Although designated a "special master" by the presiding ALJ, the second ALJ adjudicating these discovery disputes is exercising full and independent authority as an ALJ. D. Ct. Dkt. 117 at 1 n.1; D. Ct. Dkt. 117-2. These disputes are significant—so significant, in fact, that the Charging Parties have brought new unfair labor practice charges protesting SpaceX's efforts to obtain discovery from them—with the rulings likely to have a significant impact on the trajectory of the NLRB proceedings. D. Ct. Dkt. 117 at 4-5; D. Ct. Dkt. 119 at 4. And although these significant discovery disputes gave rise to the particular hearing that creates a need for even more urgent relief, this hearing is only part of an ongoing administrative proceeding in which the constitutional harm has been steadily building. By focusing only on today's hearing, Defendants lose the forest for the trees.

The NLRB concedes that SpaceX is set today to "participate in a teleconference scheduled for May 2 before an administrative law judge ('ALJ') sitting as a special master to resolve certain document-production

disputes arising from the underlying unfair-labor-practice case." Defs. May 1 Letter 1. Under *Axon*, that concession is enough.[4]

## II. The district court effectively denied SpaceX's motion for a preliminary injunction.

Defendants do not dispute that "[a]n effective denial of a preliminary injunction is an appealable order." *Fort Worth Chamber*, 98 F.4th at 271. And "whether a district court fails to act promptly depends entirely on context." *Id.*

Given this case's procedural history, it is clear the district court has effectively denied the preliminary injunction—which has been pending for three-and-a-half months. D. Ct. Dkt. 37. From the start, SpaceX repeatedly urged the district court to quickly rule on the preliminary injunction motion to prevent irreparable harm. And once it learned of the May 2 hearing before the second ALJ, SpaceX explained that the need for

---

[4] Moreover, even looking to the start of the live-witness portion of the hearing, the need for relief is exigent and necessitates this Court's intervention. SpaceX filed its preliminary injunction motion three-and-a-half months ago, and the hearing opened almost two months ago. The presiding ALJ has confirmed that, once these discovery disputes are resolved, "the plan is to proceed as expeditiously as possible" with the live testimony portion of the hearing. D. Ct. Dkt. 117-2.

immediate relief had become especially urgent. This urgency is not of SpaceX's making, but the NLRB's.

**A.  SpaceX and this Court have repeatedly stressed the importance of a prompt ruling on SpaceX's injunction motion.**

In its preliminary injunction motion, which SpaceX filed on January 12, 2024, SpaceX stressed that "[t]he administrative hearing [was] currently scheduled to begin on March 5, 2024, and without the requested relief, SpaceX will suffer irreparable harm." D. Ct. Dkt. 37 at 1. SpaceX attached an attorney declaration explaining that SpaceX sought an agreement from the NLRB to stay the administrative proceedings to give the district court time to address SpaceX's forthcoming preliminary injunction motion. D. Ct. Dkt. 37-2, ¶4, 6 (Eschbach Decl.). SpaceX also sought relief from the NLRB Regional Director, asking to postpone the hearing and administrative answer deadline indefinitely, or at least extend the deadline to answer to May 10 and the hearing to June 7, "to allow for resolution of the federal court litigation." D. Ct. Dkt. 37-2, ¶ 8; D. Ct. Dkt. 37-4, ¶¶ 2-10. The NLRB—despite controlling the hearing schedule and thus the need for preliminary injunctive relief—refused to

provide more time for the federal courts to address issues they acknowledged were "complex." D. Ct. Dkt. 49 at 1-2; *see generally* D. Ct. Dkt. 49-1 (Eschbach Decl.).

Then, in SpaceX's preliminary injunction reply, which it filed February 12, SpaceX requested that the district court "issue a preliminary injunction immediately, and certainly before the currently scheduled March 5, 2024 start date for the administrative hearing." D. Ct. Dkt. 79 at 1.

