# No. 24-40315

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as a Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as a Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as a Board Member of the National Labor Relations Board; JOHN DOE, in his official capacity as an Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 1:24-cv-00001, Judge Rolando Olvera

## SPACEX'S OPPOSED MOTION FOR A LEVEL 1 EXTENSION FOR PLAINTIFF'S OPENING BRIEF

In accordance with Fifth Circuit Rule 31.4, Plaintiff-Appellant Space Exploration Technologies Corp. ("SpaceX") respectfully moves for a Level 1 extension of 30 days for its opening brief, which is currently due June 17, 2024, so that the new due date is July 17, 2024. Although Defendants-Appellees, the National Labor Relations Board and several of its officers (collectively, "the NLRB"), oppose this extension, there is good

cause to grant SpaceX's motion. Specifically, a 30-day extension would allow SpaceX to prepare an opening brief addressing the Supreme Court's anticipated opinion reviewing *Jarkesy v. SEC*, 34 F.4th 446, 463 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688 (2023). *See* No. 20-61007 (S. Ct.). In addition, an extension is necessary because of counsel's preexisting commitments. In support of this motion, SpaceX states as follows:

1.    On January 4, 2024, SpaceX filed this suit challenging four aspects of the NLRB's structure as unconstitutional. Compl., Dkt. 1, No. 1:24-cv-1 (S.D. Tex. Jan. 4, 2024).

2.    Two of SpaceX's claims—its challenge to the removal protections insulating NLRB administrative law judges ("ALJs") from presidential control, and its challenge to the NLRB's adjudication of private rights outside the confines of an Article III court and a trial by jury—are governed by this Court's opinion in *Jarkesy*, 34 F.4th 446. *See id.* at 10–12, 15–18; Emergency Mot. for Inj. Pending Appeal at 4–5, No. 24-40315 (5th Cir. May 1, 2024).

3.    On June 6, 2023, the Supreme Court granted certiorari to review this Court's decision in *Jarkesy*. 143 S. Ct. 2688 (2023).

4. SpaceX anticipates that the Supreme Court will issue its opinion reviewing *Jarkesy* by the end of the term—in late June or early July.

5. Without an extension, SpaceX would have little or no opportunity to address the Supreme Court's *Jarkesy* opinion in SpaceX's opening brief. This would impair SpaceX's ability to prepare an opening brief that is maximally useful to this Court's decisional process.

6. In contrast, if the Court grants a 30-day extension, SpaceX will be able to assist in this Court's decisional process by addressing the Supreme Court's opinion and any refinements it makes to this Court's analysis in that case. This would preserve the resources of the Court and all parties by reducing the need for any supplemental briefing.

7. A 30-day extension would also increase the likelihood that amici will weigh in on the significant, far-reaching issues presented in this case with the ability to discuss the most recent applicable Supreme Court authority.

8. Although SpaceX's motion is based primarily on its desire to submit an opening brief (and solicit amicus briefs in support) that fully respond to the latest precedent binding courts in this Circuit, its counsels'

other preexisting deadlines and commitments also weigh in favor of granting the requested extension.

9. Between the issuance of the briefing notice on May 8, 2024 and the current opening brief due date of June 17, 2024, SpaceX's counsel have had and continue to have numerous deadlines and commitments in other matters, including:

- Preparation for and participation in oral argument in *Scott v. Golden State FC, LLC*, No. A167221 (Cal. Ct. App.);

- Preparation for and participation in oral argument in *Singh v. Deloitte LLP*, No. 23-1108 (2d Cir.);

- Preparation for and filing of a petition for writ of certiorari in *M&K Employee Solutions, LLC v. Trustees of the IAM National Pension Fund*, No. 23-1209 (U.S.);

- Preparation for and filing a brief of intervenor in *San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Commission*, No. 23-3884 (9th Cir.);

- Preparation for and filing of a reply brief in *Mexico Infrastructure Finance, LLC v. The Corporation of Hamilton*, No. 23-7596 (2d Cir.);

- Preparation for and filing of an opening brief in *Servis One Inc. v. OKS Group LLC*, No. 24-1301 (3d Cir.)

- Preparation for and filing of an appellees' brief in *Healthy Vision Association v. Abbott*, No. 24-10245 (5th Cir.);

- Preparation for and filing of an appellees' brief in *County of Clark v. Orbitz Worldwide, LLC*, No. 24-688 (9th Cir.).

