No. 24-40315

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SPACE EXPLORATION
TECHNOLOGIES CORP.,

                        Plaintiff – Appellant,

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

                        Defendants - Appellees.

## MOTION TO RECONSIDER
## ORDER GRANTING EXTENSION OF TIME TO FILE BRIEF

Pursuant to Rule 27(b) of the Federal Rules of Appellate Procedure, Appellees National Labor Relations Board, *et al.* ("NLRB"), request

1

reconsideration of the Court's order of this date [5th Cir. ECF No. 69-2.] granting the motion of Appellant Space Exploration Technologies Corp. ("SpaceX") for a 30-day extension of time to file its principal brief.[1]

Federal law provides that "each court of the United States shall determine the order in which civil actions are heard and determined, *except* that the court *shall* expedite the consideration of . . . any action for temporary or preliminary injunctive relief[.]" 28 U.S.C. § 1657 (emphasis added). SpaceX appeals from what it claims is the district court's "effective denial" of its motion for a preliminary injunction, and SpaceX has 40 days from the filing of the record—the standard amount of time an appellant receives in an ordinary appeal, *see* Fed. R. App. P. 31(a)(2)—to submit its principal brief. [5th Cir. ECF No. 50.] SpaceX's arguments in favor of a 30-day extension are insufficient to overcome Section 1657's textual command. Because of this provision, the wide discretion courts ordinarily enjoy over their calendars is replaced here with "an obligation" to expedite this case, thanks to Congress's use of the mandatory "shall." *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) (cleaned up).

---

[1] Despite SpaceX's motion being denominated as opposed, the Court acted prior to the 10 days in which Appellees were permitted to file a response. *See* Fed. R. App. P. 27(b).

And even if this Court had discretion to grant SpaceX's request, there would be no factual basis to do so. Earlier, SpaceX requested, and this Court granted, an emergency motion for injunction pending appeal in the space of mere hours.[2] [ECF 40-2.] Now, having the benefit of that interim relief, and having already seen weeks elapse since it was granted, SpaceX seeks an additional month of delay in the adjudication of this appeal. Evidently, now that SpaceX has halted the administrative proceeding it challenges—that is, the relief SpaceX claims it was "effectively denied" below—all urgency in this matter is at an end. Yet that could not be further from the truth—every day that elapses is one spent not making progress in the NLRB's long-awaited—but now enjoined—administrative hearing to adjudicate whether eight terminated employees are entitled to their jobs back.

To be sure, the NLRB has itself sought to stay this appeal while the district court decides a motion for an indicative ruling. [5th Cir. ECF 57.] But that relief would not delay this case; it would end it, on SpaceX's own terms. If SpaceX wants to resolve this case, it can simply accept the NLRB's proposal. If the district court grants the NLRB's indicative-ruling motion, and this Court accepts that

---

[2] Earlier in this litigation, SpaceX proved capable of producing complex legal work in a matter of days or hours. [5th Cir. ECF Nos. 10, 33.] And this Court has previously ordered Appellees to provide expedited responses, including a response to a motion for injunction pending appeal in less than 24 hours and a response to a mandamus petition in less than 72 hours. [5th Cir. ECF 19; *In re Space Exploration Techs. Corp.*, 24-40103 (5th Cir. February 19, 2024).]

3

decision and remands the case accordingly, this appeal would be moot. But if the NLRB's request for an indicative ruling is denied, briefing should proceed on an expedited basis, no more than two weeks following such denial.

SpaceX counsel's other litigation commitments do not justify a one-month delay in this appeal. The actual issues on appeal are limited to whether the district court "effectively denied" SpaceX's request for a preliminary injunction, a question generic to federal appellate practice. Because this Court is "a court of review, not of first view," the legal merits of any preliminary injunction must be considered in the first instance by the district court. *Chamber of Commerce of United States of Am. v. CFPB*, No. 24-10248 (5th Cir. Apr. 30, 2024) (per curiam), slip op. at 2 (quoting *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 66 F.4th 593, 597 (5th Cir. 2023)). SpaceX is moreover represented by a firm employing hundreds of attorneys who may presumably, if necessary, be called upon to assist briefing this narrow question.[3] Or, of course, SpaceX could simply accept the NLRB's

---

[3] SpaceX does not identify which of the numerous attorneys representing it here are assigned to work on any given project it identifies as falling within the time period of this appeal; as such, it is impossible to assess whether one or more of those attorneys has sufficient time to complete SpaceX's opening appellate brief in a timely manner. At any rate, however, SpaceX—not the NLRB—demanded an injunction at firewagon speed; it cannot now be heard to complain that litigating this case at the pace it demanded will work a hardship to its lawyers.

indicative-ruling proposal—but it refuses to do so.[4]

Relatedly, SpaceX's gesturing towards the Supreme Court's anticipated decision in *Jarkesy v. SEC*, *cert. granted*, 143 S. Ct. 2688 (argued Nov. 29, 2023), is to no avail. To begin with, it is hardly a certainty that the decision in that case will provide any guidance at all on the issues presented by SpaceX's preliminary-injunction request. The correct approach is to proceed on precedent as it stands and invite supplemental briefing if and when that precedent materially changes.

But even talking about the merits of SpaceX's preliminary-injunction motion puts the cart before the horse here. Per *Chamber of Commerce*, above at 4, the *only* question at issue is whether the district court "effectively denied" a preliminary injunction request by failing to rule on it with sufficient speed. If it did, then the issues embraced by *Jarkesy* would have to be addressed in the first instance by the district court on remand. And if it did not, then the issues embraced by *Jarkesy* would *still* have to be addressed in the first instance by the district court on remand. So nothing about *Jarkesy* supports SpaceX's requested extension.

SpaceX also speculates that unknown, unnamed amici might file briefs in support of its position and additional time would aid these putative filers. (Why a

---

[4] SpaceX's statement [ECF 61, p.6] that "Unless otherwise directed by this Court, SpaceX will timely respond to the NLRB's motion to stay by June 10, 2024", i.e. the last possible day to respond to a two-page procedural motion—tips its hand here.

heavily fact bound question of what constitutes sufficient delay to amount to an "effective denial" of a preliminary-injunction motion should command such broad interest from third parties goes unexplained.) But hardship to hypothetical amici cannot countermand the explicit terms of a federal statute, and in any event, should not outweigh concrete prejudice to the government and to the statutory rights of nonparty employees. Nor does SpaceX explain how any such hardship could not be alleviated by permitting potential amici leave to file supplemental briefs at a later date.

WHEREFORE, the NLRB respectfully requests that the Court reconsider its decision and deny SpaceX's requested 30-day extension to file its principal brief.

    Respectfully submitted,

    NATIONAL LABOR RELATIONS BOARD
    *Contempt, Compliance, and*
      *Special Litigation Branch*

    KEVIN P. FLANAGAN
    *Deputy Assistant General Counsel*

    PAUL A. THOMAS
    *Supervisory Attorney*

    <u>s/ David P. Boehm</u>
    DAVID P. BOEHM
    *Trial Attorney*
    David.Boehm@NLRB.gov
    T: (202) 273-4202
    F: (202) 273-4244
    National Labor Relations Board
    Contempt, Compliance, and

Special Litigation Branch
1015 Half Street, S.E., Fourth Floor
Washington, D.C. 20003


Dated at Washington, DC.
this 3rd day of June, 2024

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 1,196 words. This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Times New Roman.

            s/ David P. Boehm
            David P. Boehm
             Attorney
             (202) 273-4202
             David.Boehm@nlrb.gov

Dated at Washington, DC.
this 3rd day of June, 2024