**No. 24-40315**

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as a Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as a Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as a Board Member of the National Labor Relations Board; JOHN DOE, in his official capacity as an Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 1:24-cv-00001, Judge Rolando Olvera

**SPACEX'S EMERGENCY MOTION
TO VACATE OR STAY THE DISTRICT COURT'S JULY 24
ORDER TRANSFERRING THIS ACTION ON AUGUST 14**

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

*Counsel for Space Exploration
Technologies Corp.*

## INTRODUCTION

SpaceX respectfully moves to vacate the district court's July 24, 2024 order (the "Order," attached as **Exhibit A**), which directs the transfer of this case to the Central District of California on August 14, 2024 despite the pendency of this appeal. Alternatively, SpaceX moves to stay the transfer pending issuance of the mandate in this appeal—which is relief that the NLRB does not oppose here and did not oppose in the district court. This Court should act quickly to protect its jurisdiction over this appeal either by entering relief under the All Writs Act, such as a writ of mandamus, or at a minimum staying the Order pending appeal. 28 U.S.C. § 1651; Fed. R. App. P. 8(a); 5th Cir. R. 27.3. Because of the impending transfer of the underlying case outside this Circuit, SpaceX respectfully requests a ruling on this motion **before Wednesday, August 14**. If necessary, the Court should enter an administrative stay in the interim.

*In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024), is squarely on point. It holds that a district court lacks jurisdiction to transfer a case during an appeal from the effective denial of a motion for a preliminary injunction. *Id.* at 537. In *Fort Worth Chamber*, this

Court vacated such a transfer order, finding that all three requirements for mandamus relief were met. After *Fort Worth Chamber*, it is even clearer that such relief is justified.

SpaceX moved in the district court for vacatur or stay of the Order on July 26, 2024. D. Ct. Dkt. 132. Both sides agreed that a stay, at a minimum, is warranted given the district court's lack of jurisdiction to transfer the case pending this appeal. Because of the short window to obtain relief and a desire to avoid requesting emergency relief from this Court, SpaceX requested a ruling from the district court by Friday, August 2, 2024. But the district court has not acted on SpaceX's motion to vacate or stay its order, so this action is scheduled to be transferred in nine days to the Central District of California. Without this Court's intervention, the status of this appeal will be impermissibly altered and this Court's ability to provide the relief requested in the appeal will be put at risk. The Court should therefore vacate or, at a minimum, stay the Order.

## BACKGROUND

In this case, SpaceX contends that an unfair labor practice proceeding against SpaceX before the National Labor Relations Board ("NLRB")

is unconstitutionally structured for multiple reasons. SpaceX moved for a preliminary injunction on January 12, 2024, and asked for relief on its motion before the NLRB proceeding it sought to enjoin opened on March 5. ROA.306. The NLRB simultaneously moved to transfer the case to the Central District of California. On February 16, a day after the district court granted the motion to transfer without ruling on the motion for a preliminary injunction, ROA.1025-29, SpaceX sought a writ of mandamus from this Court. This Court administratively stayed the transfer before it was completed. A divided panel denied mandamus relief in a one-line order and an evenly divided Court denied en banc rehearing over dissents authored by Judge Elrod and Judge Jones. ROA.1136-57.

Because the Southern District of Texas still had jurisdiction over this action, SpaceX immediately asked the district court to reconsider its transfer order based on the additional input provided by judges of this Court. ROA.1130-32. In the alternative, SpaceX requested that the district court resolve the preliminary injunction motion before transfer given the harm accumulating since March 5 and the likelihood that transfer would increase the delay. ROA.1130-32.

SpaceX then learned on April 24 that an NLRB ALJ had scheduled a May 2 hearing to address discovery issues. ROA.1182. The parties had significant and voluminous discovery disputes, so much so that a second ALJ was assigned to issue discovery rulings, which would have a large impact on the administrative proceeding. On April 26, SpaceX filed its reply in support of reconsideration. ROA.1172-78. SpaceX informed the district court of the need for an accelerated ruling on the preliminary injunction motion before the May 2 hearing. ROA.1172-78.

