# No. 24-40315

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as a Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as a Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as a Board Member of the National Labor Relations Board; JOHN DOE, in his official capacity as an Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 1:24-cv-00001, Judge Rolando Olvera

## SPACEX'S NOTICE OF DISTRICT COURT ORDER DENYING MOTION TO VACATE OR STAY THE AUGUST 14 TRANSFER

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

SpaceX hereby provides notice of the district court's August 6, 2024 order (D. Ct. Dkt. 134, attached as **Exhibit A**), denying both SpaceX's and the NLRB's respective motions to vacate or alternatively for a stay. This ruling ensures that unless this Court intervenes, the action will be transferred to the Central District of California on Wednesday, August 14, 2024, despite the pendency of this appeal.

The district court's latest order finds that *In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024), is distinguishable because the initial district court order transferring this case predated the notice of appeal. Ex. A at 1. Respectfully, this factual distinction makes no difference under *Fort Worth Chamber*'s legal rule. In that case, this Court grounded its decision in the well-settled principle that a district court lacks jurisdiction to "alter the status of the case as it rests before the Court of Appeals." 100 F.4th at 536 (citation omitted). *Fort Worth Chamber* held that action to transfer a case out of Circuit while the appeal is pending alters the case's status in this impermissible way because it jeopardizes the Court's ability to provide relief. *See id.* That reasoning equally applies here, and, respectfully, the district court's contrary reading of *Fort Worth Chamber* constitutes clear legal error.

Even on its own terms, the district court's observation that it "effected this case's transfer 75 days before Plaintiff's appeal," Ex. A at 1, discounts much of the relevant procedural history. The original transfer was stayed by this Court before the Central District of California obtained jurisdiction, and this Court ordered the district court to request the case back from the Central District of California after it was erroneously docketed there. D. Ct. Dkt. 83. The district court entered an order requesting return of the case. D. Ct. Dkt. 85. And this action was unambiguously returned the Southern District of Texas on March 5. D. Ct. Dkt. 89.

As a result, after the mandamus proceedings concluded and this Court's stay was dissolved, further action was necessary to initiate the transfer. There was no automatic reinitiation of transfer of the case—as is clear from the presence of this case in the Southern District of Texas for nearly three-and-a-half months since the dissolution of this Court's stay on April 17. *See* D. Ct. Dkt. 111. The district court needed to order transfer again to get the process started, as it has now tried to do in denying the motion for reconsideration on July 24. D. Ct. Dkt. 131. Without

such further action, this case would remain in the Southern District of Texas.

There is no dispute that the district court did not reinitiate transfer before SpaceX appealed the effective denial of the preliminary injunction motion on April 30, 2024. This Court now has exclusive jurisdiction over the appeal and has already denied the NLRB's motion to dismiss, confirming its jurisdiction. *See* Dkt. 116 at 4; *see also id.* at 9-13. Thus, just as in *Fort Worth Chamber*, there was no order of the district court or other action of the district court transferring this case out of Circuit until after the notice of appeal was filed. And more to the point, the transfer here would frustrate this Court's ability to grant effective relief in the pending appeal to the same degree as the transfer in *Fort Worth Chamber*, regardless of any difference in timing between the two cases.

The district court also raised a policy argument that a motion for reconsideration should not serve as "a tool to stall litigation." D. Ct. Dkt. 134 at 2. Whatever might be said about that argument as a general matter, such concerns are not implicated by the scenario here. As SpaceX has explained in its opening brief in this appeal, Dkt. 88 at 52-54, until transfer was both initiated by the district court and completed through

docketing in the transferee venue, the Southern District of Texas was not only a proper forum, but the *only* forum in which SpaceX could have requested a ruling on the preliminary injunction motion. Venue is not jurisdictional. New events in the administrative proceeding required relief before May 2, and the district court did not take action to reinitiate the transfer by that date. Moreover, the motion for reconsideration was fully briefed—through a surreply—by April 29. SpaceX has consistently taken swift action to protect its interests in this matter and has not attempted to stall anything.

Because the district court has confirmed that it intends to transfer this case in one week on August 14, this Court should act to preserve its jurisdiction over this appeal and vacate the order denying reconsideration (D. Ct. Dkt. 131), or at minimum stay the transfer through the conclusion of this appeal.

Dated: August 7, 2024                    Respectfully submitted,

                                         s/ Michael E. Kenneally
HARRY I. JOHNSON, III                    MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP              MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700        1111 Pennsylvania Avenue, N.W.
Los Angeles, CA 90067                    Washington, DC 20004
(310) 255-9005                           (202) 739-3000

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX 77002                        *Counsel for Space Exploration*
(713) 890-5719                           *Technologies Corp.*

# CERTIFICATE OF SERVICE

I certify that on this 7th day of August, 2024, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated: August 7, 2024

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*

# Exhibit A

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| SPACE EXPLORATION | § | |
| TECHNOLOGIES CORP., | § | |
|     "Plaintiff," | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 1:24-cv-00001 |
| | § | |
| NATIONAL LABOR RELATIONS | § | |
| BOARD, ET AL., | § | |
|     "Defendants." | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's "Emergency Motion to Vacate the Court's July 24, 2024, Order for Lack of Jurisdiction and Request for Ruling by August 2, 2024, and Alternatively, Unopposed Motion to Stay the Transfer" (Dkt. No. 132) ("Plaintiff's Motion") and "Defendants' Unopposed Cross-Motion to Vacate in Part the Court's Order of July 24, 2024, and Request for Status Conference" (Dkt. No. 133) ("Defendants' Motion").

The parties urge that *In re Fort Worth Chamber of Commerce* ("*Fort Worth*") bars the Court from denying Plaintiff's Motion for Reconsideration and completing the transfer to the Central District of California. 100 F.4th 528, 531 (5th Cir. 2024). The Fifth Circuit in *Fort Worth* held that "[o]nce a party properly appeals something a district court has done—here, the effective denial of a preliminary injunction—the district court has zero jurisdiction to do anything that alters the case's status." *Id.* But the Fifth Circuit clarified that the timing of the appeal in relation to the district court's order on the motion to transfer was critical to its decision. It stated, "Because the plaintiffs appealed the district court's effective denial of their preliminary-injunction motion *before* the district court granted the motion to transfer the case, we agree that the district court acted without jurisdiction." *In re Fort Worth Chamber of Commerce*, 100 F.4th at 531 (emphasis added). This case is thus distinguishable because Plaintiff filed their notice of appeal April 30, 2024—on a separate issue—months *after* the Court's transfer order dated February 15, 2024. *Compare* Dkt. No. 82 *with* Dkt. No. 119.

Plaintiff's Motion for Reconsideration does not alter the docket chronology.   The Court effected this case's transfer 75 days before Plaintiff's appeal  (and the Fifth Circuit denied Plaintiff's petition for writ of mandamus). *In re Space Exploration Technologies, Corporation,*

No. 24-40103, Dkt. No. 59 (5th Cir. Mar. 5, 2024). Denial of a motion for reconsideration, despite being a distinct order, does not derive from a separate action transferring the case, only a denial to revoke the original transfer. Further, motions for reconsideration should not serve as a tool to stall litigation in one venue when a court has already ruled that the case should be transferred to another.

For these reasons, Plaintiff's Motion (Dkt. No. 132) and Defendants' Motion (Dkt. No. 133) are **DENIED**. Staying the transfer is unnecessary, as the parties were given twenty-one days to appeal the Court's order should they elect said option. *See* Dkt. No. 13

Signed on this 6th day of August 2024.

Rolando Olvera
United States District Judge

2