No. 24-40315

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SPACE EXPLORATION
TECHNOLOGIES CORP.,

                                                Plaintiff – Appellant,

    v.

NATIONAL LABOR RELATIONS
BOARD, a federal administrative agency,
JENNIFER ABRUZZO, in her official
capacity as the General Counsel of the
National Labor Relations Board,
LAUREN M. McFERRAN, in her official
capacity as the Chairman of the National
Labor Relations Board, MARVIN E.
KAPLAN, GWYNNE A. WILCOX, and
DAVID M. PROUTY, in their official
capacities as Board Members of the
National Labor Relations Board, and
JOHN DOE in his official capacity as an
Administrative Law Judge of the National
Labor Relations Board,

                                                Defendants - Appellees.

**APPELLEES' RESPONSE TO APPELLANT SPACE EXPLORATION TECHNOLOGIES CORPORATION'S MOTION TO VACATE OR STAY THE DISTRICT COURT'S JULY 24, 2024 ORDER**

1

Appellees National Labor Relations Board, *et al.* ("NLRB") respond to the Emergency Motion (Cir. ECF No. 116) of Appellant Space Exploration Technologies Corp. ("SpaceX"). SpaceX seeks vacatur of the district court's July 24, 2024 order, which declined to reconsider a prior order directing the case to be transferred to the Central District of California for lack of proper venue. SpaceX fails to acknowledge—let alone meet—the high bar for the relief it seeks. Notably, this Court has already rejected SpaceX's efforts to review the district court's venue determination by way of an extraordinary writ. *In re Space Expl. Techs., Corp.*, 96 F.4th 733 (5th Cir. 2024) (*per curiam*). However, it is uncertain whether this Court's precedents permit the district court to effectuate a pre-appeal transfer order after a notice of appeal has been filed. Accordingly, any relief this Court grants should be limited solely to a stay pending appeal of that portion of the reconsideration order directing transfer to be effectuated on August 14, 2024.

## ARGUMENT

SpaceX cites the All Writs Act, 28 U.S.C. § 1651, as the authority for this Court to grant the relief it requests. [Cir. ECF No. 116 at 1, 8.] Left unstated is the legal standard it must meet to obtain the relief it

seeks. Because SpaceX requests wholesale vacatur of an otherwise non-appealable interlocutory order, it must (but fails to) show it is entitled to a writ of mandamus granting that relief. Specifically, SpaceX must show that (1) it has no other adequate means to attain its desired relief, (2) it has a clear and indisputable right to that relief, and (3) the relief is appropriate under the circumstances. Under this Court's precedents, mandamus may be warranted to block the transfer of an appealed case. Accordingly, this is the only relief SpaceX is arguably entitled to at this juncture. Because the other issues addressed in the district court's reconsideration order do not affect this Court's jurisdiction—and indeed may be taken up in the pending appeal—they are not appropriate subjects for mandamus relief. Finally, the NLRB opposes SpaceX's request for an administrative stay, because such relief is not necessary to preserve this Court's ability to decide the question before it.

I. SpaceX has not shown that it is entitled to complete vacatur of the district court's reconsideration order, particularly since that remedy may only be achieved through mandamus.

SpaceX seeks vacatur of an order entered after its interlocutory appeal was docketed in this Court. But "[o]rdinarily an interlocutory injunction appeal . . . does not defeat the power of the trial court to

3

proceed further with the case." 16 Fed. Prac. & Proc. (Wright and Miller) § 3921.2 (3d ed.). This power extends to "district court rulings that explain or clarify the preliminary injunction itself and on matters of pleading, discovery, summary judgment, settlement, trial, and contempt." *Id.* (citations omitted). Accordingly, there is no basis for SpaceX's claim that the district court's order denying reconsideration of its prior venue determination is, *in toto*, "void for want of jurisdiction." [Cir. ECF No. 116 at 9].

By relying on the All Writs Act in support of its request for relief, SpaceX tacitly acknowledges that this Court lacks appellate jurisdiction to review the order it challenges. But that statute does not authorize "ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Instead, SpaceX must show entitlement to mandamus relief that would "go only in aid of appellate jurisdiction." *Parr v. United States*, 351 U.S. 513, 520 (1956). It cannot.

The writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004); *see United States v.*

*Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc) (noting "countless expressions" for the "black-letter proposition that mandamus is an extraordinary remedy for extraordinary causes" and collecting cases). This extraordinary remedy will be granted only in "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 309 (5th Cir. 2008) (quoting *Cheney*, 542 U.S. at 380) (cleaned up). The district court's denial of reconsideration does not meet these criteria.

The Supreme Court has established three requirements that must be met before a writ of mandamus may issue. *In re Volkswagen*, 545 F.3d at 309. First, "the party seeking issuance of the writ [must] have no other adequate means to attain the [desired] relief." *Id.* (quoting *Cheney*, 542 U.S. at 380–81) (cleaned up). This helps ensure that mandamus, an extraordinary remedy, "will not be used as a substitute for the regular appeals process." *Id.* Second, "the petitioner must satisfy the burden of showing that [his] right to issuance of the writ is clear and indisputable." *Id.* Finally, "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

First, SpaceX grounds its motion, in part, in an argument that the district court's initial venue determination was erroneous. [Cir. ECF No. 116 at 6, n.1]. Challenging an order denying reconsideration of that determination amounts to a collateral attack on the initial transfer order, which this Court declined to disturb in SpaceX's prior request for mandamus relief.[1] In addition, SpaceX has already argued, in the pending appeal, that the transfer decision was erroneous. [Cir. ECF No. 88 at 54-59]. And the reconsideration order can likewise be reviewed in a separate appeal, either of a final judgment or through district court certification. While the NLRB does not agree that the propriety of the

---

[1] *See In re Space Expl. Techs. Corp.*, 96 F.4th at 733. With respect to the merits of the transfer decision, transfers based on venue being improper, rather than merely inconvenient, are generally not reviewable via mandamus. *See In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008) (distinguishing discretionary transfers under 28 U.S.C. § 1404, explaining authority suggesting "mandamus is not an appropriate remedy for an erroneous transfer order [for improper venue] under § 1406(a)"). SpaceX accordingly could have, but failed to, seek certification of an interlocutory appeal under 28 U.S.C. §1292(b). *See Ex parte Watkins*, 260 F.2d 548, 548-49 (5th Cir. 1958) (mandamus withheld because "it is not clear and undisputable that there is no adequate remedy by appeal"); *see also In re El Paso Elec. Co.*, 77 F.3d 793, 795 (5th Cir. 1996) (mandamus denied because litigant "could have sought certification from the district court"). SpaceX has not shown why the dual-gatekeeper requirement of district court certification and appellate court permission in 28 U.S.C. § 1292(b) may be bypassed here.

transfer order (or reconsideration of the same) is properly before this Court in the pending appeal, the fact that SpaceX could have pressed this issue in a separate appeal, through an orderly process of briefing and argument, is an adequate (and preferable) alternative to an extraordinary writ.

SpaceX has also failed to demonstrate it has a clear and indisputable right to the relief it seeks. The pendency of an appeal regarding a preliminary injunction does not divest a district court of authority over the action writ large. *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963). Even where additional district court findings implicate matters on appeal, they "are acceptable" so long as they "set the target in place" rather than "move the target." *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1216, n.11 (9th Cir. 2004) (cleaned up); *see Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1074 (5th Cir. 2010) (district court retains jurisdiction to deny, but not to grant, Rule 60(b) motion for relief from judgment after notice of appeal).

Here, the district court's denial of reconsideration simply clarified, but did not alter, the reasoning of its prior order. Even under ordinary

7

appellate review, reconsideration determinations by a district court will not be disturbed if "reasonable." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). This is accordingly not a case where "the district court had no legal basis to hold a particular proceeding." *United States v. Abbott*, 92 F.4th 570, 574 (5th Cir. 2024) (opinion of Willett, Elrod, Southwick, Wilson, JJ., and Richman, C.J., concurring in denial of mandamus).

