No. 24-40315

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as a Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as a Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as a Board Member of the National Labor Relations Board; JOHN DOE, in his official capacity as an Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 1:24-cv-00001, Judge Rolando Olvera

**SPACEX'S REPLY IN SUPPORT OF MOTION TO VACATE OR STAY THE AUGUST 14 TRANSFER**

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
(713) 890-5719

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

The NLRB's Response (Dkt. 126) offers no basis to distinguish this case from *In re Fort Worth Chamber of Commerce*, 100 F.4th 528 (5th Cir. 2024), and ultimately agrees (at 11) that a stay of the transfer is appropriate until the appeal concludes. The Court should timely act to protect its jurisdiction and grant SpaceX's motion to vacate or stay the transfer.

The NLRB appears to concede—albeit in somewhat mealy-mouthed terms—that transfer would jeopardize this Court's ability to provide relief in the pending appeal. Resp. 10 ("[A] stay of the transfer would arguably be in aid of this Court's appellate jurisdiction[.]"). The key point, which the NLRB does not dispute, is that the transfer "implicates 'the aspects of the case involved on appeal' because [it] would frustrate [the Court's] ability to provide meaningful relief because [the Court] would have no case to review." *Fort Worth Chamber*, 100 F.4th at 536. At most, the NLRB half-heartedly suggests that the timing of the initial grant of the transfer may support distinguishing *Fort Worth Chamber*. Resp. 9. But for the reasons explained in SpaceX's notice of the district court ruling (Dkt. 124), the district court's prior transfer attempt is irrelevant to the dispositive issue: unless this Court acts, the district court's July 24 Order will transfer the case out of Circuit before the Court resolves this

appeal. Under *Fort Worth Chamber*, it is clear error for a district court to take action to transfer a case out of Circuit while an appeal to this Court is pending.

The NLRB spends most of its response arguing about whether this Court should issue a writ of mandamus and vacate the Order or merely stay the transfer pending appeal. But *Fort Worth Chamber* is controlling on this question too and shows that vacatur is the proper remedy. *See* 100 F.4th at 538. The district court was without jurisdiction to issue the July 24 Order, and so that Order is void. *See id.* at 531 (recognizing that transfer order was "void for want of jurisdiction"); *see also, e.g., United States v. Willis*, 76 F.4th 467, 473 (5th Cir. 2023) ("[O]nce jurisdiction passes to the court of appeals, the district court generally lacks power to act with respect to matters encompassed within the appeal, and actions taken by the district court in violation of this principle are null and void." (citation omitted)).

If anything, this case is even more straightforward than *Fort Worth Chamber*. The Court's decision there clearly articulates the controlling legal principles in binding Circuit precedent. And this Court has already confirmed its jurisdiction over this appeal in denying the NLRB's motion

to dismiss. *See* Dkt. 47. Thus, it is plainly appropriate to issue a writ to vacate the Order. *See Fort Worth Chamber*, 100 F.4th at 537 (holding (1) out-of-circuit transfers satisfy first mandamus factor; (2) transfer while the district court lacked jurisdiction was clear error; (3) it was appropriate to issue writ under the circumstances).

In addition, the venue issues addressed in the district court's July 24 Order are themselves before this Court on appeal because they are intertwined with the effective denial of the preliminary injunction. *See* Dkt. 88 at 52-54. The district court's ruling that venue is improper seems to have contributed to its effective denial of SpaceX's motion for a preliminary injunction. And the July 24 Order provides further support for that conclusion. Binding precedent holds, however, that it is error for a district court to enter an order that adjudicates issues that are pending on appeal. *See, e.g.*, *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990); *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 820-21 (5th Cir. 1989); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also* Dkt. 116 at 8-13. The district court was completely divested "of its control over those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. And even the NLRB admits the

venue issues are presented to the Court by this appeal. *See* Resp. 6 ("SpaceX has already argued, in the pending appeal, that the transfer decision was erroneous."). While the NLRB disputes whether those issues are "properly before this Court in the pending appeal," Resp. 6-7, the relevant point is that this Court will determine, one way or the other, whether it should address the venue issues in the pending appeal.

