# No. 24-40315

# In the United States Court of Appeals
## FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as a Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as a Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as a Board Member of the National Labor Relations Board; JOHN DOE, in his official capacity as an Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 1:24-cv-00001, Judge Rolando Olvera

## SPACEX'S UNOPPOSED MOTION TO EXPEDITE ORAL ARGUMENT AND SET ARGUMENT FOR NOVEMBER 8, 2024

Appellant SpaceX respectfully moves this Court to expedite oral argument in this appeal—which is fully briefed—and set argument for November 8, 2024, the date on which this Court has calendared oral argument in *Amazon.com Services LLC v. NLRB*, No. 24-50761. These two appeals present numerous overlapping issues—and involve nearly identical Defendants-Appellees—and scheduling argument before the same

panel will conserve judicial and party resources, avoid the risk of conflicting panel decisions, and result in no prejudice to any party. SpaceX has consulted with counsel for Defendants, who represented that Defendants take no position on this Motion.

As detailed below, both appeals arise in the posture of an effective denial of a motion for a preliminary injunction against NLRB proceedings. Both involve similar constitutional claims to the structure of the National Labor Relations Board ("NLRB"). And both include the NLRB, its General Counsel, its Chairman, and its three current Members among the named defendants.[1]

### *SpaceX* (No. 24-40315) procedural posture and claims:

- SpaceX filed its complaint in this action on January 4, 2024, one day after the NLRB filed an administrative complaint against SpaceX, alleging that the NLRB proceedings were unconstitutionally structured in four distinct ways:

---

[1] In addition, the *SpaceX* complaint names an administrative law judge as a John Doe defendant, and the *Amazon* complaint names the Attorney General as a defendant. But otherwise, the named defendants in each case are identical.

(1) NLRB administrative law judges ("ALJs") are unconstitutionally protected from removal by the President and thus unconstitutionally insulated from presidential control;

(2) NLRB Members are also unconstitutionally protected from removal by the President;

(3) The NLRB's adjudicative process violates the Seventh Amendment right to trial by jury; and

(4) The NLRB Members' authorization of district court prosecutions under 29 U.S.C. § 160(j), combined with their adjudication of the same accusations in administrative unfair labor practice proceedings, violates Due Process.

- After the NLRB refused to agree to stay its administrative case to allow resolution of the federal litigation, SpaceX was forced to seek a preliminary injunction on January 12 on all four constitutional claims.

- To prevent irreparable harm from appearing in front of an ALJ unconstitutionally insulated from presidential oversight

on May 2, SpaceX filed a notice of appeal from the effective denial of its motion for a preliminary injunction after business hours on April 30 to ensure the appeal would be docketed early the next day and that SpaceX could file an emergency motion before the 2 p.m. deadline imposed by Fifth Circuit Rule 27.3.

- On May 1, SpaceX filed an emergency motion for injunction pending appeal in this Court on its ALJ removal-protection and Seventh Amendment claims. The NLRB opposed and filed a motion to dismiss the appeal for lack of jurisdiction.

- On May 2, a motions panel of this Court granted SpaceX's motion for an injunction pending appeal. On May 3, the Court denied the NLRB's motion to dismiss the appeal.

- Merits briefing in this appeal finished October 7, 2024, when SpaceX filed its reply brief. SpaceX has argued on appeal that all four of its constitutional claims give rise to an entitlement to a preliminary injunction.

- SpaceX had four amicus briefs submitted in support of its arguments on appeal. The NLRB had three amicus briefs submitted in support of its arguments on appeal.
- The appeal is now fully briefed and awaiting assignment to a panel for oral argument.

***Amazon* (No. 24-50761) procedural posture and claims:**

- Amazon filed its federal complaint on September 5, 2024, and moved in the district court for a TRO and preliminary injunction on September 10.
- On September 27, Amazon filed a notice of appeal based on an effective denial of its motion for a preliminary injunction. Amazon also moved for an injunction pending appeal in this Court on three constitutional defects in the structure of the NLRB's proceedings:
    - (1) NLRB Members' removal protections;
    - (2) Denial of Seventh Amendment jury rights; and
    - (3) NLRB Members' combination of prosecutorial and adjudicative functions.

