No. 24-40315

# In the United States Court of Appeals
### FOR THE FIFTH CIRCUIT

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,
*Plaintiff - Appellant*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency; JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board; LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board; MARVIN E. KAPLAN, in his official capacity as a Board Member of the National Labor Relations Board; GWYNNE A. WILCOX, in her official capacity as a Board Member of the National Labor Relations Board; DAVID M. PROUTY, in his official capacity as a Board Member of the National Labor Relations Board; JOHN DOE, in his official capacity as an Administrative Law Judge of the National Labor Relations Board,
*Defendants - Appellees*

On Appeal from the U.S. District Court for the Southern District of Texas, No. 1:24-cv-00001, Judge Rolando Olvera

## APPELLANT'S PETITION FOR REHEARING EN BANC

HARRY I. JOHNSON, III
MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 255-9005

MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

*Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF INTERESTED PERSONS

### No. 24-40315, Space Exploration Tech v. NLRB

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal:

1.    Space Exploration Technologies Corp. ("SpaceX"), Plaintiff and Petitioner. SpaceX has no parent corporation and no publicly held corporation owns 10% or more of its stock.

2.    National Labor Relations Board, a federal administrative agency, Defendant and Respondent

3.    Jennifer Abruzzo, in her official capacity as the General Counsel of the National Labor Relations Board, Defendant and Respondent

4.    Lauren M. McFerran, in her official capacity as Chairman of the National Labor Relations Board, Defendant and Respondent[*]

---

[*]    Lauren M. McFerran no longer serves as Chairman of the National Labor Relations Board. Defendant-Appellee Marvin E. Kaplan currently serves as Chairman.

i

5.     Marvin E. Kaplan, in his official capacity as Board Member of the National Labor Relations Board, Defendant and Respondent

6.     Gwynne A. Wilcox, in her official capacity as Board Member of the National Labor Relations Board, Defendant and Respondent[†]

7.     David M. Prouty, in his official capacity as Board member of the National Labor Relations Board, Defendant and Respondent

8.     Rolando Olvera, in his official capacity as United States District Judge of United States District Court for the Southern District of Texas, Brownsville Division

9.     John Doe, in his official capacity as an Administrative Law Judge of the National Labor Relations Board, Defendant[‡]

10.     United States of America, appropriates funds for and assumes debts of Defendants and Respondents

---

[†]  As of the date of this filing, Gwynne A. Wilcox no longer serves as a Member of the National Labor Relations Board.  The President removed her from office on January 27, 2025, and litigation over the removal is ongoing.

[‡]  Judge Sharon L. Steckler was named as the ALJ in the underlying matter but has not been officially substituted by the time of notice of appeal. Judge Mara-Louis Anzalone, a second ALJ, was also named to act as Special Master.

11.    Chamber of Commerce of the United States of America, *Amicus Curiae*

12.    Edwin Meese, III, Former Attorney General of the United States, *Amicus Curiae*

13.    Steven G. Calabresi, *Amicus Curiae*

14.    Gary S. Lawson, *Amicus Curiae*

15.    Landmark Legal Foundation, *Amicus Curiae*

16.    Coalition for a Democratic Workplace, *Amicus Curiae*

17.    American Federation of Labor and Congress of Industrial Organizations, *Amicus Curiae*

18.    Constitutional Accountability Center, *Amicus Curiae*

19.    Erwin Chemerinsky, Dean and Jesse H. Choper Distinguished Professor of Law at University of California, Berkeley School of Law, *Amici Curiae*

20.    Brooke D. Coleman, Vice Dean for Academic Affairs and Fredric C. Tausend, Professor of Law at Seattle University School of Law, *Amici Curiae*

21.    Maggie Gardner, Professor of Law at Cornell Law School, *Amicus Curiae*

22.    Myriam Gilles, Paul R. Verkuil Chair in Public Law at Cardozo School of Law, *Amicus Curiae*

23.    J. Maria Glover, Professor of Law at Georgetown University Law School, *Amicus Curiae*

24.    Helen Hershkoff, Herbert M. and Svetlana Wachtell Professor of Constitutional Law and Civil Liberties at New York University School of Law, *Amici Curiae*

25.    Riley T. Keenan, Assistant Professor of Law at the University of Richmond School of Law, *Amicus Curiae*

26.    David Marcus, Professor of Law at University of California, Los Angeles School of Law, *Amicus Curiae*

27.    David Noll, Professor of Law at Rutgers Law School, *Amicus Curiae*

28.    Luke Norris, Professor of Law at University of Richmond School of Law , *Amicus Curiae*

29.    Judith Resnik, Arthur Liman Professor of Law at Yale Law School , *Amicus Curiae*

30.    Adam Steinman, Robert W. Hodgkins Endowed Chairholder in Law at University of Alabama School of Law, *Amicus Curiae*

31.    David C. Vladeck, A.B. Chettle, Jr. Professor of Law at Georgetown Law School, *Amicus Curiae*

32.    Stephen I. Vladeck, Charles Alan Wright Chair in Federal Courts at the University of Texas School of Law, *Amicus Curiae*

33.    Tom Moline, *Amicus Curiae* in the underlying proceedings

34.    Deborah Lawrence, *Amicus Curiae* in the underlying proceedings

35.    Scott Beck, *Amicus Curiae* in the underlying proceedings

36.    Paige Holland-Thielen, *Amicus Curiae* in the underlying proceedings

37.    Pacific Legal Foundation, *Amicus Curiae* in the underlying proceedings

The undersigned counsel for SpaceX, separately lists the following persons as attorneys of record:

