UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP., <br><br> Plaintiff, <br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, *et al.*, <br><br> Defendants. | Case No. 24-40315 |

**JOINT MOTION TO MODIFY OR CLARIFY INJUNCTION PENDING APPEAL AND TO HOLD CASE IN ABEYANCE**

The parties to this appeal jointly move this Court to modify or clarify its injunction pending appeal to permit referral of the underlying unfair-labor-practice case to the National Mediation Board, and to hold this case in abeyance pending resolution of that referral and subsequent administrative developments.

This appeal was initiated on April 30, 2024, when plaintiff Space Exploration Technologies Corp. ("SpaceX") filed a notice of appeal from the United States District Court for the Southern District of Texas. [ECF 1.] On May 2, 2024, a motions panel issued an injunction pending appeal [ECF 40], granting a motion seeking to enjoin the NLRB from "proceeding further in administrative proceedings" against SpaceX [ECF 10]. On March 5, 2025, this Court issued a decision dismissing the instant appeal for want of appellate jurisdiction. [ECF 207.] On April 14, SpaceX petitioned this Court for rehearing *en banc* of the panel's decision. [ECF 214.] This Court directed the NLRB to respond to the petition by April 24, and withheld issuance of the mandate. [ECF 217, 218.]

During the pendency of the above-described proceedings, on March 6, 2025, SpaceX sent a letter to the NLRB's Acting General Counsel requesting that the agency reconsider the applicability of the National Labor Relations Act to SpaceX's operations. Section 2(2) of the NLRA, 29 U.S.C. § 152(2), excludes from the definition of "employer" under that Act "any person subject to the Railway Labor Act [45 U.S.C. § 151 et seq.]." SpaceX had previously argued, in a January 24, 2024, motion to dismiss the NLRB's administrative complaint, that SpaceX constitutes a "common carrier by air" under the Railway Labor Act. *See* 45 U.S.C. § 181. In its

letter to the Acting General Counsel, SpaceX reasserted its argument that it constitutes a common carrier by air subject to the Railway Labor Act instead of the NLRA.

From time to time, the NLRB has requested the opinion of the National Mediation Board ("NMB"), the agency principally charged with the adjudication of representational disputes under the Railway Labor Act, as to whether that Act's regulatory provisions cover the operations of companies against whom proceedings before the NLRB have been initiated. *See* NLRB Casehandling Manual Volume One, *Unfair Labor Practice Proceedings*, § 11711 (National Mediation Board Jurisdiction) (procedure for requesting NMB advisory opinion), available at https://www.nlrb.gov/sites/default/files/attachments/pages/node-174/ulp-manual-january-2025_1.pdf. In the interests of potentially settling the legal disputes currently pending between the NLRB and SpaceX on terms mutually agreeable to both parties, the Acting General Counsel desires to request the NMB's opinion regarding whether SpaceX is subject to the Railway Labor Act.

Because that request would require the NLRB to take action regarding the unfair-labor-practice case underlying the instant appeal, it is arguably barred by this Court's injunction pending appeal. The judgment entered by the merits panel does not specifically address the injunction and the mandate in this case has not yet issued, so that injunction remains in effect.

The parties mutually desire to ensure that the injunction does not bar referral of the underlying matter to the NMB. Accordingly, they jointly move this

Court to modify or clarify the injunction pending appeal, such that the NLRB is not enjoined from referring the question of Railway Labor Act jurisdiction to the NMB, nor from, upon issuance of the NMB's opinion, seeking agreement with SpaceX regarding appropriate action and, if agreement is reached, implementing such action in the underlying unfair-labor-practice case.

In the interests of judicial and party economy, the parties additionally request that this Court hold in abeyance any further proceedings on SpaceX's petition for rehearing. The parties suggest that this Court order as follows: this case shall be stayed until such time as the NMB has issued an advisory opinion on Railway Labor Act jurisdiction and the NLRB has acted thereon. Within 14 days of service to SpaceX of such NLRB action, the parties shall file motions addressing further proceedings in this Court.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

*Contempt, Compliance, and Special Litigation Branch*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*

PAUL A. THOMAS
*Supervisory Attorney*

/s/ David P. Boehm
DAVID P. BOEHM
*Senior Trial Attorney*

MORGAN, LEWIS & BOCKIUS LLP

/s/ Michael E. Kenneally
MICHAEL E. KENNEALLY
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-3000

HARRY I. JOHNSON, III
2049 Century Park East, Suite 700
Los Angeles, CA 90067
(310) 907-1000

*Counsel for Space Exploration Technologies Corp.*

## CERTIFICATE OF COMPLIANCE

The National Labor Relations Board certifies that this document complies with the typeface, type-style, and length requirements in Federal Rule of Appellate Procedure 27(d), because it contains 819 words, which are proportionally-spaced, 14-point Century font, and the word-processing software used was Microsoft Word for Office 365.

/s/ David P. Boehm
DAVID P. BOEHM