No. 24-40315

# United States Court of Appeals
## for the Fifth Circuit

SPACE EXPLORATION TECHNOLOGIES CORP.,

*Plaintiff-Appellant,*

v.

NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. MCFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,

*Defendants-Appellees.*

---

**On Appeal from the United States District Court
for the Southern District of Texas**

---

### RESPONSE TO PETITION FOR REHEARING EN BANC

---

WILLIAM B. COWEN
*Acting General Counsel*
STEPHANIE CAHN
*Acting Deputy General Counsel*
NANCY E. KESSLER PLATT
*Associate General Counsel*
*Division of Legal Counsel*
DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*
PAUL A. THOMAS
*Supervisory Attorney*
DAVID P. BOEHM
*Senior Attorney*
GRACE L. PEZZELLA
*Trial Attorney*

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570
(202) 273-4202

# TABLE OF CONTENTS

INTRODUCTION.................................................................................1

COUNTERSTATMENT OF THE ISSUES..............................................1

COUNTERSTATEMENT OF THE CASE...............................................2

   I.  Administrative Proceedings..............................................2

   II. District Court and Mandamus Proceedings.....................2

   III.The Instant Appeal .......................................................5

ARGUMENT .....................................................................................7

The merits panel's correct dismissal of SpaceX's appeal for lack of subject-matter jurisdiction does not warrant en banc review..............7

   A.  SpaceX misconstrues the facts and caselaw on effective denial of injunctive relief. ......................................................7

   B.  SpaceX has not satisfied the requisite showing of harm, and the panel's decision is in harmony with Fifth Circuit and Supreme Court precedent. ......................................................13

CONCLUSION ................................................................................21

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*,
  121 F.4th 1314 (D.C. Cir. 2024) .......................................................23

*Axon Enterprise, Inc. v. FTC*,
  598 U.S. 175 (2023) ...............................................................21, 22

*Baltimore Contractors v. Bodinger*,
  348 U.S. 176 (1955) ...................................................................14

*Career Colleges & Schools of Texas v. United States Department of Education*,
  98 F.4th 220 (2024) ..............................................................24, 25

*Carson v. Am. Brands, Inc.*,
  450 U.S. 79 (1981) .......................................................................6

*Clarke v. CFTC*,
  74 F.4th 627 (5th Cir. 2023) .......................................................16

*Cochran v. SEC*,
  20 F.4th 194 (5th Cir. 2021) ..................................................21, 24

*EEOC v. Kerrville Bus Co.*,
  925 F.2d 129 (5th Cir. 1991).......................................................21

*In re Deepwater Horizon*,
  988 F.3d 192 (5th Cir. 2021).......................................................15

*In re Fort Worth Chamber of Com.*,
  100 F.4th 528 (5th Cir. 2024) ............................................8, 9, 10, 18

*Leachco, Inc. v. CPSC*,
  103 F.4th 748 (10th Cir. 2024) ...................................................23

*Myers v. Bethlehem Shipbuilding Corp.*,
  303 U.S. (1938) .........................................................................25

*NAACP v. Tindell*,
  90 F.4th 419 (5th Cir. 2024) .......................................................13

*Shanks v. City of Dallas*,
  752 F.2d 1092 (5th Cir. 1985).................................................10, 20

*Sherri A.D. v. Kirby*,
  975 F.2d 193 (5th Cir. 1992)................................................17, 18, 19

*Stringer v. Town of Jonesboro*,
  986 F.3d 502 (5th Cir. 2021).......................................................15

*United States v. Nixon,*
    827 F.2d 1019 (5th Cir. 1987)..............................................................7
*United States v. Texas,*
    144 S. Ct. 797 (2024) ............................................................... 13, 14
*YAPP USA Automotive Systems, Inc.* v. *NLRB,*
    No. 24-1754, 2024 WL 4489598 (6th Cir. Oct. 13, 2024) .....................23

Statutes

28 U.S.C. § 1406(a) .................................................................................3
29 U.S.C. § 160 ....................................................................................25

## INTRODUCTION

A petition for rehearing en banc, "the most abused prerogative of appellate advocates" in this Court, is reserved for precedential errors of "exceptional public importance" or a panel opinion that "directly conflicts with prior Supreme Court, Fifth Circuit or state law precedent." 5th Cir. R. 41.2, I.O.P. Because nothing in the panel decision is erroneous or conflicts—directly or indirectly—with controlling precedent, the petition must be denied.

