# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 5, 2025
Lyle W. Cayce
Clerk

No. 24-40315

_____

Space Exploration Technologies, Corporation,

                                                   *Plaintiff—Appellant*,

versus

National Labor Relations Board, a federal administrative agency; Jennifer Abruzzo, *in her official capacity as the General Counsel of the National Labor Relations Board*; Lauren M. McFerran, *in her official capacity as the Chairman of the National Labor Relations Board*; Marvin E. Kaplan, *in his official capacity as a Board Member of the National Labor Relations Board*; Gwynne A. Wilcox, *in her official capacity as a Board Member of the National Labor Relations Board*; David M. Prouty, *in his official capacity as a Board Member of the National Labor Relations Board*; John Doe, *in his official capacity as an Administrative Law Judge of the National Labor Relations Board*,

                                                   *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:24-CV-1

_____

Before Richman, Graves, and Ramirez, *Circuit Judges*.

Irma Carrillo Ramirez, *Circuit Judge*:

No. 24-40315

Space Exploration Technologies Corp. ("SpaceX") appeals the "effective denial" of its motion for injunctive relief challenging the allegedly unconstitutional administrative proceeding before the National Labor Relations Board ("NLRB").[1] We DISMISS this appeal for lack of subject-matter jurisdiction.

I

SpaceX operates a space launch business and Starlink, a global satellite-based internet service. In June 2022, a group of SpaceX employees sent an open letter demanding that SpaceX take certain actions and soliciting employees across all facilities to complete a hyperlinked survey to express support for their demands. Because this violated company policies, SpaceX discharged four employees involved with the mass distribution of the letter. SpaceX later discharged several employees for lying during a subsequent leak investigation and another employee for unrelated performance issues. These employees reported to—or were supervised by—managers in California.

In November 2022, the discharged employees filed charges against SpaceX with the NLRB, alleging that it had violated the National Labor Relations Act when it terminated their employment. On January 3, 2024, the NLRB Regional Director found merit to the claims and issued an order consolidating the employees' administrative cases with a consolidated administrative complaint. The consolidated complaint included a notice setting a hearing for March 5, 2024.

On January 4, SpaceX sued the NLRB in the Southern District of Texas ("SDTX"), alleging that the NLRB's structure is unconstitutional

---

[1] To avoid confusion, the caption on this opinion still reflects the defendants sued in their official capacity from the previous administration. *But see* Fed. R. App. P. 43(c).

and requesting declaratory and injunctive relief. SpaceX asked the NLRB to stay the underlying administrative proceedings; it refused.

On January 11, the NLRB moved to transfer the case to the Central District of California ("CDCA"), arguing that venue in the SDTX was improper because no parties resided in the district and there was no substantial connection between the conduct in the complaint and the venue. The next day, on January 12, 2024, SpaceX moved for a preliminary injunction in the SDTX, requesting that the district court halt the NLRB proceedings "unless and until the constitutional defects are remedied."

On February 15, the district court granted the NLRB's motion to transfer and initiated the electronic transfer of this case to the CDCA. The next day, SpaceX petitioned for an emergency writ of mandamus from this court, requesting we direct the district court to vacate it transfer order. We stayed the transfer on February 19, but the case was subsequently docketed in the CDCA. *See In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. 28-1 (5th Cir. Feb. 19, 2024). We then directed the SDTX to request return of the case from the CDCA. Unpublished Order, *In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. 46 (5th Cir. Feb. 26, 2024).

Because of a hold on issuance of the mandate, the administrative stay of the transfer to the CDCA remained in effect. *See In re Space Expl. Techs., Corp.*, No. 24-40103, Dkt. 66 (5th Cir. Mar. 5, 2024). On March 7, SpaceX filed an expedited petition for en banc rehearing, which we denied on April 17. We also dissolved the administrative stay that day.

After the CDCA returned the case to the SDTX, but before the transfer order was effectuated, SpaceX asked the SDTX to reconsider its transfer order or resolve the preliminary injunction before transfer. SpaceX did not request expedited briefing.

No. 24-40315

The administrative proceeding in the underlying case began on March 5, but it was immediately continued to mid-May and then postponed indefinitely pending the resolution of certain subpoena disputes. On April 24, SpaceX learned that an NLRB administrative law judge had scheduled a teleconference on May 2 to address those discovery issues but that "SpaceX was not expected to produce any evidence before or during that call."

On April 26, SpaceX filed a reply brief in support of reconsideration and requested a ruling from the SDTX "no later than May 2, 2024." On April 30, SpaceX noticed this appeal, and it moved for an injunction pending appeal the next day. The NLRB moved to dismiss the appeal, asserting there was no effective denial of SpaceX's preliminary-injunction motion and therefore no jurisdiction. On May 2, we granted SpaceX's request for injunction pending appeal and denied the NLRB's motion to dismiss the appeal the next day.

II

At issue is whether the district court effectively denied SpaceX's motion for a preliminary injunction.

Under § 1292(a)(1), this court has jurisdiction to review interlocutory orders, including interlocutory orders that refuse or dissolve injunctions. 28 U.S.C. § 1292(a)(1). This also includes orders that do not expressly refuse an injunction but have the "practical effect of doing so." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981) (citing *Gen. Elec. Co. v. Marvel Rare Metals Co.*, 287 U.S. 430, 433 (1932)).

III

SpaceX argues that the district court effectively denied its motion for a preliminary injunction because it failed to rule on the motion on or before May 2. We disagree.