Similarly, in its briefing in opposition to Defendants' motion to transfer, SpaceX argued that "equitable considerations favor a speedy resolution of the preliminary injunction motion" and the district court should "issue an injunction either before or in tandem with a ruling on the venue motion." D. Ct. Dkt. 64 at 20; *see also* D. Ct. Dkts. 49 & 56.

When the district court erroneously granted the motion to transfer, SpaceX sought mandamus relief in time for the "district court [to] timely rule on the preliminary injunction motion before the March 5, 2024 start of the unconstitutionally structured NLRB hearing that SpaceX seeks to enjoin through this action." No. 24-40103, Dkt. 2-2 at 1.

In its mandamus reply, SpaceX asked for relief in the form of "order[ing] the district court to immediately vacate its transfer order and promptly rule on SpaceX's preliminary injunction motion before March 5, 2024." No. 24-40103, Dkt. 38-1 at 28. SpaceX again explained that the exigent need for preliminary injunctive relief was within the NLRB's control, and laid out the steps it had taken to protect its ability to get the issues resolved quickly and correctly—as, "[u]nlike Defendants, SpaceX ha[d] zero interest in jeopardizing courts' ability to resolve its claims before the administrative hearing." *Id.* at 16-17.

Once again, on February 23, after "Defendants [took] actions with the Central District of California to try to undermine this Court's administrative stay [of the transfer] and jeopardize the Court's ability to issue meaningful relief on SpaceX's pending petition," SpaceX asked this Court to "decide the petition as quickly as possible." No. 24-40103, Dkt. 42-1 at 2; *see also* No. 24-40103, Dkt. 47 (again asking for quick relief so that SpaceX could "receive meaningful relief on its constitutional claims before the March 5 opening of the administrative hearing").

This Court understood the urgency. On February 26, this Court responded to the procedural confusion caused by the Central District of

California's docketing of the case at Defendants' urging by ordering the district court to "immediately REQUEST that the Central District of California return the transferred case to the Southern District of Texas, Brownsville Division." No. 24-40103, Dkt. 46 at 3.

Then, when the district court failed to do so by March 1, this Court issued a letter directing the district court to provide this Court "the source of the delay," and explaining that "time is of the essence" because the "administrative proceedings against SpaceX are scheduled to begin on Tuesday, March 5, 2024." No. 24-40103, Dkt. 56. In this way, the Court itself instructed the district court of the need to move quickly in resolving these matters because, in this Court's words, "time is of the essence."

Judge Elrod's dissent from the denial of mandamus on March 5 similarly recognized the need for the district court to "rule expeditiously on the pending motion for a preliminary injunction." No. 24-40103, Dkt. 59-1 at 2, 16. That same day, the administrative hearing opened, and a Member of this Court held the mandate, keeping the administrative stay of the transfer in place. No. 24-40103, Dkt. 66. SpaceX filed its en banc petition within two days, seeking expedited relief because the hearing had opened on March 5 and its "constitutional injury grows with every

new event in the administrative proceeding." No. 24-40103, Dkt. 71 at 13-14.

Defendants' attempt to blame SpaceX for the time consumed by the mandamus proceedings is unwarranted. Although this Court ultimately denied en banc rehearing, the panel recognized that Defendants' counsel had "made some errors" through their conduct in the mandamus proceedings. No. 24-40103, Dkt. 110-1 at 1. These tactics had prompted the docketing of the case in California and the need to return the case to Texas, which created significant delay. Judge Jones's dissent, joined by five other Members of this Court, recognized that "[SpaceX] did not misrepresent facts to the courts or attempt to manipulate filing procedures," but that Defendants' attorneys had "engaged in shabby tactics to accomplish their own forum shopping result." No. 24-40103, Dkt. 111-1 at 7. SpaceX did everything possible to preserve its right to speedy relief, but Defendants undermined those efforts.