- Preparation for and filing of a response in opposition to a motion for an indicative ruling in *SpaceX v. NLRB*, No. 1:24-cv-1 (S.D. Tex.);

4

- Preparation for and filing of a reply in support of the motion for preliminary injunction in *SpaceX v. NLRB*, No. 6:24-cv-203 (W.D Tex.);

- Preparation for a response in opposition to a motion to stay in *SpaceX v. NLRB*, No. 6:24-cv-203 (W.D Tex.);

- Preparation for and participation in oral argument in *Frazier v. X Corp.*, No. 24-cv-2135 (S.D.N.Y.).

10. No prior extension has been sought by SpaceX.

11. There is no reason to deny SpaceX's request for a 30-day extension. The NLRB will not be prejudiced by this short extension because, as noted above, this will preserve all parties' resources in ensuring a streamlined presentation of the issues in light of the *Jarkesy* decision. But the lack of prejudice is all the clearer because the NLRB has currently requested that this appeal be stayed pending the district court's ruling on the pending motion for an indicative ruling, which will not be fully briefed under Judge Olvera's procedures until June 27, 2024. *See* Mot. to Stay Briefing Pending Completion of Indicative-Ruling Procedure, No. 24-40315 (5th Cir. May 29, 2024). Although SpaceX is opposed to a stay of this appeal in its entirety on the basis set forth by the NLRB (and will be filing an opposition explaining why), in conferencing on the NLRB's motion, SpaceX explained it would be seeking a 30-day extension for the filing of the opening brief, which would give the NLRB more time

to obtain a ruling from the district court without necessitating a stay or additional motions practice. Nevertheless, the NLRB has stated that it opposes this motion.

12. The NLRB cannot simultaneously take the position that this appeal should be stayed and argue that it would be prejudiced by a short 30-day extension. The extension is not being sought for purposes of delay but rather to allow an efficient briefing of the issues following imminently anticipated guidance from the Supreme Court, by both the parties and potential amici.

13. Moreover, given the rules governing amici participation and the timing of filing those briefs, SpaceX would be prejudiced if any potential amici supporting it had to file a brief by June 24 (which would be the deadline based on SpaceX's current June 17 deadline), with little to no time to address *Jarkesy*, when any amici supporting the NLRB would have a full opportunity to address how the decision applies to the issues presented by this appeal.

14. Unless otherwise directed by this Court, SpaceX will timely respond to the NLRB's motion to stay by June 10, 2024. *See* Fed. R. App. P. 27(a)(3)(A).

15. However, the merits of the stay motion should not delay this Court's grant of SpaceX's motion for a 30-day, Level 1 extension.[1]

16. Where, as here, a party has not previously sought any extension for its brief and good cause exists for extending the deadline, a Level 1 extension should be granted.

## CONCLUSION

For all these reasons, SpaceX respectfully asks that this Court extend the due date for SpaceX's opening brief by 30 days—to July 17, 2024.

---

[1] Even if the Court disagrees with SpaceX on the propriety of the stay motion, there would not be prejudice to any party from having first granted SpaceX's requested 30-day extension and the Court then later deciding to stay the case. But given that amici need sufficient notice of the deadline for their briefs, there would be prejudice to SpaceX if this Court delayed adjudicating the motion for the Level 1 extension and it was uncertain what SpaceX's deadline will be. SpaceX did not file this motion earlier because it believed—based on the NLRB's initial May 24 response to SpaceX's proposal that, in lieu of moving to stay the appeal, the NLRB hold off on additional motional practice pending a ruling on this extension motion—that the NLRB did not oppose this motion.

Dated: May 30, 2024

Respectfully submitted,

s/ Michael E. Kenneally

| | |
|---|---|
| HARRY I. JOHNSON, III<br>MORGAN, LEWIS & BOCKIUS LLP<br>2049 Century Park East, Suite 700<br>Los Angeles, CA 90067<br>(310) 255-9005 | MICHAEL E. KENNEALLY<br>AMANDA L. SALZ<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>(202) 739-3000 |
| CATHERINE L. ESCHBACH<br>MORGAN, LEWIS & BOCKIUS<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>(713) 890-5719 | *Counsel for Space Exploration Technologies Corp.* |

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 1,333 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated: May 30, 2024
s/ Michael E. Kenneally
Michael E. Kenneally

*Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF CONFERENCE

I certify that counsel for SpaceX conferred with counsel for the NLRB on May 29, 2024, who confirmed that the NLRB opposes the requested relief.

Dated: May 30, 2024                  <u>s/ Michael E. Kenneally</u>
                                                    Michael E. Kenneally

                                                    *Counsel for Space Exploration Technologies Corp.*

**CERTIFICATE OF SERVICE**

I certify that on 30th day of May, 2024, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated:  May 30, 2024

<u>s/ Michael E. Kenneally</u>
Michael E. Kenneally

*Counsel for Space Exploration Technologies Corp.*