On April 30, SpaceX filed an interlocutory appeal of the district court's effective denial of its motion for a preliminary injunction. This Court granted an emergency motion for an injunction pending appeal. Dkt. 40. The Court also denied the NLRB's motion to dismiss the appeal, which had argued that appellate jurisdiction was lacking because there had not been an effective denial of SpaceX's motion for a preliminary injunction. Dkt. 47. This Court has thus confirmed its jurisdiction over this action until the appeal is resolved. SpaceX filed its opening brief on July 17, Dkt. 88, and the NLRB's brief is due September 16.

On Friday, May 17, the district court purported to deny the motion for reconsideration and stated it would transfer the case in 21 days. D.

Ct. Dkt. 123. But then on the next business day, Monday, May 20, without any action from the parties, the district court rescinded that order, stating "[t]he Court is awaiting input from the Fifth Circuit." D. Ct. Dkt. 125.

Nevertheless, on July 24, the district court unexpectedly entered another order denying the motion for reconsideration and ordering the transfer of the case to the Central District of California in 21 days. Ex. A (D. Ct. Dkt. 131). The Order stated that the district court had sought guidance from this Court by email as to whether it had jurisdiction to rule on the pending motion for reconsideration and had received an email back on May 21 stating: "The panel has directed that the clerk's office inform Judge Olvera that they cannot answer his question." *Id.* at 2.

In the Order, the district court doubled down on its erroneous venue analysis. As the dissenting opinions from Members of this Court have explained, the district court erred by adopting a comparative venue standard comparing the perceived significance of the events in the forum (Texas) to the events that happened elsewhere (California). *See In re Space Expl. Techs., Corp.*, 96 F.4th 733, 736 (5th Cir. 2024) (Elrod, J., dissenting); *In re Space Expl. Techs., Corp.*, 99 F.4th 233, 234 (5th Cir.

2024) (en banc) (Jones, J., dissenting). The Order below states, "the Court also had to consider the mass of events that occurred in California and elsewhere in comparison with those in Texas to determine whether the events in Texas constituted to a significant portion of the total."[1] *Id.* at 3. The district court also erroneously stated that "Plaintiff's appeal is based on separate and distinct issues, not related to the Court's transfer." *Id.* at 2. The Order then denied the motion for reconsideration and stated the case would be transferred in 21 days from the filing of the Order. *Id.* at 4.

SpaceX moved quickly to ask the district court to vacate or stay the Order. That same day, SpaceX conferred with the NLRB by email to see whether the parties could agree to filing a joint motion. Because the email conference revealed that the parties agreed that at least a stay of the transfer was warranted, SpaceX attempted over the next two days to try

---

[1] This standard injects intolerable uncertainty into what should be an objective standard over whether sufficient events or omissions occurred in a particular district. An event that would suffice to lay venue in a district in one case would not suffice in another case if the case included additional allegations or claims involving other different districts. In determining transactional venue, a district court should isolate the events occurring in that district and then undertake an analysis of whether the events occurring in the district are objectively "substantial" in their own right.

to reach agreement with the NLRB on the terms of a joint motion. On Friday, July 26, the NLRB informed SpaceX it would not agree to a joint motion, and SpaceX therefore filed its own motion to vacate or stay the stay the transfer. D. Ct. Dkt. 132 (attached as **Exhibit B**). SpaceX requested a ruling within a week—by Friday, August 2—to allow sufficient time to seek relief from this Court if necessary. Given the emergency nature of the relief sought, counsel for SpaceX called Judge Olvera's case manager on Monday morning, who confirmed the district court had received the motion and that the district court was aware SpaceX was requesting relief by August 2.

On Monday, July 29, the NLRB filed its own motion to stay the transfer and vacate certain aspects of the Order. D. Ct. Dkt. 133 (attached as **Exhibit C**). The NLRB requested a status conference in the next couple days in that motion. The NLRB also emailed the district court's case manager about the status conference. August 2 passed without a ruling from the district court on the Motions or the scheduling of a status conference.

This morning, after the parties conferenced about this motion, the NLRB again reached out to the district court's case manager to renew its

request for a status conference. The case manager responded the district court was aware of the prior request and the second request was noted.