Nor is the relief SpaceX requests appropriate under the circumstances. It seeks an order that would go further than what is necessary to aid this Court's appellate jurisdiction. What's more, it attempts to preempt the usual course of merits briefing and argument to obtain a ruling on an expedited timeline regarding an issue it has already addressed in its principal brief, essentially seeking two bites at the appellate apple on an issue which may not even be properly before the Court to begin with. *See* 16 Fed. Prac. & Proc. (Wright and Miller) § 3921.1 (3d ed.) ("The court of appeals is not required to go beyond the issues that must be resolved to conclude review of the injunction determination.").

## II. SpaceX is, at most, entitled to a partial stay of the district court's July 24 order under extant Fifth Circuit precedent.

With respect to SpaceX's argument that transfer should not be effectuated while this appeal is pending, the NLRB maintains its position that *In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024), does not squarely control here. *In re Fort Worth* holds that "once an appealable order is lodged before [this] court, district courts lack jurisdiction to transfer a case because it stymies [the Fifth Circuit's] ability to review." *Id.* at 537. But here, the district court's Order Granting Defendants' Motion to Transfer Venue [Dist. ECF No. 82] issued on February 15, 2024, long before SpaceX filed its notice of appeal. The district court, in an Order dated August 6, 2024 [Dist. ECF No. 134 at 1], distinguished *In re Fort Worth* on precisely these grounds. We further note that extending this doctrine in the manner advocated by SpaceX incentivizes parties to take up meritless appeals to obtain review of earlier, ordinarily non-appealable, transfer orders.

The NLRB argued below that it was nonetheless prudent to delay effectuation of the district court's February 15 transfer order while SpaceX's appeal is pending, in order to avoid ancillary litigation over the precise contours of *In re Fort Worth*. [Dist. ECF No. 133 at 2 n.1].

The district court disagreed and adhered to the reconsideration order's direction that transfer be effectuated on August 14, 2024. While a stay of the transfer would arguably be in aid of this Court's appellate jurisdiction, there remain questions about the scope of *In re Fort Worth*. SpaceX must demonstrate a clear and indisputable right to a stay in an area where the law is unsettled. The Court may determine such a right exists, but the NLRB does not concede that *In re Fort Worth* decisively answers the question.

III.  SpaceX's request for an administrative stay should be denied.

Finally, SpaceX requests an administrative stay [Cir. ECF No. 116 at 1], but such relief is not warranted because it is not necessary to preserve this Court's ability to decide the question before it. Justices of the Supreme Court have recently explained why the use of such stays beyond the point of necessity is disfavored. The purpose of an administrative stay is to "'freeze legal proceedings until the court can rule on a party's request for expedited relief.'" *United States v. Texas*, 144 S. Ct. 797, 798 (2024) (Barrett and Kavanaugh, JJ., concurring) (quoting R. Bayefsky, Administrative Stays: Power and Procedure, 97 Notre Dame L. Rev. 1941, 1942 (2022)). It is intended to "buy[] the court

time to deliberate," *id.*, and should "last no longer than necessary to make an intelligent decision" on the requested relief, *id.* at 799.

Here, the district court's July 24 Order directing transfer to be effectuated is automatically stayed for 21 days pursuant to that court's General Order 2024-02, Inter-Circuit Transfer of Cases (dated February 28, 2024). That stay preserves the status quo and obviates the need for an additional administrative stay before August 14.

## CONCLUSION

There is no basis under the All Writs Act for this Court to vacate the reconsideration order in its entirety. For the foregoing reasons, this Court should do no more than stay pending appeal that portion of the district court's July 24, 2024 reconsideration order that directs transfer to be effectuated on August 14.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD
*Contempt, Compliance, and*
 *Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

11

Matheus Teixeira
*Trial Attorney*

s/ David P. Boehm
DAVID P. BOEHM
*Trial Attorney*
David.Boehm@NLRB.gov
T: (202) 273-4202
F: (202) 273-4244
National Labor Relations Board
Contempt, Compliance, and
 Special Litigation Branch
1015 Half Street, S.E., Fourth Floor
Washington, D.C. 20003

Dated this 8th day of August, 2024