The NLRB cites *Lopez Dominguez v. Gulf Coast Marine & Associates, Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010), to suggest that the district court had authority to deny reconsideration (but not to grant it). Resp. 7. But *Lopez Dominguez* simply applies the well-settled "general rule that a notice of appeal divests the district court of jurisdiction 'except to take action in aid of the appeal until the case is remanded to it by the appellate court, or to correct clerical errors under Rule 60(a).'" *Winchester v. U.S. Att'y*, 68 F.3d 947, 949 (5th Cir. 1995) (citation omitted). A denial of a Rule 60(b) motion can be in furtherance of an appeal. *See id.* Here, in contrast, nothing about the July 24 Order furthers the pending appeal.

Indeed, the district court's Order did more than simply deny reconsideration. It articulated a legal standard for proper venue—which

SpaceX maintains is an erroneous statement of the law, as several Members of this Court subsequently agreed—and then again held, under that erroneous standard, that venue was improper and that transfer would be effected in 21 days. The subject matter of this ruling was not to "explain or clarify the preliminary injunction itself" or address "matters of pleading, discovery, summary judgment, settlement, trial, and contempt." *See* 16 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3921.2 (3d ed. 2024) (footnotes omitted). The ruling opined on an issue now before this Court on appeal (or at minimum intertwined with the issues on appeal). So, as in *Fort Worth Chamber*, the proper remedy is vacatur of the entire order, as the Order was void for lack of jurisdiction.

If the Court does not vacate the Order, it should at least stay its effect pending appeal. The NLRB erroneously suggests, without any citation, that the "clear and indisputable" standard applicable to writs of mandamus also applies to requests for a stay. Resp. 10. But even outside the context of All Writs Act relief, where a stay is necessary or appropriate to protect the Court's jurisdiction, *see* 28 U.S.C. § 1651, the ordinary standard for a stay pending appeal requires only a strong showing of likelihood of success on the merits (in addition to showings of irreparable

injury, balance of equities, and public interest). *See, e.g.*, *Freedom From Religion Found., Inc. v. Mack*, 4 F.4th 306, 311 (5th Cir. 2021). Here, SpaceX has easily shown a likelihood of success on its argument that a transfer pending appeal is improper. And the Court's prior issuance of an injunction pending appeal, *see* Dkt. 40, also implies that SpaceX has established a likelihood of success on its ultimate request for a preliminary injunction. The NLRB does not dispute that the remaining traditional stay factors (irreparable injury, balance of equities, and public interest) clearly favor a stay of the transfer here.

Finally, the NLRB's opposition to an administrative stay—should this Court decide it needs more time to consider the motion—makes no sense. SpaceX is not asking for an indefinite administrative stay. It asks only that this Court preserve the status quo, which is keeping this case in the Southern District of Texas, while the Court considers SpaceX's request for vacatur or a longer stay. The NLRB provides no reason for this Court not to act to preserve its jurisdiction should this Court determine that it needs more time to consider SpaceX's request for vacatur or stay.

For all these reasons and those stated in SpaceX's prior submissions (Dkts. 116, 124), the Court should vacate the District Court's July

24 Order or at a minimum stay transfer of the district court case pending the conclusion of this appeal.

Dated: August 9, 2024    Respectfully submitted,

            s/ Michael E. Kenneally

HARRY I. JOHNSON, III    MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP  MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700 1111 Pennsylvania Avenue, N.W.
Los Angeles, CA 90067    Washington, DC 20004
(310) 255-9005      (202) 739-3000

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002     *Counsel for Space Exploration*
(713) 890-5719      *Technologies Corp.*

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 1,347 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated: August 9, 2024              <u>s/ Michael E. Kenneally</u>
                                         MICHAEL E. KENNEALLY

                                         *Counsel for Space Exploration*
                                         *Technologies Corp.*

## CERTIFICATE OF SERVICE

I certify that on this 9th day of August, 2024, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated: August 9, 2024

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*