- On September 30, a motions panel of this Court granted an administrative stay of the district court and administrative proceedings. The matter was expedited to the next available merits panel, and the motion for an injunction pending appeal was carried with the case to be determined by the merits panel.
- On October 3, the Court set the appeal for argument on November 8 and set a briefing schedule: Amazon's opening brief was filed October 10; the NLRB's response brief is due October 24; and Amazon's reply is due October 31.

Given the appeals' substantive overlap and temporal proximity, assigning the appeals to the same panel will promote efficiency and avoid the risk of inconsistent results by allowing similar issues to be considered together by the same panel. Both appeals present a claim challenging NLRB Members' removal protections, a claim challenging NLRB proceedings under the Seventh Amendment, and a claim challenging the NLRB's blending of prosecutorial and adjudicative functions. Moreover, both appeals present overlapping arguments on the remaining preliminary injunction factors, irreparable harm, the balance of the equities, and

the public's interest. And jurisdiction in both appeals rests on the district courts' effective denials of motions for preliminary injunctions.

To be sure, SpaceX's appeal presents an additional claim challenging NLRB ALJs' removal protections. But given existing Fifth Circuit precedent holding that removal protections for Securities and Exchange Commission ALJs are unconstitutional, *see Jarkesy v. SEC*, 34 F.4th 446, 465 (5th Cir. 2022), this additional claim would not unduly complicate consideration of the *Amazon* appeal. In SpaceX's appeal, the parties' primary disagreement over the ALJ removal-protection claim is encompassed by their disagreement over the NLRB Member removal-protection claim. The parties mainly dispute the showing needed to prevail on *any* removal-protection claim. *See* NLRB Br. 36. That question is common to both sets of removal-protection claims (for the ALJs and for the NLRB Members). Thus, the ALJ removal-protection claim that SpaceX raises is no reason to deny this Motion.

On the contrary, considering both appeals together would allow the Court to fully explore the contours and viability of these claims. For example, the merits panel in *Amazon* might benefit from considering the perspectives offered by the amicus briefs in this appeal. Various amici

submitted four briefs in support of SpaceX's arguments and three briefs supporting the NLRB's arguments.

While having a single panel resolve both appeals would promote efficiency and consistency of results, SpaceX submits that there is no reason to formally consolidate the appeals. And at a minimum, each appellant should receive separate argument time to ensure adequate attention to the appeals' distinct characteristics. They arise from different district courts and involve different plaintiffs. Moreover, there are certain differences in the administrative proceedings and procedural histories giving rise to the two appeals, and the parties' arguments are not identical.

\*     \*     \*

For all these reasons, this Court should set oral argument in the above-captioned matter for November 8, 2024,[2] so the appeal can be considered by the same panel hearing argument in *Amazon.com Services LLC v. NLRB*, No. 24-50761.

---

[2] SpaceX's counsel are available to appear in-person or virtually for argument on November 8.

Dated: October 11, 2024					Respectfully submitted,

							s/ Michael E. Kenneally
HARRY I. JOHNSON, III					MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP				MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700			1111 Pennsylvania Avenue, N.W.
Los Angeles, CA 90067					Washington, DC 20004
(310) 255-9005						(202) 739-3000

CATHERINE L. ESCHBACH
MORGAN, LEWIS & BOCKIUS
1000 Louisiana Street, Suite 4000
Houston, TX 77002					*Counsel for Space Exploration*
(713) 890-5719						*Technologies Corp.*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 1,182 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated: October 11, 2024

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*

**CERTIFICATE OF SERVICE**

I certify that on this 11th day of October, 2024, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system.

Dated:  October 11, 2024    s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*