38.    Harry I. Johnson, III, Attorney for SpaceX

39.    Michael E. Kenneally, Attorney for SpaceX

40.    Morgan McGreevy, Attorney for SpaceX

41.    David G. Oliveira, Attorney for SpaceX

42.    Alamdar S. Hamdani, Attorney for Defendants

43.    Daniel David Hu, Attorney for Defendants

44.    Benjamin S. Lyles, Attorney for Defendants

45.    Kevin P. Flanagan, Attorney for Defendants

46.    David P. Boehm, Attorney for Defendants

47.    Paul A. Thomas, Attorney for Defendants

48.    Daniel Brasil Becker, Attorney for Defendants

49.    Grace L. Pezzella, Attorney for Defendants

50.    Matheus Teixeira, Attorney for Defendants

51.    Dalford Dean Owens, Jr, Attorney for Defendants

52.    Tyler J. Wiese, Attorney for Defendants

53.    Laurie Burgess, Attorney for *Amicus Curiae* Tom Moline

54.    Anne Shaver, Attorney for *Amicus Curiae* Tom Moline

55.    Nimish Desai, Attorney for *Amicus Curiae* Tom Moline

56.    Joshua M. Robbins, Attorney for *Amicus Curiae* Pacific Legal
Foundation

57.    Oliver J. Dunford, Attorney for *Amicus Curiae* Pacific Legal
Foundation

58.    Steven Engel, Attorney for *Amicus Curiae* Chamber of Commerce of the United States of America

59.    Brian Kulp, Attorney for *Amicus Curiae* Chamber of Commerce of the United States of America

60.    Michael H. McGinley, Attorney for *Amicus Curiae* Chamber of Commerce of the United States of America

61.    Kevin R. Palmer, Attorney for *Amicus Curiae* Chamber of Commerce of the United States of America

62.    Amit Ramnik Vora, Attorney for *Amici Curiae* Edwin Meese, III, Steven G. Calabresi, Gary S. Lawson, and Landmark Legal Foundation

63.    Alex T. MacDonald, Attorney for *Amicus Curiae* Coalition for a Democratic Workplace

64.    Matthew Ginsburg, Attorney for *Amicus Curiae* American Federation of Labor and Congress of Industrial Organizations

65.    Maneesh Sharma, Attorney for *Amicus Curiae* American Federation of Labor and Congress of Industrial Organizations

66.    Andrew Lyubarsky, Attorney for *Amicus Curiae* American Federation of Labor and Congress of Industrial Organizations

67.    Elizabeth B. Wydra, Attorney for *Amicus Curiae* Constitutional Accountability Center

68.    Brianne J. Gorod, Attorney for *Amicus Curiae* Constitutional Accountability Center

69.    Brian R. Frazelle, Attorney for *Amicus Curiae* Constitutional Accountability Center

70.    Margaret Hassel, Attorney for *Amicus Curiae* Constitutional Accountability Center

71.    Michael Rubin, Attorney for *Amici Curiae* Law Professors Erwin Chemerinsky, et al.

72.    Stacey M. Leyton, Attorney for *Amici Curiae* Law Professors Erwin Chemerinsky, et al.

73.    Juhyung Harold Lee, Attorney for *Amici Curiae* Law Professors Erwin Chemerinsky, et al.


Dated: April 14, 2025            s/ Michael E. Kenneally
                                MICHAEL E. KENNEALLY

# RULE 40(b)(2) STATEMENT

The merits panel's published decision warrants en banc rehearing for two reasons:

*First*, it conflicts with Fifth Circuit and Supreme Court precedent holding that appearing in unconstitutional administrative proceedings is serious harm that cannot be remedied after it occurs. *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021) (en banc), *aff'd sub nom. Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023); *Axon*, 598 U.S. 175; *Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220 (5th Cir. 2024) (citation omitted), *cert. granted on other grounds*, No. 24-413, 2025 WL 65914 (U.S. Jan. 10, 2025).

*Second*, the decision creates confusion in this Court's precedent over when a district court effectively denies a motion for a preliminary injunction. The panel described certain facts here as weighing against a finding of effective denial, even though prior panels have viewed those facts as supporting an effective denial. *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 532 (5th Cir. 2024) (district court had not ruled after one month and gave priority to transfer motion); *Clarke v. CFTC*, 74 F.4th 627, 635 (5th Cir. 2023) (district court had not ruled after three months);

*NAACP v. Tindell*, 95 F.4th 212, 215 (5th Cir. 2024) (appellants filed a notice of appeal because they not received a ruling two days before their stated deadline).

    For both reasons, rehearing en banc is necessary to restore uniformity to the Court's precedent on these questions of exceptional importance.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTERESTED PERSONS ..........................................i

RULE 40(b)(2) STATEMENT ..................................................ix

TABLE OF AUTHORITIES..................................................xii

STATEMENT OF THE ISSUES................................................ 1

STATEMENT OF THE COURSE OF PROCEEDINGS AND
    DISPOSITION OF THE CASE........................................ 1

STATEMENT OF RELEVANT FACTS....................................3

ARGUMENT AND AUTHORITIES ........................................6

I.    The panel's holding on harm conflicts with Fifth Circuit and
    Supreme Court precedent. ...........................................7

II.   The panel's holding on effective denial sows confusion in this
    Court's caselaw...........................................................13

CONCLUSION ..................................................................18

CERTIFICATE OF SERVICE................................................19

CERTIFICATE OF COMPLIANCE........................................20

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Axon Enter., Inc. v. FTC,*
598 U.S. 175 (2023) ..................................................... *passim*

*Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.,*
98 F.4th 220 (5th Cir. 2024) ............................................... 12

*Carson, v. Am. Brands, Inc.,*
450 U.S. 79 (1981) ............................................................ 12