## COUNTERSTATMENT OF THE ISSUES

1.     Did the panel's fact-bound determination that the district court did not effectively refuse an injunction rest on a precedent-setting error of exceptional public importance or directly conflict with prior Supreme Court or Fifth Circuit precedent?

2.     Was the panel's conclusion that SpaceX risked no serious, perhaps irreparable harm in this case consistent with Supreme Court and Fifth Circuit precedent?

# COUNTERSTATEMENT OF THE CASE

## I.    Administrative Proceedings

This case stems from eight unfair labor practice ("ULP") charges filed by or on behalf of employees who were affiliated with the Hawthorne, California facility operated by SpaceX. ROA.262 at n.16. The ULP charges allege, among other things, that SpaceX fired the employees in response to conduct protected by the National Labor Relations Act ("NLRA"). ROA.263 at n.23. Following an investigation, a Regional Director of the National Labor Relations Board ("NLRB") based in California found merit to the ULP charges and issued an administrative complaint on behalf of the NLRB General Counsel on January 3, 2024. ROA.263, 263 n.21.

## II.    District Court and Mandamus Proceedings

On January 4, 2024, SpaceX filed a Complaint in the United States District Court for the Southern District of Texas, pressing four counts: the NLRB's ALJs and Board members are unconstitutionally insulated from removal; certain remedies awardable in the NLRB's adjudicative process violate the Seventh Amendment; and the NLRA's authorization of proceedings for temporary injunctive relief under Section 10(j), and the potential that the Board could authorize seeking

such relief in this case, violates the separation of powers and due process. ROA.19-45.

On January 11, Defendants-Appellees[1] moved to transfer venue to a California district court pursuant to 28 U.S.C. § 1406(a) or, in the alternative, § 1404(a), because the Southern District of Texas was an improper and inconvenient venue. ROA.255-283. The next day, SpaceX moved for a preliminary injunction. ROA.299-421. Defendants asked that transfer briefing be expedited, which SpaceX opposed and the district court denied. ROA.434-441, 463-479, 486-492, 496-501, 902-03.

On February 15, the district court granted transfer for lack of venue under 28 U.S.C. § 1406(a) because no substantial part of the events giving rise to the action occurred in the Southern District of Texas. The district court did not address SpaceX's later-filed preliminary injunction motion. ROA.1025-29.

On February 16, SpaceX petitioned this Court to reverse that transfer via an extraordinary writ of mandamus. *In re SpaceX*, No. 24-40103, Dkt. 2-2 (5th Cir. Feb. 16, 2024). A panel denied SpaceX's petition on March 5, and this Court declined to rehear the case en banc

---

[1] References to "Defendants" encompass all Defendants-Appellees.

on April 17. ROA.1136-57. During that proceeding, the case was re-transferred from Central District of California to the district court at this Court's request. No. 24-40103 Dkt. 46-1.

Immediately after this Court denied rehearing on SpaceX's mandamus petition, SpaceX moved the district court to reconsider the transfer order, or alternatively, rule on its pending motion for preliminary injunction before transfer. ROA.1130-1134. SpaceX did not request expedited briefing. *Id.*

On April 24, SpaceX learned that on May 2, an ALJ would be holding a teleconference in the ULP case. ECF 10-1 at 2. That underlying administrative proceeding had opened on March 5 for attorneys to enter appearances, but was immediately continued to mid-May[2] and then postponed indefinitely pending resolution of subpoena disputes. *Id.* The May 2 teleconference was aimed at resolving those disputes. *Id.* SpaceX was not expected to produce any evidence before or during that call.

---

[2] Administrative Law Judge's Order ("Order Postponing Hearing Dates"), Apr. 16, 2024, https://www.nlrb.gov/case/31-CA-307446.