No. 24-40315

A

When a litigant appeals from the effective denial of an injunction, he "must show more than that the order [or the district court's inaction] has the practical effect of refusing an injunction." *Carson,* 450 U.S. at 84. "Unless a litigant can show that [the order or inaction] might have a serious, perhaps irreparable, consequence . . . the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.* (internal quotation marks omitted). To be sufficiently serious, the consequences must be "greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings] before challenging interlocutory orders it considers erroneous." *Sherri A.D. v. Kirby*, 975 F.2d 193, 204 n.15 (5th Cir. 1992) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 378–79 n.13 (1981)). "Neither delay nor increased cost of litigation alone will suffice." *Id.*

Here, SpaceX has not shown the "serious, perhaps irreparable, consequence" required for an immediate appeal. *Carson*, 450 U.S. at 84–85. SpaceX argues that it needed a ruling on its motion by May 2 to avoid a teleconference on discovery issues in the underlying administrative proceeding. But it had previously participated in two similar teleconferences with another administrative law judge; it points to no consequences resulting from its participation in those prior teleconferences. The administrative law judge also set the May 2 teleconference to address several subpoena issues that had halted the administrative proceeding. SpaceX was not expected to produce evidence before or during the teleconference. Nothing indicates that SpaceX would suffer any consequences from participating in the teleconference, let alone consequences "greater than the harm suffered by any litigant forced to wait until the termination of the [proceedings]." *Sherri A.D.*, 975 F.2d at 204 n.15.

SpaceX does not address *Carson* directly, but it claims that participating in an unconstitutional proceeding is irreparable harm. We have clarified, however, that defending charges brought by an agency does not constitute a "serious, perhaps irreparable, consequence." *E.E.O.C. v. Kerrville Bus Co.*, 925 F.2d 129, 133 (5th Cir. 1991). In *Kerrville Bus Co.*, the Kerrville Bus Company moved to enjoin an EEOC proceeding, alleging that improprieties in the investigation violated the Fifth Amendment. 925 F.2d at 131. Its alleged injuries stemmed only "from having to defend the charges that resulted from the EEOC's allegedly flawed investigation." *Id.* at 133. We concluded that these injuries were "not sufficiently serious to warrant interlocutory appeal." *Id.* "[I]f the burdens and potential expense of litigation were the sort of serious, perhaps irreparable injury adverted to by *Carson*, then every denial of summary judgment would result in an injury justifying interlocutory review." *Id.*

Here, SpaceX's sole conceivable injuries stem from participating in a teleconference in an unconstitutional administrative proceeding. These are likewise "not sufficiently serious to warrant interlocutory appeal." *Id.*

B

SpaceX argues that the district court's failure to rule on its motion—taken together with its alleged diligence in the months preceding this appeal—constitutes an effective denial. SpaceX claims that because its "motion had been pending in the district court since January 12 and fully briefed since February 12—there can be no question that the district court had time to act."

"[W]hat counts as an effective denial is contextual—different cases require rulings on different timetables." *In re Fort Worth Chamber of Commerce*, 100 F.4th 528, 535 (5th Cir. 2024). "District courts have wide

6

No. 24-40315

discretion in managing their docket, and they do not necessarily deny a motion by failing to rule on a parties' requested timeline." *Id.*

SpaceX's claim that the district court effectively denied the motion because it had been fully briefed since February 12 ignores SpaceX's repeated attempts to challenge the transfer decision—first, by filing a mandamus petition in this court on February 16, and then by seeking en banc review of the denial of that petition on March 7.[2] After two unsuccessful challenges to the decision, SpaceX could have pursued its motion in the CDCA. Instead, it sought reconsideration of its transfer order despite presenting no new facts or legal changes. The district court did not act unreasonably by waiting for the resolution of these numerous procedural challenges.

SpaceX also suggests that the district should have resolved the preliminary injunction issue before transferring the case to the CDCA. District courts, however, are permitted to resolve forum issues without first resolving "any other threshold objection," including personal or subject matter jurisdiction. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007). Indeed, the "disposition of [a transfer motion] should [take] a top priority" in the handling of a case. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003).

Moreover, SpaceX has demonstrated no "diligence in seeking to expedite briefing and consideration." *Fort Worth Chamber of Commerce*, 100 F.4th at 534. It requested a ruling "no later than May 2, 2024" for the first time on April 26. There were no prior attempts to expedite briefing or consideration. SpaceX then noticed this appeal two days before the deadline

---

[2] SpaceX does not appear to take into consideration the time that elapsed while the case was pending in this court. *See Fort Worth Chamber of Commerce*, 100 F.4th at 533 ("A district court does not have the power to alter the status of the case as it rests before the Court of Appeals.").

it gave to the district court, on April 30. SpaceX alleges it "did not believe it could wait any longer before seeking relief from the Fifth Circuit" and feared that filing any later would prevent it from filing a motion for emergency relief before the May 2 hearing. This justification does not explain or excuse SpaceX's failure to inform the district court that its May 2 deadline was in fact an April 30 deadline. "Appeal cannot be achieved simply by asserting that the trial court has failed to act as promptly as wished by a party seeking an injunction." *Fort Worth Chamber of Commerce*, 100 F.4th at 535.

The district court did not effectively deny the motion for injunctive relief in failing to rule during months of procedural challenges—and within a week of SpaceX's first request for expedited consideration. Accordingly, there is no interlocutory decision under 28 U.S.C. § 1291(a)(1) before us.

IV

SpaceX's appeal is DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1291(a)(1).