SpaceX continued to act promptly after the denial of en banc rehearing. The very same day—April 17—SpaceX moved the district court to reconsider the transfer or, alternatively, rule on the preliminary injunction motion before transfer because transfer would further delay

now-overdue relief. D. Ct. Dkt. 112. SpaceX explained that it was suffering ongoing constitutional injuries, including the fact that "[e]ach ruling on a discovery issue by an unconstitutionally insulated ALJ is a new constitutional injury which could imminently occur at any time, necessitating expeditious review of the preliminary injunction motion." *Id.* at 3 n.1. As a result, "retransferring the case without addressing the preliminary injunction motion would deny SpaceX the benefit of its requested preliminary injunction." *Id.* at 3.

Defendants responded on April 23, asking the district court to instead "immediately transmit[] the record of this proceeding to the Central District of California concurrent with its denial of reconsideration." D. Ct. Dkt. 116 at 10. When SpaceX then learned that a new ALJ proceeding had just been scheduled before the new ALJ for May 2—fixing a date certain on which it would incur new irreparable harm—SpaceX promptly asked (on April 26) that the district court "rule on the preliminary injunction before transfer and before May 2, 2024." D. Ct. Dkt. 117 at 1. SpaceX emphasized that its request for a preliminary injunction had been pending more than three months (since January 12), that the hearing had opened March 5, and that it would experience a new injury on

May 2.[5] *Id.* at 1-2, 4-5 (explaining that the May 2 ALJ hearing raised the prospect of rulings on significant discovery issues). Defendants' April 29 surreply did not deny there will be an ALJ hearing today, but instead tried to argue the "the agency proceedings that are taking place at this time require very little from Plaintiff." D. Ct. Dkt. 118. Again, Defendants requested that the district court "explicitly instruct appropriate staff to immediately transmit the record of this case concurrent with the Court's denial of reconsideration." *Id.* at 7.

Thus, at every step over the past three-and-a-half months, SpaceX has asked for a ruling on its preliminary injunction motion in time to prevent the constitutional injuries created by the same Defendants who have told this Court there is no hurry in issuing relief. Defendants do not

---

[5] Defendants' contention that SpaceX should have called the district court's case manager under the local procedures applicable to "Restraining Orders & Other Applications For Immediate Relief" ignores that the fully briefed preliminary injunction motion had been pending before the district court for months already; that SpaceX had repeatedly underscored the need for a ruling in advance of March 5; and that this Court had itself directed the district court to recognize that "time is of the essence." No. 24-40103, Dkt. 56. In addition, both parties anticipated the prospect of a prompt ruling by the district court: they fully briefed SpaceX's motion for reconsideration or, alternatively, a preliminary injunction before transfer far more quickly than the usual briefing schedule (motion filed April 17, response April 23, reply April 26, and surreply April 29).

deny that the hearing already opened March 5. Nor do they deny that there will be further proceedings before an ALJ on May 2. SpaceX has always been consistent and clear that its "constitutional injury grows with every new event in the administrative proceeding." No. 24-40103, Dkt. 71 at 14. And since the hearing officially opened on March 5—at Defendants' insistence—they cannot reasonably complain about SpaceX's efforts to enjoin further proceedings in front of an unconstitutionally protected ALJ. Defendants simply refuse to recognize that harm is incurred from every development in front of an ALJ in the now-open hearing.

### B. SpaceX could not reasonably wait any longer for relief from the district court.

Defendants argue that SpaceX should have waited longer for the district court to rule. But they fail to recognize that doing so would have eliminated SpaceX's ability to receive any timely relief from this Court before the May 2 ALJ hearing at 12 p.m. Pacific Time. SpaceX's notice of appeal explained why it could not wait longer before seeking relief from this Court. D. Ct. Dkt. No. 119 at 4 n.1. As that notice set forth, SpaceX clearly told the district court that "as of May 2, SpaceX would be certain

to incur a new constitutional injury" and, as a result, "there was an accelerated need for a preliminary injunction ruling before that date given the mere act of an unconstitutional ALJ presiding over a hearing (as well as the possibility that an unconstitutionally insulated ALJ would be issuing significant discovery rulings) would be a new irreparable constitutional injury." *Id.* at 4.