## ARGUMENT

This Court "may issue all writs necessary or appropriate in aid of [its] respective jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651. The Court may also stay a district court order. Fed. R. App. P. 8(a); 5th Cir. R. 27.3; *All. for Hippocratic Med. v. FDA.*, No. 23-10362, 2023 WL 2913725, at *3 (5th Cir. Apr. 12, 2023) (citing *In re McKenzie*, 180 U.S. 536, 551 (1901); *Scripps-Howard Radio v. FCC*, 316 U.S. 4, 10–14 (1942)).

A district court order that "significantly change[s] the status of the appeal[]" is void for a lack of jurisdiction. *Dayton Indep. Sch. Dist. v. U.S. Mineral Products Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (quoting *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820–21 (5th Cir. 1989)). "A district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *Id.* (cleaned up). "When one aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case." *Id.*

This Court has squarely held that pending an appeal from the effective denial of a preliminary injunction—the exact scenario here—"jurisdiction to transfer the case implicates 'the aspects of the case involved on appeal' because a transfer would frustrate [the appellate court's] ability to provide meaningful relief because [it] would have no case to review." *Fort Worth Chamber*, 100 F.4th at 536. In that case, by "transferring the case while an appealable order was pending before [the appellate] court, the district court altered the status of the case as it rest[ed] before the Court of Appeals." *Id.* at 537. As a result, the transfer order was "void for want of jurisdiction," and this Court vacated the order granting the transfer. *Id.*

That same principle precluded the district court from transferring this action while SpaceX's interlocutory appeal is pending, and the same result should follow. The Order should be vacated because it is "void for want of jurisdiction." In denying the NLRB's motion to dismiss the pending appeal, this Court has agreed that the district court effectively denied SpaceX's motion for a preliminary injunction. *See* Dkt. 47. So the district court had "zero jurisdiction to do anything that alters the case's status"— including entering the Order initiating a transfer. *Fort Worth Chamber*,

100 F.4th at 531. Although the Order denied a motion to reconsider transfer rather than grant transfer in the first instance, the effect is the same: by ordering the case's transfer in 21 days, the Order would "alter[] the case's status" while the appeal is pending. Because the Order is void for lack of jurisdiction, the proper remedy is vacatur. *Id.*

In their filings before the district court and this Court, the NLRB has agreed that the interlocutory appeal deprives the district court of jurisdiction over matters involved in the appeal. The NLRB first recognized the jurisdictional implications in moving to dismiss SpaceX's interlocutory appeal. *See* Dkt. 14 ("because a notice of appeal generally divests the district court of jurisdiction to decide the matters before it, *e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), this appeal will inject significant additional delays"). The NLRB then raised similar concerns in their motion for an indicative ruling from the district court. D. Ct. Dkt. 122 at 4 ("Because the question of whether a court can or should issue an injunction preventing the NLRB from proceeding with the complained-of administrative hearing is now pending before the Fifth Circuit, this Court is without jurisdiction to grant or deny such relief."). Then, on May 17, the NLRB specifically acknowledged the district court's

lack of jurisdiction to transfer in arguing their motion for an indicative ruling. *See* D. Ct. Dkt. 124 at 2 & n.1, ECF No. 124 (expressing the NLRB's disagreement with *Fort Worth Chamber* but admitting that "it represents binding precedent" on the issue of a district court's inability to transfer a case while an appeal is pending). And most recently, in their separate motion to vacate aspects of the Order, the NLRB cited *Fort Worth Chamber* and stated that "[b]ecause SpaceX's appeal of the alleged 'effective denial' of its Motion for a Preliminary Injunction remains pending before the Fifth Circuit (Case No. 24-40315), the NLRB agrees with SpaceX that transfer should not be effectuated while the appeal is pending." Ex. C at 2. In conference on this motion, the NLRB again confirmed it does not oppose a stay of the transfer.