*Clarke v. CFTC,*
74 F.4th 627 (5th Cir. 2023) .......................................... 9, 14

*Cochran v. SEC,*
20 F.4th 194 (5th Cir. 2021) ...................................... *passim*

*EEOC v. Agro Distrib., LLC,*
555 F.3d 462 (5th Cir. 2009) ............................................. 11

*EEOC v. Kerrville Bus Co.,*
925 F.2d 129 (5th Cir. 1991) ....................................... 10, 11

*In re Fort Worth Chamber of Com.,*
100 F.4th 528 (5th Cir. 2024) ................................. 14, 15, 16

*Jarkesy v. SEC,*
34 F.4th 446 (5th Cir. 2022) ............................................... 7

*NAACP v. Tindell,*
95 F.4th 212 (5th Cir. 2024) ............................................. 16

*Sherri A.D. v. Kirby,*
975 F.2d 193 (5th Cir. 1992) ............................................. 12

### STATUTE

42 U.S.C. § 2000e-5(b) ....................................................... 11

## STATEMENT OF THE ISSUES

1.    Whether the merits panel contradicted Fifth Circuit and Supreme Court precedent in holding that unconstitutional administrative proceedings do not inflict serious or irreparable harm.

2.    Whether the merits panel departed from Fifth Circuit precedent in holding that the district court did not effectively deny SpaceX's motion for a preliminary injunction.

## STATEMENT OF THE COURSE OF PROCEEDINGS
## AND DISPOSITION OF THE CASE

This appeal arises from an unconstitutional proceeding before the National Labor Relations Board ("NLRB"). In January 2024, SpaceX filed this action and moved for a preliminary injunction to block that NLRB proceeding. SpaceX argued that it needed prompt injunctive relief because appearing before an NLRB administrative law judge ("ALJ") violates its constitutional rights. But by late night April 30, 2024, with a hearing before a new ALJ set for midday on May 2, the district court still had not ruled on SpaceX's long-pending motion. So SpaceX had no choice but to appeal the district court's effective denial of that motion. *See, e.g.*, *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 532 (5th Cir. 2024) ("An effective denial of a preliminary injunction is an appealable order.").

On May 1, SpaceX's appeal was docketed, and SpaceX moved for an emergency injunction. On May 2, just minutes before the ALJ hearing was to start, the motions panel (Smith, Stewart, Oldham, JJ.) unanimously granted the injunction. Dkt. 40-2. The next day, the motions panel unanimously denied the NLRB's motion to dismiss the appeal for lack of jurisdiction. Dkt. 47-2.

But now, the merits panel (Richman, Graves, Ramirez, JJ.) has reached the opposite conclusion and dismissed the appeal for lack of jurisdiction. Dkt. 207-1 ("Panel Op."). The merits panel held that appearing in unconstitutional ALJ proceedings is not "sufficiently serious" harm to support appeal. Panel Op. 5. And the merits panel held that an effective denial had not occurred because: (1) during the three-and-a-half months that its preliminary injunction motion was pending, SpaceX appealed the district court's decision to transfer the case to California; (2) SpaceX supposedly did not seek expedited briefing or consideration from the district court; and (3) SpaceX supposedly did not give notice to the district court that it would file its appeal late in the night on April 30—less than 48 hours before the scheduled start of the May 2 hearing—to give this Court time to act. Panel Op. 7-8.

2

## STATEMENT OF RELEVANT FACTS

On January 3, 2024, the NLRB filed an administrative complaint against SpaceX, which announced that an ALJ hearing would begin two months later, on March 5. Panel Op. 2. Just one day later—January 4, 2024—SpaceX filed this action arguing that the NLRB proceedings were unconstitutional. *Id.* at 2-3. SpaceX asked the NLRB to stay its proceedings to give the court time to adjudicate the constitutional issues, but the NLRB refused. *Id.* at 3.

SpaceX moved for a preliminary injunction on January 12. *Id.* at 3; ROA.299-332. The motion stressed that the ALJ hearing would open on March 5 and that SpaceX would suffer irreparable harm without injunctive relief. ROA.306. In the following weeks, SpaceX frequently reiterated that it needed "a preliminary injunction immediately, and *certainly before the currently scheduled March 5, 2024 start date* for the administrative hearing." ROA.955 (emphasis added); *see also* ROA.468; ROA.531-32; ROA.602; ROA.1117.

The NLRB understood the importance of a ruling on the preliminary injunction "in advance of the March 5 hearing," and it tried to use that urgency to expedite its motion to transfer the case to California.

ROA.436. SpaceX responded that the district court should resolve the preliminary injunction motion before, or at the same time as, the transfer motion because SpaceX needed an injunction before the start of the ALJ hearing. ROA.464; ROA.468; ROA.476-77; ROA.499; ROA.531-32; ROA.608-09.

On February 15, the district court granted the NLRB's transfer motion without ruling on the injunction. ROA.1025-29. The next day, SpaceX sought emergency mandamus relief from this Court to enable the district court to "rule on the preliminary injunction motion before the March 5, 2024 start of the unconstitutionally structured NLRB hearing." *In re SpaceX*, No. 24-40103, Dkt. 2-2, at 1 (5th Cir. Feb. 16, 2024).