SpaceX waited two days after learning of the May 2
teleconference, until after the close of business on Friday, April 26, to
inform the district court of this fact. In its reply in support of
reconsideration, SpaceX added a new demand, asking the district court
to rule on its request for preliminary relief "no later than **May 2, 2024**"
(emphasis SpaceX's). SpaceX presented no evidence that any action
would be required at this teleconference, nor did it present evidence
that such participation would be impossible or ruinous. ROA.1172-84.
Defendants filed a surreply on Monday, April 29, that also addressed
SpaceX's demand for a ruling by May 2. ROA.1185-1192.

## III. The Instant Appeal

On April 30, 2024, two days *before* its own declared deadline for
injunctive relief, SpaceX filed this interlocutory appeal alleging that the
district court's failure to rule on SpaceX's motion for reconsideration
constituted an "effective denial" of that motion, even though the
deadline SpaceX set for the district court' response had yet to pass.
ROA.1193. A motions panel of this Court granted SpaceX's motion for
an injunction pending appeal on May 2, without explanation. ECF 40.

And on May 3, the motions panel denied the NLRB's motion to dismiss the appeal for lack of jurisdiction. ECF 47.

On March 5, 2025, after full briefing and oral argument, a merits panel of this Court issued a decision dismissing the appeal for want of appellate jurisdiction. ECF 207 ("Panel Op."). The Court found that the district court did not effectively deny SpaceX's motion and that SpaceX had not shown the "serious, perhaps irreparable consequence" required for an immediate appeal. Panel Op. 4-5 (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981). On April 14, SpaceX petitioned this Court for rehearing en banc of the panel's decision. ECF 214. This Court directed the NLRB to respond to the petition by April 24, and withheld issuance of the mandate. ECF 217, 218.[3]

---

[3] After the instant rehearing petition was filed, the parties jointly moved this court to modify the injunction pending appeal to permit the NLRB to refer the ULP matter to the National Mediation Board ("NMB") for an advisory opinion to determine if SpaceX is properly under the jurisdiction of the Railway Labor Act instead of the NLRA. ECF 223. The motion also asked the Court to hold proceedings in this appeal in abeyance pending the NMB opinion. *Id.* That motion remains pending before the Court.

# ARGUMENT

Rehearing en banc is reserved for "a precedent-setting error of exceptional public importance or an opinion which directly conflicts with prior Supreme Court or Fifth Circuit precedent." *United States v. Nixon*, 827 F.2d 1019, 1023 (5th Cir. 1987). Because the decision of the panel was correct and accorded with Fifth Circuit and Supreme Court precedent, the further "extraordinary"—and disfavored—step of en banc review is unwarranted. 5th Cir. R. 40.2.1. And even if a majority of active judges disagree, the parties' joint request to stay further proceedings makes this case an especially poor vehicle for resource-intensive review by the full Court. *See* above note 3.

## The merits panel's correct dismissal of SpaceX's appeal for lack of subject-matter jurisdiction does not warrant en banc review.

### A. SpaceX misconstrues precedent on effective denial of injunctive relief.

SpaceX's artful efforts to avoid a non-appealable transfer decision and assign initial resolution of its preliminary injunction request to the seventeen active members of this Court should be rejected. As the panel recognized, "[d]istrict courts have wide discretion in managing their docket, and they do not necessarily deny a motion by failing to rule on a

parties' requested timeline." Panel Op. 6-7 (quoting *In re Fort Worth Chamber of Com.*, 100 F.4th 528, 535 (5th Cir. 2024)).

Here, the panel decision correctly applied the Supreme Court's and this Court's precedent in concluding that SpaceX failed to satisfy the rigorous requirements for establishing appellate jurisdiction over a so-called effective denial. "[A]ppeal cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction." *Fort Worth*, 100 F.4th at 535 (citation omitted). As the Supreme Court held in *Carson*, a case involving a district court's effective refusal to enter a consent decree, appeals challenging the "practical effect of refusing an injunction" lie only where a litigant can show "serious, perhaps irreparable, consequence," and that judicial inaction can only be "effectually challenged" by immediate appeal. *Id.* at 84. This strict standard is limited to truly exigent circumstances and reflects Congress's judgment that such appeals are a "limited exception to the final judgment rule." *Id.* A district court's failure to act must have a "direct impact on the merits of the controversy." *Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir.