This Court has previously recognized that by the business day before the requested ruling date, a party that has not received a ruling may properly invoke appellate jurisdiction. *See NAACP v. Tindell*, 90 F.4th 419, 421-22 (5th Cir. 2024) (recognizing where ruling requested by January 1 and the district did not act by December 30, there was an effective denial creating appellate jurisdiction where relief was sought on December 31), *withdrawn and superseded on other grounds by* 95 F.4th 212 (5th Cir. 2024). That makes sense, because had SpaceX waited until May 1 or May 2, the likelihood that the clerk's office could docket the appeal, SpaceX could file its emergency motion, Defendants could respond, and this Court could consider it all before the May 2 hearing at 2 p.m. Central Time would be negligible.

And especially here, where SpaceX's motion for a preliminary injunction has been pending in the district court since January 12 and fully briefed since February 12, there can be no question that the district court had time to act on the motion. *See Fort Worth Chamber*, 98 F.4th at 271 (holding given the circumstances there was an effective denial after one month). SpaceX waited three-and-a-half months after filing its preliminary injunction motion. This is an even more clear-cut effective denial than those this Court has recently recognized. *See id* (finding an effective denial even though "only *one* month has passed since the motion for a preliminary injunction was filed"); *In re Clarke*, 94 F.4th 502, 508 (5th Cir. 2024) ("The district court, by failing to rule on the preliminary injunction for three months, effectively denied it.").

Defendants do not deny that the district court retained jurisdiction to grant a preliminary injunction after the case returned to Texas on March 5, regardless of the mandamus proceedings or stay of the district court's transfer order. But even if the district court was awaiting the mandamus proceedings' resolution, that happened on April 17, and the transfer stay was lifted that same day. Between then and the filing of

SpaceX's notice of appeal, two weeks passed, and SpaceX renewed its requests for immediate injunctive relief.

May 2 is far from an "arbitrary . . . deadline." Defs. Mot. 6. In its April 17 motion, SpaceX specifically requested a quick ruling on the preliminary injunction because of "imminent[]" discovery rulings from the second ALJ. D. Ct. Dkt. 112 at 3 n.1. SpaceX did not then have a fixed date by which it would incur this new harm, so it could not initially provide a deadline. But on April 26, immediately after SpaceX learned about the May 2 discovery conference, SpaceX highlighted that date and specifically requested a ruling before May 2. D. Ct. Dkt. 117 at 1.

Under this Court's effective-denial cases, context is key. And here, the context clearly shows an effective denial of the long-pending motion for a preliminary injunction: SpaceX is set to incur a new constitutional injury today under *Axon* and *Jarkesy*, and the district court did not act. This Court thus has jurisdiction to review the district court's effective denial and issue preliminary injunctive relief to prevent this irreparable constitutional harm.

**CONCLUSION**

For all these reasons and those stated in SpaceX's emergency motion for an injunction pending appeal, this Court should deny Defendants' motion to dismiss SpaceX's appeal for lack of jurisdiction and enjoin the pending NLRB proceedings against SpaceX.

Dated: May 2, 2024

Respectfully submitted,

s/ Michael E. Kenneally

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

MICHAEL E. KENNEALLY
AMANDA L. SALZ
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

*Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I certify that on this May 2, 2024, I electronically filed the foregoing Opposition to Motion to Dismiss Appeal for Lack of Jurisdiction with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*

# CERTIFICATE OF COMPLIANCE

1.  This response complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because this response contains 3,750 words.

2.  This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated:  May 2, 2024                                    s/ Michael E. Kenneally
                                                       MICHAEL E. KENNEALLY

                                                       *Counsel for Space Exploration
                                                       Technologies Corp.*