The identity of the district court before which an action is pending is obviously central to the case's status on appeal. Here, transfer of this case—especially to a court outside the jurisdiction of the Fifth Circuit, as in *Fort Worth Chamber*—would jeopardize this Court's ability to grant meaningful relief. It is unclear what authority this Court would have to require entry of a preliminary injunction should it decide the appeal in SpaceX's favor. Transfer would be especially concerning given the

NLRB's previous insistence to the Central District of California (during the brief time the case was docketed there) that it "is not obliged to honor" orders from this Court. No. 24-40103, Dkt. 42-1 at 1-2 (5th Cir. Feb. 23, 2024); Dkt. 47 at 1-2 (5th Cir. Feb. 27, 2024). Even if *Fort Worth Chamber* did not already control the outcome here, the facts of this case show that transfer would implicate aspects of the case on appeal and frustrate this Court's ability to grant meaningful relief. This Court should act to preserve its jurisdiction over the appeal and order the district court to vacate or stay its transfer order.

And contrary to the Order's determination, this appeal is not based on entirely "separate and distinct issues" from those raised in SpaceX's Motion for Reconsideration. To the contrary, the NLRB itself has argued that the district court's prior finding of improper venue weighs against injunctive relief (Dkt. 30 at 17-18), and SpaceX's opening brief directly addresses venue to show there are no procedural impediments to entry of preliminary injunction. (Dkt. 88 at 52-59). Again, even if venue and injunctive relief are independent legal concepts, they are clearly not "separate and distinct" here: the district court's transferring venue to the

Central District of California would directly frustrate this Court's ability to correct the district court's improper denial of injunctive relief.

## CONCLUSION & PRAYER FOR RELIEF

For all these reasons, SpaceX respectfully requests that this Court order the district court to vacate its Order or, at minimum, stay the transfer until 21 days after the mandate issues from this Court. SpaceX further requests that the Court issue such relief before August 14, 2024, the day on which the district court is set to initiate the transfer of this case.

Dated: August 5, 2024

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

Respectfully submitted,

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 2,670 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.


Dated: August 5, 2024                         s/ Michael E. Kenneally
                                              MICHAEL E. KENNEALLY

                                              *Counsel for Space Exploration*
                                              *Technologies Corp.*

## CERTIFICATE OF CONFERENCE

I certify that counsel for SpaceX conferred with counsel for the NLRB on August 5, 2024, who represented that "[w]hile the NLRB is opposed to vacating the district court's order in its entirety and while the NLRB does not concede that appellate jurisdiction exists in Case No. 24-40315, it does not oppose a stay of the transfer until this case is returned to the jurisdiction of district court by remand or order of the Fifth Circuit."

Dated: August 5, 2024

s/ Michael E. Kenneally

MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*

15

## CERTIFICATE OF SERVICE

I certify that on this 5th day of August, 2024, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated: August 5, 2024                    s/ Michael E. Kenneally

MICHAEL E. KENNEALLY

*Counsel for Space Exploration
Technologies Corp.*

# Exhibit A

United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| SPACE EXPLORATION | § | |
| TECHNOLOGIES CORP., | § | |
| "Plaintiff," | § | |
| | § | |
| v. | § | Civil Action No. 1:24-cv-00001 |
| | § | |
| NATIONAL LABOR RELATIONS | § | |
| BOARD, ET AL., | § | |
| "Defendants." | § | |

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's "Motion for Reconsideration or, in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 112) ("MTR"), Defendants' "Opposition to Plaintiff's Motion for Reconsideration, or in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 114) ("Response"), Plaintiff's "Reply in Support of Motion for Reconsideration or, in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 117) ("Reply"), and Defendants' "Surreply to Plaintiff's Motion for Reconsideration, or in the Alternative, a Ruling on its Preliminary Injunction Motion" (Dkt. No. 118) ("Surreply"). For these reasons, Plaintiff's MTR (Dkt. No. 112) is **DENIED**:

### I.    BACKGROUND

On February 15, 2024, the Court issued an order transferring this case to the Central District of California under 28 U.S.C. § 1406(a) ("Order") based on a finding that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in California, and an insignificant amount occurred in Texas. *See* Dkt. No. 82 at 4 ("The events touching this district are incidental to the principal events occurring elsewhere and constitute a relatively small portion of the total body of events."). On appeal, the Fifth Circuit denied Plaintiff's petition for writ of mandamus. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 59 (5th Cir. Mar. 5, 2024). On April 17, the Fifth Circuit also denied Plaintiff's petition for rehearing en banc. *In re Space Exploration Technologies, Corporation*, No. 24-40103, Dkt. No. 111 (5th Cir. Mar. 5, 2024). The same day, Plaintiff moved for reconsideration of the Court's Order based on the dissenting opinions in the Fifth Circuit's denials of its petitions ("Dissent"). *See* Dkt. No. 112 at 2.