This Court administratively stayed the transfer before it was completed. No. 24-40103, Dkt. 28-1 (Feb. 19, 2024). Despite the stay, the Central District of California docketed the case, prompting this Court to direct the district court to request the case back. ROA.1030-32. Four days after that directive, the district court still had not requested the case back. That prompted the Clerk of this Court to write the district court clerk: "Time is of the essence. This is an emergency case on our docket, and administrative proceedings against SpaceX are scheduled to begin

on Tuesday, March 5, 2024." No. 24-40103, Dkt. 28-1 (Mar. 1, 2024). The district court then requested retransfer, which was finally completed on March 5. ROA.16; ROA.1040; ROA.1070. Meanwhile, NLRB counsel had urged the California court to disregard both this Court's stay order and its request for the case's return. No. 24-40103, Dkt. 103, at 12-13 (Apr. 3, 2024).

With the case back in this Circuit, a divided panel issued a one-line order denying mandamus on March 5, the day the administrative hearing opened. No. 24-40103, Dkt. 59 (Mar. 5, 2024). That same day, a judge of this Court withheld the mandate, keeping this Court's stay of the transfer in effect. Panel Op. 3-4; ROA.1127. Two days later, SpaceX petitioned for expedited en banc rehearing, again noting the need for prompt relief given the ongoing administrative proceeding. No. 24-40103, Dkt. 71 (Mar. 7, 2024). An evenly divided court denied the en banc petition on April 17 by an 8-to-8 vote and dissolved the stay of transfer. Panel Op. 3; ROA.1136-57.

Because the district court still had jurisdiction, SpaceX moved the same day for reconsideration of its transfer order, citing the analysis in Judge Elrod's and Judge Jones's dissenting opinions. ROA.1130-32. In

the alternative, SpaceX asked the district court to decide the preliminary injunction motion before transferring the case given the accumulating harm. ROA.1130-32.

On April 24, SpaceX learned that the NLRB had scheduled a May 2 hearing before a new ALJ to address discovery disputes. ROA.1182. On April 26, SpaceX filed its reply in support of reconsideration, informed the district court that it now needed a ruling before May 2 because the new hearing threatened significant discovery rulings, and repeated its request for an injunction ruling before any transfer. ROA.1172-78.

As of 10 p.m. Central Time on April 30, the district court had given no indication of when it would rule on SpaceX's January 12 motion for a preliminary injunction or SpaceX's April 17 motion for reconsideration. ROA.1196. Unable to wait any longer given its urgent need for relief, SpaceX noticed its appeal just before 11 p.m. ROA.1193-96.

## ARGUMENT AND AUTHORITIES

The merits panel held that appearing before an ALJ does not inflict sufficiently serious harm to warrant interlocutory appeal, even when the ALJ is unconstitutionally insulated from presidential control. And it held

that the district court did not effectively deny SpaceX's injunction motion. Both holdings warrant en banc correction.

## I.   The panel's holding on harm conflicts with Fifth Circuit and Supreme Court precedent.

In holding that SpaceX failed to show sufficiently serious harm to justify immediate judicial review, the panel contradicted binding precedent. SpaceX contends in this action that, under *Jarkesy v. SEC*, 34 F.4th 446, 463-65 (5th Cir. 2022), *aff'd on other grounds*, 603 U.S. 109 (2024), NLRB ALJs are unconstitutionally insulated from presidential control. This Court, sitting en banc, has ruled that "withholding judicial consideration" of such a claim, and "forcing" the plaintiff to litigate before such an ALJ, "would injure [the plaintiff]." *Cochran v. SEC*, 20 F.4th 194, 212-13 (5th Cir. 2021) (en banc), *aff'd sub nom. Axon Enter., Inc. v. FTC*, 598 U.S. 175 (2023). And what's more, this "injury is sufficiently serious to justify pre-enforcement review in federal court." *Id.* at 210 n.16.

This "sufficiently serious" injury is distinct from the mere inconvenience or expense of unwanted litigation. When a party seeks to prevent harm from undergoing a constitutionally tainted proceeding, that party "challenges the entire legitimacy of [the] proceedings, not simply the cost and annoyance." *Id.* at 209-10.

*Cochran* was unanimously affirmed in *Axon*. The Supreme Court agreed that the harm from "having to appear in proceedings before an unconstitutionally insulated ALJ" is "a here-and-now injury" that is "impossible to remedy once the proceeding is over." 598 U.S. at 191 (cleaned up). Like this Court in *Cochran*, the Supreme Court emphasized that this "'here-and-now' injury" is qualitatively different from the injury of ordinary litigation "expense." *Id.* at 192. (citation omitted). And it remains an injury "irrespective of [the process's] outcome, or of other decisions made within it." *Id.*[1]

The merits panel noted SpaceX's argument that participating in an unconstitutional proceeding is irreparable harm. Panel Op. 6. But it

---

[1] The panel thus misapprehended the nature of the injury in faulting SpaceX for "point[ing] to no consequences resulting from its participation in [two] prior teleconferences" before the first ALJ. Panel Op. 5. The constitutional injury here is having to appear *at all* before an unconstitutionally insulated ALJ irrespective of the ALJ's specific decisions. The panel similarly erred in downplaying the May 2 proceeding as a mere "teleconference." Panel Op. 5. What matters under *Cochran* and *Axon* is not the hearing format, but the ALJ's power to exercise Executive power insulated from presidential control. Regardless, the panel was wrong to minimize this hearing's importance. The ALJ had ordered a court reporter and was poised to rule on over 100 disputed discovery requests, which would have had a major impact on the proceedings. ROA.1175; ROA.1182. The prior teleconferences, in contrast, were not substantive in nature.

never addressed the binding precedent SpaceX cited for this argument, SpaceX Br. 45-46; SpaceX Reply 21-23, 31, let alone explain why that precedent is inapplicable.