1985). In other words, "[t]here must be a legitimate basis for the urgency." *Fort Worth,* 100 F.4th at 535.

This Court has stressed that "what counts as an effective denial [of injunctive relief] is contextual[.]" Panel Op. 6 (quoting *Fort Worth*, 100 F.4th at 535). Here, the context does not support SpaceX's claims of urgency. A teleconference before an ALJ addressing pre-hearing administrative subpoena issues, of the same character as prior ones that had already occurred, is not the magnitude of event that compels immediate action.[4] The teleconference would not have divested the district court of jurisdiction to grant SpaceX effective relief, or otherwise been impractical or ruinous for SpaceX. When considering this discretionary question against the standards for en banc rehearing, the fact-bound nature of the analysis weighs sharply against reconsideration by the full Court. The issues presented in the petition (and the underlying litigation goals) are undoubtedly important to SpaceX, but have negligible importance beyond this case. Accordingly,

---

[4] SpaceX has shown no significance to the fact that the ALJ had ordered a court reporter (Pet. 8 n.1), unlike the prior ones. SpaceX cannot show that any resulting order by the ALJ could not have been remedied by a subsequent injunction.

they cannot justify the "serious call on limited judicial resources" a petition for rehearing en banc entails. 5th Cir. R. 40.2.1.

Moreover, what has happened—or, more precisely, what has not happened—is illuminating here. Nearly a year has been lost due to the time taken up by this appeal, which the merits panel determined it lacks jurisdiction to hear. During that time, SpaceX's claims have gotten no closer to resolution, while an injunction pending appeal has imposed real, palpable consequences for the NLRB and public interest it represents.

SpaceX's argument that it would suffer "serious, perhaps irreparable harm" is moreover seriously undercut by its own litigation conduct. As the panel noted, SpaceX did not seek expedited action on its injunction request in the district court while its mandamus petition seeking to undo the transfer order was pending before this Court. And after that request for an extraordinary writ was denied, its first request to the district court was to reconsider the venue decision based on the same rejected arguments. It then asked the district court to decide the injunction question prior to effecting a transfer, but only as a secondary request to its venue reconsideration request. This suggests no

emergency at all, but rather that SpaceX's primary goal was to avoid a venue determination.

SpaceX's reliance upon *NAACP v. Tindell*, 90 F.4th 419, 422 (5th Cir. 2024), *withdrawn and superseded*, 95 F.4th 212 (5th Cir. 2024), to argue that it could notice an appeal two days *prior* to its own belatedly imposed deadline, is unavailing. Unlike this case, the district court *had* issued a decision in *Tindell*, but this Court was not aware of that fact at the time it issued its own emergency relief directing the district court to issue an appealable order. *Id.*[5] While the published decision in *Tindell* recounts this procedural confusion and the actions of the motions panel, it contains no precedential holding that parties are permitted to notice an appeal claiming an effective denial of injunctive relief prior to the date by which they requested a ruling. Instead, its holding was limited to affirming the district court's refusal of an injunction because the plaintiffs lacked standing. *See id.* Accordingly, *Tindell* is not controlling authority that would support a rehearing petition.

---

[5] Emergency orders aimed at preserving appellate jurisdiction to consider relief, in any event, "do not typically reflect the court's consideration of the merits" of the application. *United States v. Texas*, 144 S. Ct. 797, 798 (2024).

The perverse incentives of countenancing a party setting its own deadline for relief and then appealing before then also cannot go unstated. This trenches on congressionally delineated jurisdictional assignments, which are not mere suggestions. All courts must prevent "unauthorized extension or reduction of jurisdiction, direct or indirect, [from] occur[ring] in the federal system." *Baltimore Contractors v. Bodinger*, 348 U.S. 176, 181 (1955), *overruled on other grounds by Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988).