On April 30, Plaintiff filed a Notice of Appeal to the Fifth Circuit based on "effective denial" of its previous Motion for Preliminary Injunction (Dkt. No. 37). Dkt. No. 119. On May 2, the Court received notice that the Fifth Circuit granted an injunction pending appeal. *Space Exploration Technologies, Corp. v. National Labor Relations Board, et al.*, No. 24-40315, Dkt. No. 40-2 (5th Cir. May 2, 2024). On May 16, the Court requested input from the Fifth Circuit on whether the Court had jurisdiction to rule on Plaintiff's pending MTR. *See* E-mail from Hon. Rolando Olvera, U.S. Dist. J., S.D. Tex., to Melissa Mattingly, Assistant Case Manager, 5th Cir. (May 16, 2024, 01:59 p.m. CST). On May 21, the panel issued its response: "The panel has directed that the clerk's office inform Judge Olvera that they cannot answer his question." *See* E-mail from Christy C. Rachal, Deputy Clerk, 5th Cir., to Law Clerk, S.D. Tex. (May 21, 2024, 10:24 a.m. CST).

Thus, the Court believes it has jurisdiction to rule on Plaintiff's MTR. Here, the Court filed its order transferring the case months before Plaintiff's notice of appeal; and Plaintiff's appeal is based on separate and distinct issues, not related to the Court's transfer. *Compare* Dkt. No. 82 *with* Dkt. No. 119.

## II.    LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Fed. R. Civ. P. ("Rule") 54(b) governs motions for reconsideration of interlocutory orders, or those not disposing of every claim or adjudicating the rights of all parties to a case. *Bellard v. Univ. of Tex. MD Anderson Cancer Ctr.*, No. 3:22-cv-88, 2023 U.S. Dist. LEXIS 180179, *5 (S.D. Tex. Aug. 2, 2023). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990). Though trial courts are granted considerable discretion, they are guided by the considerations involved under the more restrictive Rule 59(e), which applies to reconsideration of final judgments. *Flores v. Harris*, No. H-17-3817, 2019 U.S. Dist. LEXIS 119163, *5 (S.D. Tex. Jul. 17, 2019). Under Rule 59(e), "a motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered." *Id.* at *5–6.

2

## III.    DISCUSSION

Plaintiff has not alleged a compelling reason to reconsider the Court's Order. One of the main complaints in the Fifth Circuit's "Dissent" is that the Court utilized comparative language in judging whether a substantial portion of the events giving rise to the claim occurred in the Southern District of Texas. *See* Dkt. No. 113 at 5, 11–12. The "Dissent" concluded that the Court applied an impermissible "most substantial part of the events" test. *Id.* at 12. This is NOT the case.

The Court's Order cited authority stating that courts should not seek to determine the "best" venue but also that courts "should not accept venue if the activities that transpired in the forum district were insubstantial in relation to the totality of events giving rise to Plaintiff's claims." Dkt. No. 82 at 2; *see Andrade v. Chojnacki*, 934 F. Supp. 817, n. 18 (S.D. Tex. 1996) (citing *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994)). The Court did not compare the relative quality of each possible venue, but it did compare events in the Southern District of Texas with the totality of events giving rise to Plaintiff's claim.

The statute's use of the term "substantial part" invites a comparison of the part to the whole. The Court found that events in the Southern District of Texas comprised an insubstantial part of the whole and held that venue was proper in the Central District of California because a great majority or substantial part of the events giving rise to the action occurred in California. Any language directly comparing the two venues was intended to serve as an illustration of the disparity of said events.

As this determination must be made with an eye towards all relevant events, the Court also had to consider the mass of events that occurred in California and elsewhere in comparison with those in Texas to determine whether the events in Texas constituted a significant portion of the total. Venue may have been proper in the Southern District of Texas based on the alleged events occurring here in a case in which the distribution of events across districts was more even, allowing the Texas events to comprise a more substantial part of the whole. But venue was proper in the Central District of California and not the Southern District of Texas because the events in California comprised a great majority of the whole that dwarfed those in Texas.