The NLRB argues that *Cochran* and *Axon* are irrelevant because they address district courts' jurisdiction over constitutional challenges to agency proceedings. But *Cochran* and *Axon*'s reasoning applies equally to appellate jurisdiction under the effective-denial doctrine. Both jurisdictional inquiries turn on "the interaction between the alleged injury and the timing of review." *Axon*, 598 U.S. at 191. A plaintiff may appeal the effective denial of an injunction if it "might cause irreparable harm absent immediate appeal." *Clarke v. CFTC*, 74 F.4th 627, 635 (5th Cir. 2023). And *Cochran* and *Axon* recognize that claimants "lose their rights not to undergo the complained-of agency proceedings if they cannot assert those rights until the proceedings are over." *Axon*, 598 U.S. at 192. That is why this Court ruled that this "injury is sufficiently serious to justify pre-enforcement review in federal court." *Cochran*, 20 F.4th at 210 n.16. Thus, the merits panel's view that such injuries are "not sufficiently serious to warrant interlocutory appeal" conflicts with *Cochran* and *Axon*. Panel Op. 6 (citation omitted).

Without addressing *Cochran* or *Axon*, the merits panel cited *EEOC v. Kerrville Bus Co.*, 925 F.2d 129, 133 (5th Cir. 1991), which supposedly found that "defending charges brought by an agency does not constitute a 'serious, perhaps irreparable, consequence.'" Panel Op. 6 (quoting *Kerrville*, 925 F.2d at 133). But even if the 1991 panel decision in *Kerrville* stood for that proposition, it could not override the recent en banc and Supreme Court decisions in *Cochran* and *Axon*.

And in fact, *Kerrville* is widely off point. There, the Equal Employment Opportunity Commission ("EEOC") sued an employer in court, and the employer counterclaimed that the EEOC's pre-litigation investigation had violated several statutes and the Due Process Clause. *Id.* at 130-31. The employer sought to dismiss the EEOC's lawsuit and enjoin future litigation based on the same investigation. *Id.* at 131. But the district court dismissed the employer's counterclaims and allowed the EEOC lawsuit to proceed in federal court. *Id.* The Fifth Circuit then dismissed the employer's appeal from that interlocutory ruling, holding that the employer had not shown that the ruling inflicted serious or irreparable injury. *Id.* at 133. The employer had argued that it suffered injury from "having to defend the charges that resulted from the EEOC's allegedly

10

flawed investigation"—*i.e.*, having to defend the EEOC's *lawsuit. Id.* This Court, however, held that the "expense of litigation" does not justify interlocutory appeal, particularly when the litigant had tolerated the litigation "for over a year" and "never sought any preliminary injunction." *Id.* That was "strong evidence that [the employer] did not perceive any danger of irreparable injury flowing from the litigation." *Id.*

*Kerrville* thus involved assertions that ongoing *litigation* constituted irreparable harm. The merits panel seems to have misread *Kerrville* as involving a request "to enjoin an EEOC proceeding" rather than federal court litigation. Panel Op. 6. But the opinion states that the employer requested an injunction "dismissing the EEOC's *action*" and "prohibiting future *litigation.*" *Kerrville*, 925 F.2d at 131 (emphasis added).[2] *Kerrville* has no bearing on the question here—whether ongoing unconstitutional agency proceedings inflict serious or irreparable harm. Still less does *Kerrville* imply that the answer is no.

---

[2] The EEOC does not conduct formal adjudicatory proceedings against private employers the way the NLRB does. Rather, it investigates charges and engages in informal conciliation efforts as a precondition for district court litigation. 42 U.S.C. § 2000e-5(b), (f)(1); *see EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 468 (5th Cir. 2009).

Beyond *Cochran* and *Axon*, the panel decision contradicts Fifth Circuit precedent holding that unlawful administrative adjudications inflict irreparable harm supporting a preliminary injunction. *See Career Colls. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 238 (5th Cir. 2024), *cert. granted on different grounds*, No. 24-413, 2025 WL 65914 (U.S. Jan. 10, 2025) (cleaned up). When a party has "an independent right to adjudication in a constitutionally proper forum . . . subjecting them to costly and dubiously authorized administrative adjudications amounts to irreparable harm." *Id.* (citation omitted). So, if SpaceX has a right not to appear before unconstitutionally insulated ALJs, having to do so constitutes irreparable harm. That is more than enough for effective-denial jurisdiction, which requires "serious, *perhaps irreparable* consequences," *Sherri A.D. v. Kirby*, 975 F.2d 193, 203 (5th Cir. 1992) (emphasis added) (quoting *Carson, v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981)), not the more demanding proof of irreparable harm needed for a preliminary injunction.

In sum, binding precedent recognizes that SpaceX's constitutional injury is serious, irreparable, and distinct from ordinary litigation expense. Yet the panel held that this injury is not serious, irreparable, or

different from ordinary litigation expense. Even if the panel believed that this holding was confined to the standard for appeals from effective denials, the decision still creates a significant risk of confusion. After all, the opinion gives no explanation of how SpaceX's harm could suffice for original jurisdiction and a preliminary injunction, but not appellate jurisdiction from an effective denial. En banc intervention is needed.

## II.    The panel's holding on effective denial sows confusion in this Court's caselaw.

The merits panel separately held that "[t]he district court did not effectively deny the motion for injunctive relief," ostensibly because SpaceX had previously asked this Court to reverse the district court's transfer order and should have been more diligent somehow in seeking injunctive relief. Panel Op. 6-8. That holding injects major uncertainty into this Court's standards for effective-denial appeals. And three other Members of this Court (*i.e.*, the motions panel) reviewed these facts and drew the opposite conclusion. Although a motions panel ruling is not binding, an even split among the six Judges to consider the question confirms the need for clarification from the en banc Court.