If SpaceX's effective denial claim were accepted, the longstanding principle that this is a "court of review, not first view" would be rendered meaningless. *Stringer v. Town of Jonesboro,* 986 F.3d 502, 509 (5th Cir. 2021). Litigants would be encouraged to set artificial, impossible-to-satisfy deadlines in the hopes of bypassing the district court whenever they suspect that they may receive an unfavorable ruling, regardless of any actual harm. This would waste the district court's time, threaten to undermine public confidence in the judicial system, and strip away each district court's "broad discretion and inherent authority to manage its docket." *In re Deepwater Horizon,* 988

12

F.3d 192, 197 (5th Cir. 2021).[6] It would also burden this Court with emergency requests without the benefits of a lower court ruling. Further, where injunctions are effectively denied, the remedy is to remand the case to the district court for a ruling. *See, e.g., Clarke v. CFTC*, 74 F.4th 627, 633 (5th Cir. 2023). An injunction ruling would almost certainly have occurred nearly a year ago had this appeal never been taken.

### B. SpaceX has not satisfied the requisite showing of harm, and the panel's decision is in harmony with Fifth Circuit and Supreme Court precedent.

As discussed above, and as the panel recognized, SpaceX faced no risk of "serious, perhaps irreparable, consequence" had the district court failed to rule on SpaceX's motion for reconsideration by SpaceX's self-selected deadline. Panel Op. p. 5-6. To warrant this Court's review of an

---

[6] This problem is exemplified by SpaceX's claim that its premature appeal was justified because, by the evening of April 30, "the district court had given no indication of when it would rule" on SpaceX's motion. Pet. 6. Setting aside the fact that the district court very well could have ruled the following day or the morning of May 2, this claim implies that litigants are entitled to play-by-play updates on courts' case-processing timelines. Accepting SpaceX's argument would turn normal procedure on its head; henceforth, district courts would need to provide periodic status reports to the parties or risk having the rug pulled out from underneath them by hasty effective-denial appeals.

effective denial, SpaceX would have to demonstrate that the consequences of not hearing appeal immediately would be "greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings] before challenging interlocutory orders it considers erroneous." *Sherri A.D. v. Kirby*, 975 F.2d 193, 204 n.15 (5th Cir. 1992) (citation omitted). It cannot.

SpaceX's purported harm from attending a teleconference pales in comparison to the type of exigent circumstance typically required to circumvent the final judgment rule. For example, in *Fort Worth*, plaintiffs appealed the district court's effective denial of their preliminary injunction motion challenging a new Final Rule issued by the Consumer Financial Protection Bureau regarding credit card late fees. 100 F.4th at 531. The Fifth Circuit determined that the Final Rule required credit card issuers to print and distribute disclosure materials to consumers and replace outdated printed materials on a "short runway," which presented a "legitimate basis for the urgency" of the appeal. *Id.* at 534-35. And in *Sherri A.D.*, the Fifth Circuit reviewed an order requiring petitioner's transfer from an institution for the visually impaired to a community residence. 975 F.2d at 200. The Court

determined it had appellate jurisdiction because the order, which had the practical effect of denying an injunction, carried the serious risk that the petitioner would be irreparably harmed by losing access to services, the ability to develop cognitive and social skills, and the benefit of public education, and because the move would entail "emotional upheaval." *Id.* at 203-04.

SpaceX has failed to demonstrate that the district court's purported failure to act had a "direct impact on the merits of the controversy." *Shanks*, 752 F.2d at 1095. Unlike in *Fort Worth* and *Sherri A.D.,* SpaceX cannot demonstrate that, absent the district court ruling on its motion by—in fact, two days before—SpaceX's self-selected deadline, it would suffer any serious consequence from attending a teleconference. Considering only the harm attributable to the delay in reviewing the district court's purported denial, *see Shanks*, 752 F.2d at 1096, there is no basis for concluding that SpaceX faced "serious consequences" absent immediate review. *Id.*

Perhaps suspecting that its purported injury will not pass muster, SpaceX insists that the merits panel's decision conflicts with the Supreme Court's decision in *Axon Enterprise, Inc. v. FTC*, 598 U.S. 175

(2023), and this Court's en banc decision in *Cochran v. SEC*, 20 F.4th 194 (5th Cir. 2021), which was a companion case to *Axon* on certiorari. Pet. 7-9.[7] As an initial matter, neither case involves an effective denial, nor weighs in on the harm required to obtain review outside the strictures of the final judgment rule.[8] More importantly, neither case supports SpaceX's argument, Pet. 7-9, that the alleged harm from "having to appear in proceedings before an unconstitutionally insulated ALJ" automatically entitles SpaceX to the relief it seeks here. *Axon*, 598 U.S. at 191 (cleaned up).