Again, the Court's decision was based on the finding that a relatively insignificant portion of the events giving rise to the claim occurred in Texas. There was NO "better" or "best" venue analysis by the Court; said analysis would be irrelevant. The Court stands by its

3

application of the law and its decision to transfer this case. Plaintiff has not alleged a sufficient reason to reconsider the Order.

## IV.    CONCLUSION

For these reasons, Plaintiff's MTR (Dkt. No. 112) is **DENIED**. It is **ORDERED** that this case be transferred to the Central District of California 21 days from the filing of this order under 28 U.S.C. 1406(a). Defendants' "Motion for Indicative Ruling . . ." (Dkt. No. 122) is **DENIED as moot**.

Signed on this 24th day of July             2024.

Rolando Olvera
United States District Judge

# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

|  |  |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,** | |
| **Plaintiff,** | Civil Action No. 1:24-cv-00001 |
| **v.** | |
| **NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,** | |
| **Defendants.** | |

**PLAINTIFF SPACEX'S EMERGENCY MOTION TO VACATE**
**THE COURT'S JULY 24, 2024 ORDER FOR LACK OF JURISDICTION**
**AND REQUEST FOR RULING BY AUGUST 2, 2024, AND ALTERNATIVELY,**
**UNOPPOSED MOTION TO STAY THE TRANSFER**

Plaintiff Space Exploration Technologies Corp. ("SpaceX") moves to vacate this Court's

July 24, 2024 Order (Dkt. 131) (the "Order") because this Court lacked jurisdiction to enter it.

Because the Order states that the case will be transferred 21 days after the Order's entry—*i.e.*, by

August 14—SpaceX respectfully requests that this Court vacate its Order by **August 2, 2024.** This

allows time to seek relief, if necessary, from the Fifth Circuit before the 21 days runs. *See also*

Gen. Order No. 2024-2. In the alternative, SpaceX requests the transfer be stayed until the mandate

issues in Fifth Circuit appeal No. 24-40315. Defendants have represented that they **do not oppose** staying the transfer until the mandate issues.

On April 30, SpaceX filed an interlocutory appeal of this Court's effective denial of its motion for a preliminary injunction. *See* Notice of Appeal, Dkt. 119. The Fifth Circuit granted an emergency motion for an injunction pending appeal and denied Defendants' motion to dismiss the appeal, which had argued that there was no effective denial of SpaceX's motion for a preliminary injunction and therefore no appellate jurisdiction. *SpaceX v. NLRB*, No. 24-40315, Dkts. 40 & 47. The Fifth Circuit has thus assumed jurisdiction over this action until the appeal is resolved. That appeal deprived this Court of jurisdiction to issue its Order because "[a] district court does not have the power to alter the status of the case as it rests before the Court of Appeals." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 533 (5th Cir. 2024) (quoting *Dayton v. Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)).

In *Fort Worth Chamber*, the Fifth Circuit addressed another case in a nearly identical posture to this case, in which a notice of appeal was filed before an order initiating a transfer. The Fifth Circuit held that the district court's transfer order was "void for want of jurisdiction." *Id.* The Fifth Circuit explained that "by transferring the case while an appealable order was pending before our court, the district court altered the status of the case as it rests before the Court of Appeals"— something the Fifth Circuit has long recognized as outside of a district court's jurisdiction. *Id.* at 537 (quotation omitted) (collecting cases).

That same principle precludes the Court from transferring this action while SpaceX's interlocutory appeal is pending, and the Order should be vacated because it is "void for want of jurisdiction." In denying Defendants' motion to dismiss the pending appeal, the Fifth Circuit has necessarily agreed that the Court effectively denied SpaceX's motion for a preliminary injunction.