This Court has found that an effective denial occurred when a district court failed to act on a preliminary injunction motion for three

13

months, *Clarke*, 74 F.4th at 635, or even just one month, *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 534 (5th Cir. 2024). The delay here was longer: when SpaceX noticed its appeal on April 30, its motion had been pending since January 12, over three and a half months.

The merits panel seemingly viewed this delay as insufficient because SpaceX petitioned for mandamus after the district court's transfer order and petitioned for en banc rehearing after the fractured panel's denial of mandamus relief. Panel Op. 7. But before SpaceX sought rehearing, a Member of this Court withheld the mandate, ROA.1127, and eventually *half* of the participating Judges voted for en banc rehearing, ROA.1136-57. The panel cited no authority for the idea that justifiably seeking appellate review of one order forfeits the right to appeal another order. At most, the panel suggested that the transfer appeal inhibited the district court's ability to enjoin the NLRB proceeding. Panel Op. 7 n.2. But that is incorrect. Enjoining the NLRB proceeding would not have interfered with this Court's ability to resolve the venue dispute, much less "alter[ed] the status of the case as it rest[ed] before th[is] Court." *Id.* (citation omitted).

The merits panel also indicated that giving transfer motions "top priority" does not effectively deny a preliminary injunction motion. Panel Op. 7 (citation omitted). But such a view is incompatible with *In re Fort Worth Chamber*, where this Court found an effective denial because the district court "chose to give its attention to [a transfer] motion." 100 F.4th at 534. The merits panel implied that *In re Fort Worth Chamber* is distinguishable because SpaceX supposedly "demonstrated no 'diligence in seeking to expedite briefing and consideration.'" Panel Op. 7 (citation omitted). But that too is incorrect. SpaceX repeatedly tried to expedite judicial consideration by submitting its filings well before their deadlines.[3] The NLRB had already made clear that it would oppose expediting SpaceX's injunction motion, ROA.477, and so filing a contested motion for expedited treatment would have only added delay.

The merits panel also ignored the second part of *In re Fort Worth Chamber*'s discussion of diligence—the appellants' "repeated requests for

---

[3] For instance, SpaceX moved for reconsideration of the district court's transfer ruling the *same day* that this Court denied rehearing. ROA.1130-32. And it filed its reconsideration reply just three days after the NLRB filed its opposition, ROA.1172-79, a week ahead of Judge Olvera's usual ten-day deadline for replies. Before that, SpaceX filed its petition for rehearing a mere two days after the panel denied mandamus. No. 24-40103, Dkt. 71 (Mar. 7, 2024).

a ruling by specific dates." 100 F.4th at 534. Here, SpaceX was clear that it needed relief before the start of the ALJ hearing on March 5, 2024, before the ALJ hearing on May 2, 2024, or otherwise as soon as possible. *See supra* pp. 3-6. And SpaceX consistently argued that the district court could, and should, rule on SpaceX's injunction motion before effecting any transfer. *See supra* pp. 4-6.

The merits panel seized on SpaceX's decision to notice its appeal on April 30, not May 2. Panel Op. 7-8. But this reasoning further conflicts with Fifth Circuit precedent, which recognizes that a notice of appeal is not invalid just because it builds in a day or two for this Court to decide an emergency motion. *See NAACP v. Tindell*, 95 F.4th 212, 215 (5th Cir. 2024). In *Tindell*, the appellants had sought injunctive relief by January 1, when a challenged law was to take effect, and having received no ruling by December 30, noticed their appeal on December 31. *Id.* Unlike the court below, the *Tindell* district court ultimately ruled on the injunction after the notice of appeal but before the requested deadline. *Id.* Yet even so, the Court never suggested that the appeal was too early. *Id.*

Here, the district court gave no indication of when it would rule on the injunction motion, and ultimately did not rule on the reconsideration

motion until May 17, weeks after the requested deadline. D. Ct. Dkt. 123. Waiting longer to appeal would have only increased the burdens on this Court and jeopardized SpaceX's ability to obtain timely relief.[4] Even so, the panel decision henceforth obligates appellants to budget appellate-emergency lag time when advising a district court of the date by which they need relief. Yet the decision does not explain how this new requirement is supposed to work.

The merits panel portrays SpaceX as somehow to blame for not getting relief from the district court before the May 2 ALJ hearing. But SpaceX did its best to react to a deadline that the NLRB dictated on short notice. And SpaceX diligently requested prompt relief, at the outset and many times thereafter, and prepared numerous filings as quickly as humanly possible. There was nothing artificial about SpaceX's need for injunctive relief before 2 p.m. on May 2. The only way one could conclude otherwise is to dismiss out of hand the harm SpaceX would have suffered

---

[4] Given this Court's 2 p.m. filing deadline for emergency motions, SpaceX did not believe it could wait until the morning of May 1 to file its notice of appeal. Doing so would have risked a delay in opening a docket past the Court's 2 p.m. deadline. ROA.1196 n.1. Waiting until April 30 already made extraordinary demands of the motions panel. It resolved SpaceX's motion within a day, approximately 15 minutes before the start of the ALJ hearing.

by appearing at that unconstitutionally structured hearing, as the merits panel did.

Given the 3-to-3 divide among Judges of this Court and the confusion the published opinion creates, en banc review is warranted.

## CONCLUSION

The petition should be granted.

Dated: April 14, 2025                    Respectfully submitted,

                                          s/ Michael E. Kenneally

HARRY I. JOHNSON, III                     MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP               MORGAN, LEWIS & BOCKIUS LLP
2049 Century Park East, Suite 700         1111 Pennsylvania Avenue, N.W.
Los Angeles, CA  90067                    Washington, DC  20004
(310) 255-9005                            (202) 739-3000

                                          *Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF SERVICE

I certify that on this day, April 14, 2025, I served a true and correct copy of the foregoing Appellant's Petition for Rehearing En Banc on counsel for all parties through this Court's CM/ECF system.