---

[7] SpaceX quibbles over the panel's reliance on *EEOC v. Kerrville Bus Co.*, 925 F.2d 129, 133 (5th Cir. 1991). Pet. 11. But the proposition *Kerrville* was cited for relates to whether burdens (financial or otherwise) occasioned by litigation were the type of harms that are sufficiently serious to justify immediate court action. Panel Op. 6. There is no indication that the litigation forum was determinative to this analysis. The panel reasonably concluded the burden of "participating in a teleconference in an unconstitutional administrative proceeding" was no more serious than the federal court litigation involved in *Kerrville*. Panel Op. 6.

[8] SpaceX's complaint [Pet. 9, citing SpaceX Br. 45-46; SpaceX Reply 21-23, 31] that the merits panel failed to address certain cases cited by SpaceX is similarly unavailing. Those cases are not effective-denial precedent and were largely irrelevant to the question before the panel, namely, whether the district court effectively denied SpaceX's motion for preliminary injunction by failing to rule on a motion for reconsideration two days before the deadline SpaceX selected for such a ruling.

As every circuit court to have reviewed the question has determined, *Axon* addressed only the "narrow issue" of whether federal district courts have jurisdiction to hear collateral challenges to agency authority. It did not broadly hold that "every agency proceeding already underway must immediately be halted because of an asserted constitutional flaw." *Alpine Sec. Corp. v. Fin. Indus. Regul. Auth.*, 121 F.4th 1314, 1336 (D.C. Cir. 2024), *petition for cert. filed*, No. 24-904 (Feb. 20, 2025); *see also YAPP USA Automotive Systems, Inc.* v. *NLRB*, No. 24-1754, 2024 WL 4489598, at *3 (6th Cir. Oct. 13, 2024) (denying injunction pending appeal), *application for injunction pending appeal denied*, No. 24A348, 2024 WL 4508993, at *1 (U.S. Oct. 15, 2024) (Kavanaugh, J.); *Leachco, Inc.* v. *CPSC*, 103 F.4th 748, 758-759 (10th Cir. 2024), *cert. denied*, No. 24-156, 2025 WL 76435 (Jan. 13, 2025). SpaceX's insistence that *Axon* applies takes that case's discussion of injury out of context and transmutes it into a broad proposition for injunctive relief. Here, as in *Alpine*, there is "no barrier" to SpaceX litigating its constitutional claims directly in federal court—that is precisely what SpaceX has done. *Id.* at 1336. If an *Axon*-type injury is not sufficient, without more, for SpaceX to achieve injunctive relief,

then such an injury certainly cannot raise to the level of a "serious, perhaps irreparable" consequence warranting immediate interlocutory review.

SpaceX's reliance on *Cochran* fares no better. Pet. 7-8. *Cochran*, like *Axon*, was a case about jurisdiction, not entitlement to relief. This Circuit recognized as much in *Cochran* itself, stating that the "case presents only the issue of whether the Exchange Act divested district court jurisdiction over claims that SEC ALJs are unconstitutionally insulated from the President's removal power; *our holding extends no further*." 20 F.4th at 211 (emphasis added).

SpaceX points to footnote 16 of the en banc majority's opinion in *Cochran* as support for its position that undergoing allegedly unconstitutional agency proceedings is an injury "sufficiently serious to justify pre-enforcement review in federal court." *Cochran*, 20 F.4th at 210 n.16. Pet. 9. But that footnote simply rejects the dissenting opinion's argument that improper appointment of an ALJ creates a "more serious injury" than improper restrictions on the removal of an ALJ. *Id.* at 244 (dissenting opinion). It has nothing to say about the

circumstances under which a circuit court may exercise jurisdiction over an interlocutory appeal.