*See* No. 24-40315, Dkt. 47. So the Court had "zero jurisdiction to do anything that alters the case's status"—including entering the Order initiating a transfer. *Fort Worth Chamber*, 2024 WL 1976963, at *1. Although the Order denied a motion to reconsider transfer rather than grant transfer in the first instance, the outcome is the same: by ordering the case's transfer in 21 days, the Order would "alter[] the case's status" while the appeal is pending. Because the Order is void for lack of jurisdiction, the proper remedy is vacatur. *Id.*

In their filings before this Court and the Fifth Circuit, Defendants have agreed that the interlocutory appeal deprives this Court of jurisdiction. Defendants first recognized the jurisdictional implications in moving to dismiss SpaceX's interlocutory appeal. *See* No. 24-40315, Dkt. 14 (5th Cir. May 1, 2024) ("because a notice of appeal generally divests the district court of jurisdiction to decide the matters before it, *e.g., Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), this appeal will inject significant additional delays"). Defendants then raised similar concerns in their motion for an indicative ruling from this Court. Motion for Indicative Ruling at 4, Dkt. 122 ("Because the question of whether a court can or should issue an injunction preventing the NLRB from proceeding with the complained-of administrative hearing is now pending before the Fifth Circuit, this Court is without jurisdiction to grant or deny such relief."). Then on May 17, Defendants acknowledged the Court's lack of jurisdiction in arguing their motion for an indicative ruling. *See* Supplemental Memorandum in Support of Motion for Indicative Ruling at 2 & n.1, ECF No. 124 (expressing Defendants' disagreement with *Fort Worth Chamber* but admitting that "it represents binding precedent" on the issue of a district court's inability to transfer a case while an appeal is pending).

Further, the appeal is not based on entirely "separate and distinct issues" from those raised in SpaceX's Motion for Reconsideration. Venue issues are squarely before the Fifth Circuit on

appeal. Defendants argued to the Fifth Circuit both that (1) this Court lacked authority to rule on the preliminary injunction after it granted the motion to transfer and (2) improper venue precluded entry of SpaceX's requested preliminary injunction. *See SpaceX v. NLRB*, No. 24-40315, Dkt. 30, Opposition to Motion for Injunction Pending Appeal at 17-18 (5th Cir. May 2, 2024). And SpaceX's opening brief, which was filed July 17, fully briefs these two venue-related issues to show there was no procedural impediment to entry of preliminary injunction. No. 24-40315, Dkt. 88, Appellant's Opening Brief at 52-59 (5th Cir. July 17, 2024).

In the interests of conserving party and judicial resources, SpaceX respectfully requests that this Court vacate its Order. To ensure the issue is addressed before the case is scheduled to be transferred on August 14, 2024, SpaceX respectfully requests that this Court rule on this motion by August 2, 2024, to allow time to seek relief from the Fifth Circuit if necessary.

Although Defendants declined to join this motion, in conference they have represented they are not opposed to a stay of transfer of the case until after the Fifth Circuit has returned jurisdiction to this Court through issuance of the mandate. Thus, in the alternative, the court should at the very least grant the unopposed motion to stay the transfer until after the Fifth Circuit returns jurisdiction to this Court.

For all these reasons, SpaceX respectfully requests that this Court vacate its Order or, at minimum, stay the transfer until 21 days after the mandate issues from the Fifth Circuit. SpaceX further requests that the Court issue such relief by **August 2, 2024**.

Dated: July 26, 2024

Respectfully submitted,

By:   *s/ Catherine L. Eschbach*

**MORGAN LEWIS & BOCKIUS LLP**
Catherine L. Eschbach
Attorney-in-Charge
1000 Louisiana Street, Suite 4000
Houston, TX 77002-50006
catherine.eschbach@morganlewis.com
(713) 890-5719

Harry I. Johnson, III (*pro hac vice*)
2049 Century Park East, Suite 700
Los Angeles, CA 90067-3109
(310) 907-1000

Michael E. Kenneally (*pro hac vice*)
1111 Pennsylvania Avenue, N.W.
Washington, DC  20004-2541
michael.kenneally@morganlewis.com
(202) 739-3000

*Attorneys for Space Exploration Technologies Corp.*

## CERTIFICATE OF CONFERENCE

On July 24, 25, and 26, 2024, I conferred with Defendants' counsel by email asking if given their prior representations they would be willing to file a joint motion to vacate or stay the transfer, and then the parties conferred again by telephone on July 26, 2024. Defendants' counsel represented that while they declined to join the motion and opposed vacatur of the entire Order, they do not oppose a stay of the transfer until the appellate mandate issues. SpaceX understands that Defendants will also be separately seek relief regarding the Order.

s/ *Catherine L. Eschbach*
Catherine L. Eschbach

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification to all parties of record.