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Space Exploration Technologies Corp.*

# CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 40(d)(3)(A) and 5th Cir. Rule 40.2.5 because, excluding the items exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,825 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and 5th Cir. Rule 32.1, and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document was prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated: April 14, 2025                    s/ Michael E. Kenneally
                                         MICHAEL E. KENNEALLY

                                         *Counsel for Space Exploration
                                         Technologies Corp.*

# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-40315

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2025

Lyle W. Cayce
Clerk

SPACE EXPLORATION TECHNOLOGIES, CORPORATION,

*Plaintiff—Appellant,*

*versus*

NATIONAL LABOR RELATIONS BOARD, A FEDERAL ADMINISTRATIVE AGENCY; JENNIFER ABRUZZO, *in her official capacity as the General Counsel of the National Labor Relations Board*; LAUREN M. MCFERRAN, *in her official capacity as the Chairman of the National Labor Relations Board*; MARVIN E. KAPLAN, *in his official capacity as a Board Member of the National Labor Relations Board*; GWYNNE A. WILCOX, *in her official capacity as a Board Member of the National Labor Relations Board*; DAVID M. PROUTY, *in his official capacity as a Board Member of the National Labor Relations Board*; JOHN DOE, *in his official capacity as an Administrative Law Judge of the National Labor Relations Board*,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-1

_____

Before RICHMAN, GRAVES, and RAMIREZ, *Circuit Judges.*

IRMA CARRILLO RAMIREZ, *Circuit Judge*:

No. 24-40315

Space Exploration Technologies Corp. ("SpaceX") appeals the "effective denial" of its motion for injunctive relief challenging the allegedly unconstitutional administrative proceeding before the National Labor Relations Board ("NLRB").[1] We DISMISS this appeal for lack of subject-matter jurisdiction.

I

SpaceX operates a space launch business and Starlink, a global satellite-based internet service. In June 2022, a group of SpaceX employees sent an open letter demanding that SpaceX take certain actions and soliciting employees across all facilities to complete a hyperlinked survey to express support for their demands. Because this violated company policies, SpaceX discharged four employees involved with the mass distribution of the letter. SpaceX later discharged several employees for lying during a subsequent leak investigation and another employee for unrelated performance issues. These employees reported to—or were supervised by—managers in California.

In November 2022, the discharged employees filed charges against SpaceX with the NLRB, alleging that it had violated the National Labor Relations Act when it terminated their employment. On January 3, 2024, the NLRB Regional Director found merit to the claims and issued an order consolidating the employees' administrative cases with a consolidated administrative complaint. The consolidated complaint included a notice setting a hearing for March 5, 2024.

On January 4, SpaceX sued the NLRB in the Southern District of Texas ("SDTX"), alleging that the NLRB's structure is unconstitutional

---

[1] To avoid confusion, the caption on this opinion still reflects the defendants sued in their official capacity from the previous administration. *But see* Fed. R. App. P. 43(c).

and requesting declaratory and injunctive relief. SpaceX asked the NLRB to stay the underlying administrative proceedings; it refused.

On January 11, the NLRB moved to transfer the case to the Central District of California ("CDCA"), arguing that venue in the SDTX was improper because no parties resided in the district and there was no substantial connection between the conduct in the complaint and the venue. The next day, on January 12, 2024, SpaceX moved for a preliminary injunction in the SDTX, requesting that the district court halt the NLRB proceedings "unless and until the constitutional defects are remedied."

On February 15, the district court granted the NLRB's motion to transfer and initiated the electronic transfer of this case to the CDCA. The next day, SpaceX petitioned for an emergency writ of mandamus from this court, requesting we direct the district court to vacate it transfer order. We stayed the transfer on February 19, but the case was subsequently docketed in the CDCA. *See In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. 28-1 (5th Cir. Feb. 19, 2024). We then directed the SDTX to request return of the case from the CDCA. Unpublished Order, *In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. 46 (5th Cir. Feb. 26, 2024).

Because of a hold on issuance of the mandate, the administrative stay of the transfer to the CDCA remained in effect. *See In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. 66 (5th Cir. Mar. 5, 2024). On March 7, SpaceX filed an expedited petition for en banc rehearing, which we denied on April 17. We also dissolved the administrative stay that day.

After the CDCA returned the case to the SDTX, but before the transfer order was effectuated, SpaceX asked the SDTX to reconsider its transfer order or resolve the preliminary injunction before transfer. SpaceX did not request expedited briefing.

No. 24-40315

The administrative proceeding in the underlying case began on March 5, but it was immediately continued to mid-May and then postponed indefinitely pending the resolution of certain subpoena disputes. On April 24, SpaceX learned that an NLRB administrative law judge had scheduled a teleconference on May 2 to address those discovery issues but that "SpaceX was not expected to produce any evidence before or during that call."

On April 26, SpaceX filed a reply brief in support of reconsideration and requested a ruling from the SDTX "no later than May 2, 2024." On April 30, SpaceX noticed this appeal, and it moved for an injunction pending appeal the next day. The NLRB moved to dismiss the appeal, asserting there was no effective denial of SpaceX's preliminary-injunction motion and therefore no jurisdiction. On May 2, we granted SpaceX's request for injunction pending appeal and denied the NLRB's motion to dismiss the appeal the next day.

II

At issue is whether the district court effectively denied SpaceX's motion for a preliminary injunction.