Despite SpaceX's claim [Pet. 12], there is also no conflict between the panel's decision and this Court's opinion in *Career Colleges & Schools of Texas v. United States Department of Education*, 98 F.4th 220 (2024). That case did not involve an effective denial and is thus silent on the degree of harm necessary to obtain the requested interlocutory review. Additionally, the Fifth Circuit's eventual finding of irreparable harm in that case rested on circumstances not present here. In *Career Colleges*, the plaintiffs moved to preliminarily enjoin a rule promulgated by the Department of Education (ED) that revamped regulatory provisions on certain student loan discharges and created a new adjudication process. *Id.* at 232. They argued the rule violated federal law, in part because Congress did not authorize ED to create the claims embedded in the rule nor to adjudicate such claims against colleges. *Id.* at 233. The district court denied the preliminary injunction, but the Fifth Circuit reversed, partially because the adjudications were "dubiously authorized" and would result in substantial compliance costs. *Id.* at 238. SpaceX wrongly compares [Pet. 12] the "dubiously

19

authorized" proceedings in *Career Colleges* to the NLRB's statutorily authorized adjudications, 29 U.S.C. § 160, which have been in existence for nearly 90 years. *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 52 (1938). Further, the risk of immediate and impending regulatory action resulting in real compliance costs is materially distinct from "SpaceX's sole conceivable injuries" stemming from attending a teleconference. Panel Op. 6.

In sum, the panel's view that SpaceX's purported injuries were "not sufficiently serious to warrant interlocutory appeal," Panel Ord. 6, is not in conflict with *Axon*, *Cochran*, or any other Circuit or Supreme Court precedent. To hold otherwise would authorize any challenger with an abstract claim about unconstitutionally structured agency proceedings to not only obtain injunctive relief, but also to perform an end-run around the final judgment rule if a district court did not grant injunctive relief on the challenger's timeline. En banc review is not merited.

## CONCLUSION

For the reasons discussed above, rehearing should be denied and mandate should issue forthwith.

Respectfully submitted,

WILLIAM B. COWEN
*Acting General Counsel*

STEPHANIE CAHN
*Acting Deputy General Counsel*

NANCY E. KESSLER PLATT
*Assoc. General Counsel*

DAWN L. GOLDSTEIN
*Deputy Assoc. General Counsel*


Dated: April 24, 2025 at
Washington, D.C.

KEVIN P. FLANAGAN
*Deputy Asst. General Counsel*

GRACE L. PEZZELLA
*Trial Attorney*

/s/ David P. Boehm
DAVID P. BOEHM
*Senior Attorney*
National Labor Relations Board
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, SE, 4th Floor
Washington, D.C. 20003
Tel: (202) 273-4202
Fax: (202) 273-4244
Email: david.boehm@nlrb.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Response was filed electronically with the Court's CM/ECF system on this date, which will send an electronic notice to all registered parties and counsel.

s/ David P. Boehm
David P. Boehm
*Senior Attorney*
National Labor Relations Board
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, SE, 4th Floor
Washington, D.C. 20003
Tel: (202) 273-4202
Fax: (202) 273-4244
david.boehm@nlrb.gov

Dated: April 24, 2024
Washington, D.C.

## CERTIFICATE OF COMPLIANCE

The National Labor Relations Board certifies that this document complies with the typeface, type-style, and length requirements in Fifth Circuit Rule 32.1 and Federal Rules of Appellate Procedure 32(a)(5)-(7), because it contains 3,892 words, excluding those exempted by Federal Rule of Appellate Procedure 32(f), which are proportionally-spaced, 14-point Century Schoolbook font, and the word-processing software used was Microsoft Word for Office 365.

<u>s/ David P. Boehm</u>
David P. Boehm
*Senior Attorney*
National Labor Relations Board
Contempt, Compliance, and Special
Litigation Branch
1015 Half Street, SE, 4th Floor
Washington, D.C. 20003
Tel: (202) 273-4202
Fax: (202) 273-4244
david.boehm@nlrb.gov

Dated: April 24, 2024
      Washington, D.C.