<u>*s/ Catherine L. Eschbach*</u>
Catherine L. Eschbach

# Exhibit C

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | |
|---|---|
| **SPACE EXPLORATION TECHNOLOGIES CORP.,** | |
| **Plaintiff,** | Civil Action No. 1:24-cv-00001 |
| **v.** | |
| **NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,** | |
| **Defendants.** | |

**DEFENDANTS' UNOPPOSED CROSS-MOTION
TO VACATE IN PART THE COURT'S ORDER OF JULY 24, 2024,
AND REQUEST FOR STATUS CONFERENCE**

Defendants National Labor Relations Board, *et al.* ("NLRB") move to vacate in part this

Court's Order Denying Plaintiff's Motion for Reconsideration [ECF 131]. Specifically, the

NLRB requests that the Court vacate its denial of the NLRB's Motion for Indicative Ruling

[ECF 122] as moot. The NLRB also respectfully requests a status conference as soon as possible.

The parties have conferred regarding the relief requested by this motion. Plaintiff Space

Exploration Technologies Corp. ("SpaceX") does not oppose partial vacatur of the Order

Denying Plaintiff's Motion for Reconsideration to the extent requested by this motion. In addition, SpaceX takes no position on the NLRB's request for a status conference.

Because SpaceX's appeal of the alleged "effective denial" of its Motion for a Preliminary Injunction remains pending before the Fifth Circuit (Case No. 24-40315), the NLRB agrees with SpaceX that transfer should not be effectuated while the appeal is pending. *See In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024).[1] And because of that, the NLRB's Motion for Indicative Ruling [ECF 122] is not moot and ought to be decided by this Court forthwith. As the NLRB explained in that motion, this Court has the authority to issue an indicative ruling notwithstanding the pendency of SpaceX's appeal. And should this Court grant that motion and issue the requested indicative ruling, the NLRB will then move the Fifth Circuit to remand the case back to this Court for appropriate action. Such action could include entry of the Alternative Relief Order proposed by the NLRB in its indicative-ruling motion followed by effectuation of this Court's February 15, 2024 transfer order.

In addition, because the parties are making multiple requests of this Court to act both now and in the near future, the NLRB believes a status conference is necessary. *See* Fed R. Civ. P. 16. Such a conference would provide the parties an opportunity to explain their views on how to facilitate the resolution of this case. The NLRB accordingly requests a status conference at the earliest possible date that the Court is available.

---

[1] The NLRB maintains its position that this case may be distinguished from *In re Fort Worth Chamber of Commerce* because this Court's Order Granting Defendants' Motion to Transfer Venue [ECF 82] issued on February 15, 2024, long before the filing of SpaceX's notice of appeal. However, to avoid ancillary litigation over that issue, the NLRB agrees that it is prudent to delay effectuation of the transfer order while SpaceX's appeal is pending. For this reason, the NLRB does not oppose SpaceX's request to stay that portion of this Court's Order Denying Plaintiff's Motion for Reconsideration requiring this case to be transferred on August 14, 2024.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
*Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

MATHEUS TEIXEIRA
*Trial Attorney*

*s/ David Boehm*
DAVID P. BOEHM
*Trial Attorney*
D.C. Bar No. 1033755 – *pro hac vice*
Telephone: (202) 273-4202
Email: David.Boehm@nlrb.gov

*s/ Dalford D. Owens Jr.*
DALFORD D. OWENS JR.
S.D. Tex. ID No. 1132540
State Bar No. 24060907
Telephone: (202) 273-2934
Email: Dean.Owens@nlrb.gov
*Attorney-in-Charge for Defendants*

1015 Half Street, S.E. - 4th Floor
Washington, DC 20003
Telephone: (202) 273-4202

Dated this 29th day of July, 2024.

3