Under § 1292(a)(1), this court has jurisdiction to review interlocutory orders, including interlocutory orders that refuse or dissolve injunctions. 28 U.S.C. § 1292(a)(1). This also includes orders that do not expressly refuse an injunction but have the "practical effect of doing so." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) (citing *Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433 (1932)).

III

SpaceX argues that the district court effectively denied its motion for a preliminary injunction because it failed to rule on the motion on or before May 2. We disagree.

A

When a litigant appeals from the effective denial of an injunction, he "must show more than that the order [or the district court's inaction] has the practical effect of refusing an injunction." *Carson,* 450 U.S. at 84. "Unless a litigant can show that [the order or inaction] might have a serious, perhaps irreparable, consequence . . . the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.* (internal quotation marks omitted). To be sufficiently serious, the consequences must be "greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings] before challenging interlocutory orders it considers erroneous." *Sherri A.D. v. Kirby*, 975 F.2d 193, 204 n.15 (5th Cir. 1992) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378–79 n.13 (1981)). "Neither delay nor increased cost of litigation alone will suffice." *Id.*

Here, SpaceX has not shown the "serious, perhaps irreparable, consequence" required for an immediate appeal. *Carson*, 450 U.S. at 84–85. SpaceX argues that it needed a ruling on its motion by May 2 to avoid a teleconference on discovery issues in the underlying administrative proceeding. But it had previously participated in two similar teleconferences with another administrative law judge; it points to no consequences resulting from its participation in those prior teleconferences. The administrative law judge also set the May 2 teleconference to address several subpoena issues that had halted the administrative proceeding. SpaceX was not expected to produce evidence before or during the teleconference. Nothing indicates that SpaceX would suffer any consequences from participating in the teleconference, let alone consequences "greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings]." *Sherri A.D.*, 975 F.2d at 204 n.15.

No. 24-40315

SpaceX does not address *Carson* directly, but it claims that participating in an unconstitutional proceeding is irreparable harm. We have clarified, however, that defending charges brought by an agency does not constitute a "serious, perhaps irreparable, consequence." *E.E.O.C. v. Kerrville Bus Co.*, 925 F.2d 129, 133 (5th Cir. 1991). In *Kerrville Bus Co.*, the Kerrville Bus Company moved to enjoin an EEOC proceeding, alleging that improprieties in the investigation violated the Fifth Amendment. 925 F.2d at 131. Its alleged injuries stemmed only "from having to defend the charges that resulted from the EEOC's allegedly flawed investigation." *Id.* at 133. We concluded that these injuries were "not sufficiently serious to warrant interlocutory appeal." *Id.* "[I]f the burdens and potential expense of litigation were the sort of serious, perhaps irreparable injury adverted to by *Carson*, then every denial of summary judgment would result in an injury justifying interlocutory review." *Id.*

Here, SpaceX's sole conceivable injuries stem from participating in a teleconference in an unconstitutional administrative proceeding. These are likewise "not sufficiently serious to warrant interlocutory appeal." *Id.*

B

SpaceX argues that the district court's failure to rule on its motion—taken together with its alleged diligence in the months preceding this appeal—constitutes an effective denial. SpaceX claims that because its "motion had been pending in the district court since January 12 and fully briefed since February 12—there can be no question that the district court had time to act."

"[W]hat counts as an effective denial is contextual—different cases require rulings on different timetables." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 535 (5th Cir. 2024). "District courts have wide

discretion in managing their docket, and they do not necessarily deny a motion by failing to rule on a parties' requested timeline." *Id.*

SpaceX's claim that the district court effectively denied the motion because it had been fully briefed since February 12 ignores SpaceX's repeated attempts to challenge the transfer decision—first, by filing a mandamus petition in this court on February 16, and then by seeking en banc review of the denial of that petition on March 7.[2] After two unsuccessful challenges to the decision, SpaceX could have pursued its motion in the CDCA. Instead, it sought reconsideration of its transfer order despite presenting no new facts or legal changes. The district court did not act unreasonably by waiting for the resolution of these numerous procedural challenges.

SpaceX also suggests that the district should have resolved the preliminary injunction issue before transferring the case to the CDCA. District courts, however, are permitted to resolve forum issues without first resolving "any other threshold objection," including personal or subject matter jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Indeed, the "disposition of [a transfer motion] should [take] a top priority" in the handling of a case. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003).

Moreover, SpaceX has demonstrated no "diligence in seeking to expedite briefing and consideration." *Fort Worth Chamber of Commerce*, 100 F.4th at 534. It requested a ruling "no later than May 2, 2024" for the first time on April 26. There were no prior attempts to expedite briefing or consideration. SpaceX then noticed this appeal two days before the deadline

---

[2] SpaceX does not appear to take into consideration the time that elapsed while the case was pending in this court. *See Fort Worth Chamber of Commerce*, 100 F.4th at 533 ("A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.").

No. 24-40315

it gave to the district court, on April 30. SpaceX alleges it "did not believe it could wait any longer before seeking relief from the Fifth Circuit" and feared that filing any later would prevent it from filing a motion for emergency relief before the May 2 hearing. This justification does not explain or excuse SpaceX's failure to inform the district court that its May 2 deadline was in fact an April 30 deadline. "Appeal cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction." *Fort Worth Chamber of Commerce*, 100 F.4th at 535.

The district court did not effectively deny the motion for injunctive relief in failing to rule during months of procedural challenges—and within a week of SpaceX's first request for expedited consideration. Accordingly, there is no interlocutory decision under 28 U.S.C. § 1291(a)(1) before us.

IV

SpaceX's appeal is DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1291(a)(1).